## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **John McBrearty** | : | **No. 02-4553** |
| **Carl McBrearty and Nina McBrearty** | : | |
| | | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| | | |
| **Delaware County Sheriff's Department** | : | |
| **Norwood Borough Police Department** | : | |
| **Delaware County and Media Borough** | : | |

## <u>ORDER</u>

**AND NOW,** this               day of                    , 2002, upon consideration of

the Motion to Dismiss filed by the Defendants, Delaware County and Delaware County Sheriff's

Department and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion to

Dismiss filed by the Defendants, Delaware County and Delaware County Sheriff's Department, is

**GRANTED** and judgment is entered in favor of Defendants, Delaware County and Delaware

County Sheriff's Department, and against Plaintiffs, John McBrearty, Carl McBrearty and Nina

McBrearty, with prejudice or, in the alternative, it is hereby **ORDERED** and **DECREED** that the

Motion of Defendants, Delaware County and Delaware County Sheriff's Department, for More

Definite Statement is granted and the Plaintiffs, John McBrearty, Carl McBrearty and Nina

McBrearty, are ordered to file an Amended Complaint that conforms to the Federal Rules of Civil

Procedure within ten (10) days after notice of this Order.

BY THE COURT:

_____
                                    J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| John McBrearty | : | No. 02-4553 |
| Carl McBrearty and Nina McBrearty | : | |
| | | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | | |
| Delaware County Sheriff's Department | : | |
| Norwood Borough Police Department | : | |
| Delaware County and Media Borough | : | |

**MOTION OF DEFENDANTS, DELAWARE COUNTY**
**AND DELAWARE COUNTY SHERIFF'S DEPARTMENT**
**TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE**
**ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendants, Delaware County and Delaware County Sheriff's Department, by and through their counsel, Holsten & Associates, hereby moves this Honorable Court to enter an Order dismissing the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, hereby move this Honorable Court to enter an Order mandating that the Plaintiffs file an Amended Complaint pursuant to Rule 12(e) of the Rules of Civil Procedure and, in support thereof, avers as follows:

1. The Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, filed an action in this Court against Defendants, Delaware County and Delaware County Sheriff's Department, and co-Defendants, Norwood Borough Police Department and Media Borough.

2. The Plaintiffs' Complaint, it is believed, alleges harassment, due process violations, privacy violations, entrapment, secret proceedings without a court stenographer, Freedom of Speech violations, malicious prosecution, etc.

3. The Plaintiffs' Complaint fails to conform with the Federal Rules of Civil Procedure, specifically, Federal Rule of Civil Procedure, Rule 8, which mandates that a pleading must set forth a claim for relief, shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, shall contain a short and plain statement of the claim showing the pleader is

entitled to relief, and demand for judgment for relief the pleader seeks.

4.      The Plaintiffs' Complaint has failed to set forth the Court's jurisdiction to hear this matter, the relief sought and what the pleaders and that the pleaders are entitled to said relief.

5.      Pursuant to Federal Rules of Civil Procedure, Rule 12(e), the Plaintiffs should be mandated to amend their Complaint to conform to the Federal Rule of Civil Procedure within ten (10) days.

6.      Notwithstanding the Motion for a More Definite Statement of Defendants, Delaware County and Delaware County Sheriff's Department, the Plaintiffs have failed to state a claim upon which relief can be granted.

7.      The Plaintiffs have failed to set forth any facts that could possibly prove their broad allegations of illegal harassment by law enforcement, entrapment, due process violations, privacy violations, malicious prosecution, secret proceedings without a Court stenographer, Freedom of Speech violations, etc.

8.      Defendants, Delaware County and Delaware County Sheriff's Department, incorporates herein by reference the following Memorandum of Law in support of the present Motion.

9.      Investigation in this matter reveals that the only involvement of the Delaware County Sheriff's Department was to escort a Protection from Abuse Petitioner, Belinda McBrearty, to 649 Seneca Avenue, Norwood, Pennsylvania where the Plaintiffs resided.

10.     The Delaware County Sheriff's Department was directed to assist  Belinda McBrearty, pursuant to an Order signed by the Honorable Anne Osborne, Judge, Delaware County Court of Common Pleas, concerning a Temporary Protection from Abuse Order and Eviction requested by Belinda McBrearty against Plaintiffs John McBrearty and Carl McBrearty.  (See Delaware County Court of Common Pleas Protection from Abuse/Temporary Protection from Abuse

3

Order and Eviction Order signed by Judge Osborne on March 13, 2002 attached hereto as Exhibit "A").

11.     The request for Protection from Abuse Petition, it is believed, was prepared by Belinda McBrearty who was in a contentious divorce battle with Plaintiff John McBrearty. (See Petition for Protection from Abuse filed in the Delaware County Court of Common Pleas on March 13, 2002 and the allegations alleged by Belinda McBrearty. The Protection from Abuse Petition is attached hereto as Exhibit "B").

12.     The Defendant Delaware County Sheriff's Department was at the location concerning the eviction of the Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty at the direct order of Judge Osborne.

