6. The disposition of the property was also involved in an unsettled civil complaint. Attached and entered as exhibit E. The arbitrators said this was a criminal complaint, in a civil court. They said they were not going to make a decision immediately, and that I would be notified by mail, as to what their decision was. A response has not been received. They ignored my complaint, the district attorney ignored my complaint. Help was asked for, dealing with criminals in the court room.

7. In response to questioning the courts jurisdiction: My rights to freedom of expression, and my rights to freedom of speech, were systematically violated. In my original complaint, it provided a brief sketchy outline of a time line of events. In that complaint, described are phone calls that were made by me, in an attempt to obey the law, and acquire a permit for my protest desires. After we were evicted, an abuse of power technique that was employed by the authorities was exposed. It is described in exhibit F, in an Inquirer article which briefly describes a behavioral study that was done in 1954. This is how they entrapped Belinda to act as a criminal. Belinda was used as a pawn. On her own Belinda would not have filed those PFA orders. They contain serious lies, not small errors. Then on 10/28/02 in the courtroom Mike Raffaele provided proof that the Sheriff new the PFA was fabricated, and he said that the PFA was the Sheriffs idea because there were guns at the house. The bill for services is exhibit G. The Sheriff violated our rights to bear arms, and another due process violation occurred. This is a legitimate federal complaint, and question that deserves a jury decision.

8. In response to Norwood borough police departments contention that they were just executing a court order, let us take a closer look at that statement. Isn't it a requirement that an officer of the law read the court order before they execute it? It's necessary information for safety. The eviction court order mentions bomb threats and implies bomb manufacturing. Where is officer Manning's appropriate request for back up of additional personnel that would protect the public. It is believed, that through questioning, in front of a jury, It can be established that his decisions may have been compromised by the powers that be. Officer Manning is not the problem, but the Norwood police are involved, and considerable losses were realized by the plaintiffs.