13.     Plaintiff John McBrearty also alleges that his Freedom of Speech rights were violated when an individual or individuals failed to act timely on his request to participate in a "peaceful demonstration" outside the Media Courthouse in Delaware County. Plaintiff alleges in his "Complaint" that the Media Parks Commissioner failed to issue a permit. The Media Parks Commissioner is not under the jurisdiction of the County of Delaware. The issuance of permits for any demonstration outside the Media Courthouse is governed by the ordinances of the municipality in which the Courthouse is situated, Media, Pennsylvania. Defendant, Delaware County has no authority to permit or deny permits for any demonstration outside the four walls of the Courthouse.

14.     Plaintiff admits in his "Complaint" that he was directed to the Media Borough for the issuance of a permit at the suggestion of representatives of Delaware County Government. Plaintiff does not allege that the failure to issue a permit in a timely fashion for a "peaceful demonstration" was the result of any actions or lack of actions by any Defendant working for Delaware County.

**WHEREFORE,** Defendants, Delaware County and Delaware County Sheriff's Department, respectfully request that this Honorable Court grant this Motion and dismiss Plaintiffs' Complaint,

4

with prejudice or, in the alternative, grant the Motion for More Definite Statement of Defendants,

Delaware County and Delaware County Sheriff's Department and order the Plaintiffs to file an

Amended Complaint within ten (10) days of Notice of the Court's Order.

Respectfully Submitted,

**HOLSTEN & ASSOCIATES**


BY:    _____

**THOMAS C. GALLAGHER, ESQUIRE**
**I.D. #27156**
**One Olive Street**
**Media, PA 19063**
**610-627-2438**
**Attorney for Defendants, Delaware County**
**and Delaware County Sheriff's Department**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| John McBrearty | : | No. 02-4553 |
| Carl McBrearty and Nina McBrearty | : | |
| | | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | | |
| Delaware County Sheriff's Department | : | |
| Norwood Borough Police Department | : | |
| Delaware County and Media Borough | : | |

**MEMORANDUM OF LAW OF DEFENDANTS,
DELAWARE COUNTY AND DELAWARE COUNTY
SHERIFF'S DEPARTMENT, IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
OR IN THE ALTERNATIVE, MOTION FOR MORE
DEFINITE STATEMENT**

## I.    STATEMENT OF FACTS[1]

Plaintiffs have alleged a timeline of events starting on March 5, 2002 through March 21, 2002.  The Plaintiff, John McBrearty, goes into specific detail on his efforts to obtain a permit for a "peaceful one-person protest."  He maintains that on March 5, 2002, he went to the Media Police station and requested an application for a permit for public gathering (even though it was a peaceful one-person protest).  He was given the business card of Jeffrey Smith (Media Borough Manager) and was informed Mr. Smith's signature was required on the approval of any such application.

On March 7, 2002, the Plaintiff spoke with Jeffrey Smith pertaining to the permit. Mr. Smith advised that there was a Media Borough Ordinance that required the Plaintiff to receive in writing a letter from whomever was responsible for the property.  Mr. Smith then advised that Maryann Grace was the one responsible.

On March 12, 2002, Plaintiff John McBrearty spoke with Maryann Grace pertaining to the permit.  (Maryann Grace is the Executive Director for Defendant, County of Delaware).  She advised that she needed to talk to some additional people and later informed Mr. McBrearty that he

needed to get approval from Sam Sivelli, the Media Park Commissioner. Plaintiff, John McBrearty, then called Sam Sivelli, who advised that he had to talk to some other people and he would get back to Plaintiff.

On March 13, 2002, the Plaintiff alleges that sometime before 4:00 P.M., someone from the Courthouse complex called his ex-wife, Belinda McBrearty, at her work and told her to come down to the Courthouse to fill out some papers because the Plaintiff and his son, Carl were to be evicted. (Carl is also a named Plaintiff in this matter). Belinda was the owner of the property where the Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty lived. The Plaintiffs allege that Belinda filed two separate Protection from Abuse Petitions ("hereinafter PFA's") with eviction orders against John McBrearty and Carl McBrearty. The Plaintiffs allege that PFA's were initiated by someone at the Courthouse and contained false information.

On March 13, 2002, at approximately 8:00 P.M., the co-Defendant, Norwood Police, arrived at Belinda's property to evict John McBrearty and Carl McBrearty. The Plaintiffs allege that sometime after 8:30 P.M. on March 13, 2002, the Norwood Police or Defendant Delaware County Sheriff's gave the keys to 649 Seneca Avenue to Belinda, a person who had not lived at that address since October 25, 1996. Plaintiffs allege that Belinda proceeded to rummage through all the personal belongings, telephone messages, computer, etc. Plaintiffs allege privacy violations, even though Belinda is not a named party to this action.

On March 14, 2002, the Plaintiff, John McBrearty, called Mr. Sivelli pertaining to his protest permit application. Mr. Sivelli advised that he needed something in writing. A letter was delivered to Maryann Grace's office stating the intentions of Plaintiff, John McBrearty pertaining to his "one-man peaceful protest."

On March 21, 2002, the Plaintiffs, John McBrearty and Carl McBrearty, attended a Court

---

[1] Defendants herein, acknowledge and incorporate the excellent Memorandum of Law sections filed by co-Defendant, Norwood borough Police Department.

Hearing pertaining to the PFA that was issued against them by the Honorable Ann Osborne of the Delaware County Court of Common Pleas.  The Plaintiffs hired Jay Wills for $525 to defend them from the PFA allegations.  The Plaintiffs allege that when it was time for their attorney, Jay Wills, to talk about the proceedings, Mr. Wills advised the Plaintiffs that he wanted to speak to the Judge in the Judge's Chambers instead of in open Court.  Subsequently, the Plaintiffs were evicted.  The Plaintiffs now have alleged the secret proceedings without a Court stenographer and due process violations.

In sum, the Plaintiffs' allege that someone at the Courthouse complex solicited Belinda to provide false information to the authorities to have the McBrearty's evicted from the premises, the Sheriff's Department used information that they knew was false to evict the McBrearty's, the Sheriff's Department gave Belinda access to the McBreartys' personal possessions without consent. The Plaintiffs also have alleged police harassment, due process violations, privacy violations and lastly, indicate a denial of the Freedom of Speech because the timing of the events were engineered by the local authorities to deny Plaintiff McBrearty's said Freedom of Speech.

Plaintiffs have failed to set forth several facts.  Attached as Exhibit "B" is the Petition for Protection from Abuse filed by Belinda McBrearty. It indicates that the Plaintiffs' address is 1408 Blackrock Road, Swarthmore, Pennsylvania 19081 and 649 Seneca Avenue, Norwood, Pennsylvania 19074.  On the application, Belinda states that on March 7, 2002, at approximately 8:00 P.M., John McBrearty threatened repeatedly to kill her and to blowup the house if she ever had him evicted. She indicates that she has been through years of abuse, physical and mental.  She has required medical treatment in the past and is very fearful for her life now.  She states the John McBrearty owned an A.K. 47, a handgun, a rifle and material to make explosives.  She also writes that John has threatened to kill her, physically has thrown her out of the house in the past and injured her.  He has also pointed a gun at her. The application for a Protection for Abuse Order was dated March 13,

2002.  Before signing the Petition for Protection from Abuse, there is a Verification which acknowledges that the facts and statements contained in the Petition for Protection from Abuse are true and correct to the best of Belinda's knowledge.  She also understood that any false statements are subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authority.

On March 13, 2002, Judge Ann Osborne of the Delaware County Court of Common Pleas entered a Temporary Protection from Abuse Order against John McBrearty and Carl McBrearty, Plaintiffs in this matter. The name of all protected persons, including Belinda McBrearty and minor children/child, Shirley and Jay Wonderly, Eric McBrearty and Nina McBrearty (coincidentally named as a Plaintiff in the within matter).  This Order mandates that the "Defendants, John & Carl McBrearty are evicted and excluded from the residence at 649 Seneca Avenue, Norwood, Pennsylvania and 1408 Blackrock Road, Swarthmore, Pennsylvania.  On the Order, there is a Notice to Law Enforcement Officials indicating that this Order shall be enforced by the police who have jurisdiction over the Plaintiffs' residence or any location where a violation of this Order occurs or where the Defendant may be located.  (See Temporary Protection from Abuse Order attached hereto as Exhibit "A").

## II.    PROCEDURAL HISTORY

Plaintiffs filed suit in this Court on July 9, 2002.  In their Complaint, the Plaintiffs present numerous counts which are extremely vague and ambiguous.  The Defendants, Delaware County and Delaware County Sheriff's Department, now present a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted or, in the alternative, a Motion for a more specific pleading, ordering the Plaintiffs to file an Amended Complaint which conforms to the Federal Rules of Civil Procedure.

## III.    STANDARD OF REVIEW

When considering a Motion to Dismiss a Complaint for failure to state a claim under Federal

Rule of Civil Procedure 12(b)(6), this Court must "accept as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6)… is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proven." <u>Markowitz vs. Northeast Land Co.</u>, 906 F. 2d 100, 103 (3d Cir. 1990) (citing <u>Ransom vs. Marrazzo</u>, 848 F. 2d 398, 401 (3d Cir. 1988); see also <u>H.J. Inc. vs. Northwestern Bell Tel Co.</u>, 492 U.S. 229, 106 L. Ed. 2d 195, 109 S.Ct. 2893 (1989).

The Court should only dismiss the Complaint if "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegation." <u>H. J. Inc.</u>, 492 U.S. at 249-50 (quoting <u>Hishon vs. King & Spalding</u>, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S.Ct. 2229 (1984)). Dismissal under Rule 12(b)(6) is proper if the Complaint lacks an allegation regarding an element necessary to obtain relief. <u>Campbell vs. The City of Antonio</u>, 42 F. 3d 973, 975 (5th Cir. 1995). Thus, "the Complaint must contain either direct allegations on every material point necessary to sustain a recovery…or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." <u>Id</u>. (citing 3 Wright & Miller, Federal Practice and Procedure: Civil 2d §1216 at 156-159). It is not sufficient to include only "a statement of facts that merely creates a suspicion that a pleader might have a right of action." <u>Id</u>. (citation omitted).

In ruling on a 12(b)(6) Motion, the Court should not assume that the "plaintiff can prove the facts that [they have] not alleged." <u>Associated Gen'l Contractors of California vs. California State Council of Carpenters</u>, 559 U.S. 519, 526 (1993).

## IV.    LEGAL ARGUMENT

The Defendant, Delaware County Sheriff's Department, in evicting the Plaintiffs, John McBrearty and Carl McBrearty, were acting on the Temporary Protection from Abuse Order signed by Judge Ann Osborne of the Delaware County Court of Common Pleas on March 13, 2002. The

Plaintiffs have failed to allege any facts to show that the conduct of the Delaware County Sheriff's Department would elevate to some type of legal cause of action.  Simply put, the Delaware County Sheriff's Department was enforcing an Order that was entered by the Court of Common Pleas of Delaware County, Pennsylvania.  The Delaware County Sheriff's Department arrived at 649 Seneca Avenue, Norwood, Pennsylvania at approximately 6:30 P.M., not 8:00 P.M. as alleged by Plaintiff on March 13, 2002 to evict Carl & John McBrearty.  The Sheriff's Department was assisted by the co-Defendant Norwood Police, which is standard operating procedure when there is an allegation in a Protection from Abuse Order noting weapons in the possession of the person to be evicted.  The Sheriff's Department and the police, pursuant to the Plaintiffs' Complaint, permitted Carl and John McBrearty to put some possessions at a neighbor's home and gave the McBreartys enough time to get some clothing and personal items.  The Defendant, Delaware County Sheriff's Department and the co-Defendant Norwood Borough Police Department, did not act improperly but acted only pursuant to an Order duly signed by a Judge of the Court of Common Pleas of Delaware County.

The Plaintiffs have not alleged any allegations that would oppose legal liability on the Defendants Delaware County or Delaware County Sheriff's Department.  For example, the Plaintiffs have alleged secret proceedings without a Court stenographer and due process violations pertaining to the March 21, 2002 PFA Hearing. This allegation cannot be directed toward the County of Delaware or the Delaware County Sheriff's Department. The Plaintiffs' allegations that someone at 201 W. Front Street, the Courthouse Complex, solicited Belinda to provide false information to the authorities constituted entrapment and due process violations.  This again cannot be alleged against the Defendants County of Delaware or the Delaware County Sheriff's Department as the Order or the Petition requesting the Protection from Abuse was prepared by Belinda McBrearty. Additionally, the Eviction Order was entered by the Judge after reviewing the Protection from Abuse Petition prepared by a non-party, Belinda McBrearty. There is no allegation by the Plaintiff that the

County of Delaware or the Sheriff's Department prepared the Protection from Abuse Petition or forged Belinda McBrearty's signature on same.

The Plaintiffs allege that the Sheriff's Department used information that they knew was false to evict Carl and John McBrearty. However, there are no facts to show that the Sheriff's Department knew of any false information. Additionally, the Court evaluated the Petition from Belinda McBrearty which contained the Verification signed by Belinda McBrearty on March 13, 2002. (See Exhibit "B"). Furthermore, the Sheriff's Department was simply enforcing a Court Order. There was also an allegation that the Sheriff's Department gave Belinda access to the Plaintiffs' possessions without their consent, alleging privacy violations. Simply put, the Defendant, Delaware County Sheriff's Department, was only following a Court Order evicting the Plaintiffs. Furthermore, the Plaintiffs have admitted that Belinda owned the property in question.[2]

Plaintiffs have alleged some sort of conspiracy by local authorities to deny the Plaintiff, John McBrearty, his Freedom of Speech. First, the Defendant, Delaware County Sheriff's Department, was acting pursuant to a Court Order and second, the County of Delaware in the person of the Executive Director for the County, Maryann Grace, advised Mr. McBrearty specifically as to how he

---

[2]   It should be noted that the Court of Common Pleas of Delaware County entered an Order on July 2, 2001 that Defendant John J. McBrearty was to be evicted from the premises known as 649 Seneca Avenue, Norwood, Delaware County and was not to return to same for any reason. Additionally, "if necessary, the Defendant is to be forcibly removed from said premises by the Sheriff of Delaware County. The Plaintiff John McBrearty was given time to remove himself and his possession and when he failed to do so, the Court entered another Order noting that Mr. McBrearty was to be forcibly removed on March 13, 2002. (See Exhibit "C").

was to obtain a permit to have a peaceful one-man demonstration in front of the Courthouse. And, thirdly, the Plaintiff has not shown any facts that would maintain his conspiracy theory. A party is entitled to relief pursuant to 42 U.S.C. §1985(3) only if the alleged conspiracy is motivated by some class base, invidiously discriminatory intent, Griffin vs. Brechenridge, 403 U.S. 88, 102 (1971), emanating from either a racial or gender based animus, Reo vs. Operation Rescue, 710 F. Supp.

577, 581 (E.D. Pa. 1989) affirmed, 919 F. 2d 857 (3d Cir. 1990); Janicsko vs. Pelman, 774 F. Supp.

331, 335 N.2 (M.D. Pa. 1991), affirmed 970 F. 2d 899 (3d Cir. 1992); see also Brownell vs. State

Farm Mutual Insurance Company, 757  F. Supp. 526, 542 (E.D. Pa. 1991) (reaffirming the United

States Supreme Court's statement that it is a closed question whether §1985(3) was intended to reach

any class-based animus other than that against individuals due to their race).

In Bougher vs. University of Pittsburgh, 882 F. 2d 74, 79 (3d. Cir. 1989), the Court held:

> "In order to state a claim under §1985(3), a Plaintiff must allege that Defendants, motivated by a class-based invidiously discriminatory animus, conspired to deprive Plaintiff of the equal protection of the laws or other the equal privileges and immunities under the law and that Plaintiff was thereby injured."

Numerous Circuits have held that conclusory allegations of a conspiracy cannot withstand a

Motion to Dismiss.  See E.G., Shirey vs. Bensalem Township, 501 F. Supp. 1138 (E.D. Pa. 1980);

Slotnick vs. Staviskey, 560 F.2d 31 (1st Cir. 1977), cert denied, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.

Ed. 2d 783 (1978); Ostrer vs. Aronwald, 567 F.2d 551 (2d Cir. 1977).  In Ostrer, the Second Circuit

stated:

> This Court has repeatedly held that Complaint containing only "conclusory", "vague", or "general allegations" of a conspiracy to deprive a person of constitutional rights will be dismissed. (citations omitted).  Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct… In this case, appellate's unsupported allegations, which fail to specify in detail the factual basis necessary to enable Appellees intelligently to prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive appellants of their constitutional rights."

567 F.2d at 553.

Plaintiffs fail to set forth those specific grounds supporting their claim for a conspiracy and

violation of 42 U.S.C. §1985(3).  The Complaint is completely lacking in any allegations or

reference to the Plaintiffs' membership in a class afforded the protection of §1985(3).  Moreover,

Plaintiffs' allegations of conspiracy are devoid of any underlying specific factual basis with regard

to the Defendants, County of Delaware and the Delaware County Sheriff's Department.  The

requisite level of specificity therefore has not been met by this Complaint and the Plaintiffs have failed to present a valid claim under 42 U.S.C. §1985(3).

Plaintiffs also allege malicious prosecution in their Complaint. Once again, the Plaintiffs have failed to establish a successful claim for malicious prosecution. For that claim to exist, the Plaintiffs must show that the Defendants "instituted proceedings without probable cause, with malice, and that the proceedings were terminated in favor of the Plaintiffs." Cosmas vs. Bloomingdale's Broks., Inc., 442 Pa. Super. 476, 491, 660 A.2d 83, 85 (1985). Plaintiffs' allegations in and of themselves establish that the Plaintiffs cannot satisfy elements to maintain the valid cause of action for malicious prosecution. The Plaintiffs cannot prove that the Defendants, Delaware County or the Delaware County Sheriff's Department, instituted proceedings against them. In fact, the proceedings against the McBreartys were instituted by McBrearty's wife who is an unnamed party in this matter.

In sum, the Plaintiffs' vague and ambiguous Complaint fails to set forth any allegations that would hold the Defendants Delaware County and Delaware County Sheriff's Department legally liable. The Plaintiffs have failed to set forth facts to support their claims. Therefore, Defendants, Delaware County and Delaware County Sheriff's Department, request that this Honorable Court enter an Order granting its Motion to Dismiss the Plaintiffs' Complaint with prejudice.

Respectfully Submitted,

**HOLSTEN & ASSOCIATES**

BY:    _____

**THOMAS C. GALLAGHER, ESQUIRE**
**I.D. #27156**
**One Olive Street**
**Media, PA 19063**
**610-627-2438**
**Attorney for Defendants, Delaware County**
**and Delaware County Sheriff's Department**

14

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

CASE CAPTION,
Petitioner _Belinda McBrearty_          No.

                                    **02 03145**

SS# _____

vs.

Respondent _John McBrearty_   PROTECTION FROM ABUSE
_Carl McBrearty_

### PETITION FOR PROTECTION FROM ABUSE

1. Plaintiff's name is: _Belinda McBrearty_

2. I am filing this Petition on behalf of:

   ( X ) Myself and/or _Children_
                        _And_
   ( X ) Another Person _my parents Jay & Shirley Wonderly_
   If you checked "myself," please answer all questions referring to yourself as "Plaintiff". If you checked
   "another person," please answer all questions referring to that person as the "Plaintiff, and provide your
   address here, unless confidential:

   If you checked "Another Person," indicate your relationship with Plaintiff:

   (   ) parent of minor Plaintiff(s)          (   ) applicant appointed guardian ad item of minor Plaintiff(s)

   ( X ) Adult household member with           (   ) court appointed guardian of incompetent Plaintiff(s)

3. Name(s) of ALL person(s), including Plaintiff and minor children, who seek protection from abuse:
   _Eric McBrearty   Nina McBrearty_
   _Jay Wonderly   Shirley Wonderly_
   _Belinda McBrearty_

4. (   ) Plaintiff's address is confidential
   or
   (   ) Plaintiff's address is: _1408 Black Rock Rd. Swarthmore Pa 19081._
                                 _649 Seneca Ave, Norwood Pa 19086_
5. Defendant is believed to live at the following address: _649 Seneca Ave Norwood Pa_

   Defendant's Social Security Number (if known) is: _____

   Defendant's date of birth is: _4-11-59_

   Defendant's place of employment is: _None_

   (   ) Check here is Defendant is 17 years old or younger

**DEFENDANT'S EXHIBIT**
_A_

6.  Indicate the relationship between Plaintiff and Defendant.

( X ) Spouse    (   ) Current or former sexual/intimate partner

(   ) Other relationship by blood or marriage _____

(   ) Ex-spouse    ( X ) Parent/Child  *Cary 1*

(   ) Persons who live or have lived like spouses

(   ) Parents of the same children    (   ) Brother/Sister

7.  Have Plaintiff and Defendant been involved in any of the following court actions?

( X ) Divorce    (   ) Custody    (   ) Support    ( X ) Protection from Abuse

If you checked any of the above, briefly indicate when and where the case was filed and the court number, if known:

96-9796  PFA

8.  Has the Defendant been involved in any criminal court action?

Please check (   ) Yes    ( X ) No

If you answered Yes, is the Defendant currently on probation?    (   ) Yes    (   ) No

9.  Plaintiff and Defendant are the parents of the following minor child/children:

| Name(s) | Age(s) | Who reside at (list address unless confidential) |
|---|---|---|
| Eric McBrearty | 17 | 1408 Black Rock Rd. Swarthmore PA 190 |
| | | |
| | | |

10. If Plaintiff and Defendant are parents of any minor child/children together, is there an existing court Order regarding their custody? Please Check ( X ) Yes    (   ) No

If you answered Yes, describe the terms of the Order (e.g., primary, shared, legal and/or physical custody):

I have primary custody of Eric

If you answered Yes, in what county and state was the order issued? _____ Deleware County

12. The facts of the most recent incident of abuse are as follows:

Approximate Date: 8-1-02  Approximate Time: 8 PM  Place: _____

Describe in detail what happened including any physical or sexual abuse, threats, injury, incidents of stalking, medical treatment sought, and/or calls to law enforcement (attach additional sheets of paper if necessary):

# John has threatened me repeatedly to kill me and blow up the house, if I ever have him evicted. We have years of abuse, physical + mental. I have required medical treatment in the past, and very fearful for my life, now. He owns an AK47 a 22 hand gun and a rifle, he also has material to make explosives

13. If the Defendant has committed prior acts of abuse against Plaintiff or the minor child/children, describe these prior incidents, including any threats, injuries, or incidents of stalking, and indicate approximately when such acts of abuse occurred (attach additional sheets of paper if necessary): _____

John has threatened to kill me and physically thrown me out of the house and injured me., pointed the gun at me

14. List the weapon(s) that Defendant has used or threatened to use against Plaintiff or the minor child/children:

the hand gun

15. Identify the police department or law enforcement agency in the area in which Plaintiff lives that should be provided with a copy of the protection order:

Ridley Township  Norwood township

16. There is an immediate and present danger of further abuse from the Defendant.

## CHECK THE FOLLOWING BOXES ONLY IF THEY APPLY TO YOUR CASE AND PROVIDE THE REQUESTED INFORMATION

(X) Plaintiff is asking the court to evict and exclude the Defendant from the following residence: _649 Seneca Ave  Norwood + 1408 Black Rock Rd. Swarthmore PA._

(X) owned by (list owners, if known): _Belinda McBrearty  Jay + Shirley Wonderly at Swarthmore Add_

(  ) rented by (list all names, if known): _____

_____

(X) Defendant owes a duty of support to Plaintiff and/or the minor child/children

(  ) Plaintiff has suffered out-of-pocket financial losses as a result of the abuse described above. Those losses are:

_____

_____

_____

_____

FOR THE REASONS SET FORTH ABOVE, I REQUEST THAT THE COURT ENTER A TEMPORARY ORDER, and AFTER HEARING, A FINAL ORDER THAT WOULD DO THE FOLLOWING (CHECK ALL FORMS OF RELIEF REQUESTED):

(X) A. Restrain Defendant from abusing, threatening, harassing, or stalking Plaintiff and/or minor child/children in any place where Plaintiff may be found.

(X) B. Evict/exclude Defendant from Plaintiff's residence and prohibit Defendant from attempting to enter any temporary or permanent residence of the Plaintiff.

(X) C. Require Defendant to provide Plaintiff and/or minor child/children with other suitable housing.

(  ) D. Award Plaintiff temporary custody of the minor child/children and place the following restrictions on contact between Defendant and child/children: _____

_____

_____

(X) E. Prohibit Defendant from having any contact with Plaintiff and/or minor child/children, either in person, by telephone, or in writing, personally or through third persons, including but not limited to any contact at Plaintiff's school, business, or place of employment, except as the court may find necessary with respect to partial custody and/or visitation with the minor child/children.

( X ) F.  Prohibit Defendant from having any contact with the Plaintiff's relatives and Plaintiff's children listed in this Petition, except as the court may find necessary with respect to partial custody and/or visitation with the minor child/children.

( X ) G.  Order Defendant to temporarily turn over weapons to the Sheriff of this County and prohibit Defendant from transferring, acquiring or possessing any such weapons for the duration of the Order.

( X ) H.  Order Defendant to pay temporary support for Plaintiff and/or the minor child/children, including medical support and payment of the rent or mortgage on the residence.

(  ) I.  Direct Defendant to pay Plaintiff for the reasonable financial losses suffered as the result of the abuse, to be determined at the hearing.

( X ) J.  Order Defendant to pay the costs of this action, including filing and service fees.

( X ) K.  Order Defendant to pay Plaintiff's reasonable attorney's fees.

(  ) L.  Order the following additional relief, not listed above:

_____

_____

_____

_____

_____

_____

( X ) M.  Grant such other relief as the court deems appropriate.

( X ) N.  Order the police or other law enforcement agency to serve the Defendant with a copy of this Petition, any Order issued, and the Order for hearing. The Petitioner will inform the designated authority of any addresses, other than Defendants residence, where Defendant can be served.

## VERIFICATION

I verify that I am the petitioner as designated in the present action and that the facts and statements contained in the above Petition are true and correct to the best of my knowledge. I understand that any false statements are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

_Belinda M Brearty_
Signature

_3-13-02_
Date

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

CASE CAPTION

Petitioner _Belinda McBrearty_    No.

SS# _____ :

vs.                                :

Respondent _John McBrearty_ PROTECTION FROM ABUSE

_Carl McBrearty_

## TEMPORARY PROTECTION FROM ABUSE ORDER

Defendant's Name: _John McBrearty & Carl McBrearty_

Defendant's Date of Birth: _4-11-59_    _1-10-80_

Defendant's Social Security Number: _____

Names of All Protected Persons, including Plaintiff and minor child/children:

_Shirley + Jay Wonderly_

_Eric McBrearty_

_Nina McBrearty_

_____

AND NOW, this _13_ day of _1_____ , 19____ , upon consideration of the attached Petition for Protection from Abuse, the court hereby enters the following Temporary Order:

A hearing on the matter is scheduled for ___ , day of _March 2002_ at ____ M., in Courtroom _TBA_ at Delaware County Courthouse, Media, Pennsylvania.

( ☑ ) 1. Defendant shall not abuse, harass, stalk or threaten any of the above persons in any place where they might be found.

( ☑ ) 2. Defendant is evicted and excluded from the residence at _649 Seneca Ave Norwood_ _1408 Black Rock Rd. Swarthmore PA_ or any other permanent or temporary residence where Plaintiff may live. Plaintiff is granted exclusive possession of the residence. Defendant shall have no right to privilege to enter or be present on the premises.

( ☑ ) 3. Except for such contact with the minor child/children as may be permitted under Paragraph 5 of this Order, Defendant is prohibited from having ANY CONTACT with the Plaintiff at any location, including but not limited to any contact at Plaintiff's school, business, or place of employment. Defendant is specifically ordered to stay away from the following locations for the duration of this Order: _____

_1408 Black Rock Rd_

_Swarthmore PA 19081_

DEFENDANT'S EXHIBIT
tabbies®
B

4. ~~Except for such contact with the minor~~ Defendant shall not contact Plaintiff by telephone or by any other means, including through third persons.

( ) 5. Pending the outcome of the final hearing in this matter, Plaintiff is awarded temporary custody of the following minor child/children: _____

Until the final hearing, all contact between Defendant and the child/children shall be limited to the following:

_N/A_

The local law enforcement agency in the jurisdiction where the child/children are located shall ensure that the child/children are placed in the care and control of the Plaintiff in accordance with the terms of this Order.

(X) 6. Defendant shall immediately relinquish the following weapons to the Sheriff's Office or a designated local law enforcement agency for delivery to the Sheriff's office:: _all  weapons excluding_ _but not limited to all firearms_

Defendant is prohibited from possessing, transferring or acquiring any other weapons for the duration of this order.

( ) 7. The following additional relief is granted: _____

(X) 8. A certified copy of this Order shall be provided to the police department where Plaintiff resides and any other agency specified hereafter: _Norwood + Ridley Police_

( ) 9. THIS ORDER SUPERSEDES

(X) ANY PRIOR PFA ORDER AND

( ) ANY PRIOR ORDER RELATING TO CHILD CUSTODY.

10. THIS ORDER APPLIES IMMEDIATELY TO DEFENDANT AND SHALL REMAIN IN EFFECT UNTIL MODIFIED OR TERMINATED BY THIS COURT AFTER NOTICE AND HEARING.

## NOTICE TO THE DEFENDANT

Defendant is hereby notified that violation of this Order may result in arrest for indirect criminal contempt, which is punishable by a fine of up to $1,000.00 and/or up to six months in jail. 23 Pa.C.S.§6114. Consent of the Plaintiff to Defendant's return to the residence shall not invalidate this Order, which can only be changed or modified through the filing of appropriate court papers for that purpose. 23 Pa.C.S.§6113. Defendant is further notified that violation of this Order may subject him/her to state charges and penalties under the Pennsylvania Crimes Code and to federal charges and penalties under the Violence Against Women Act, 18 U.S.C. §§2261-2262.

## NOTICE TO LAW ENFORCEMENT OFFICIALS

This Order shall be enforced by the police who have jurisdiction over the plaintiff's residence OR any location where a violation of this order occurs OR where the defendant may be located. If defendant violates Paragraphs 1 through 6 of this Order, defendant may be arrested on the charge of Indirect Criminal Contempt. An arrest for violation of this Order may be made without warrant, based solely on probable cause, whether or not the violation is committed in the presence of law enforcement.

Subsequent to an arrest, the law enforcement officer shall seize all weapons used or threatened to be used during the violation of this Order OR during prior incidents of abuse. Weapons must forthwith be delivered to the Sheriff's office of the county which issued this Order, which office shall maintain possession of the weapons until further Order of this court, unless the weapon/s are evidence of a crime, in which case, they shall remain with the law enforcement agency whose officer made the arrest.

BY THE COURT:

_____
Ann Osborne, J.
Motion Judge

CERTIFIED A TRUE AND CORRECT
COPY FROM THE RECORD
THIS __13__ DAY OF __Mch__ A.D. 2002

DEBORAH L. GASTON, DIRECTOR
OFFICE OF JUDICIAL SUPPORT

_____
__03/13/02__
Date

RAFFAELE & PUPPIO, L.L.P.     **ATTORNEY FOR: Plaintiff**
BY: MICHAEL A. RAFFAELE, ESQUIRE
I.D. NO.: 19515
334 West Front Street
Media, PA 19063
(610) 565-4430

|  |  |
|---|---|
| | :    **COURT OF COMMON PLEAS** |
| Belinda W. Wonderly McBrearty | :    **DELAWARE COUNTY, PA** |
| SS#: 96-9287 | :    **CIVIL ACTION - LAW** |
|     Plaintiff | : |
| | : |
|      v. | : |
| | : |
| John J. McBrearty | : |
| SS#: 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 | : |
|     Defendant | :    **NO: 96-9287** |
| | :    **IN DIVORCE** |

## ORDER

AND NOW, this 2nd day of July, 2001 upon consideration of the Petition heretofore filed by Plaintiff, and after a hearing, it is hereby ORDERED as follows:

1.  →Defendant, John J. McBrearty, is hereby determined to be in contempt of the Orders entered by this Court on August 28, 2000 and April 16, 2001.

2.  Defendant is hereby evicted from the premises known as 649 Seneca Avenue, Norwood, Delaware County, Pennsylvania and is not to return to same for any reason. If necessary, Defendant is to be forcibly removed from said premises by the Sheriff of Delaware County. *Withing (15) days from todays dot.*


DEFENDANT'S
EXHIBIT
C

3.    The premises known as 649 Seneca Avenue, Norwood, Pennsylvania is to be

immediately transferred to Plaintiff, alone, pending sale in accordance with the prior

Orders entered by this Court. Plaintiff is hereby granted a power of attorney to execute

on behalf of Defendant such documents as may be necessary to effectuate this transfer

and to sell said premises in accordance with the prior Orders entered by this Court.

4.    Plaintiff is awarded attorney's fees in the amount of $1500.00. This amount is to be paid

from Defendants's share of any proceeds realized upon sale of the premises known as

649 Seneca Avenue, Norwood, Pennsylvania.

BY THE COURT:

_M. Fitzpatrick_
                                        J.

Michael A. Raffaele, Esquire                    John J. McBrearty
334 W. Front Street                             649 Seneca Avenue
Media, PA 19063                                 Norwood, PA 19074
Counsel for Plaintiff                           Defendant

CERTIFIED A TRUE AND CORRECT
    COPY FROM THE RECORD

THIS  13   DAY OF  March  A.D. 02

DEBORAH L. GASTON, DIRECTOR
OFFICE OF JUDICIAL SUPPORT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **John McBrearty** | : | **No. 02-4553** |
| **Carl McBrearty and Nina McBrearty** | : | |
| | : | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Delaware County Sheriff's Department** | : | |
| **Norwood Borough Police Department** | : | |
| **Delaware County and Media Borough** | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Thomas C. Gallagher, Esquire, counsel for Defendants, Delaware County Sheriff's Department and

Delaware County, only, hereby state that a true and correct copy of the Motion of Defendants Delaware

County and Delaware County Sheriff's Department to Dismiss Plaintiffs' Complaint or, in the alternative,

Motion for More Definite Statement has been Electronically filed with the Clerk of Court and sent via First

Class mail to the following, on the date listed below:

| | | |
|---|---|---|
| John McBrearty | Media Borough | Carl J. DiCampli, Esquire |
| 928 Delview Drive | c/o Manager Jay Smith | **Margolis Edelstein** |
| Folcroft, PA 19032 | 301 N. Jackson Street | The Curtis Center, 4th Floor |
| | Media, PA 19063 | Independence Square West |
| | | Philadelphia, PA 19106-3304 |

| | |
|---|---|
| Carl McBrearty | Nina McBrearty |
| 928 Delview Drive | Amosland Road |
| Folcroft, PA 19032 | Rosedale Apartments |
| | Holmes, PA. 19043 |

**Respectfully Submitted,**
**HOLSTEN & ASSOCIATES**


**BY:** _____
**Thomas C. Gallagher, Esquire**
**Attorney for Defendant, Delaware County Sheriff's**
**Department and Delaware County, ONLY**

Dated:

15