UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBREARTY;<br>CARL MCBREARTY; and<br>NINA MCBREARTY<br><br>v.<br><br>DELAWARE COUNTY SHERIFFS<br>DEPARTMENT; NORWOOD<br>BOROUGH POLICE DEPARTMENT;<br>DELAWARE COUNTY; and<br>MEDIA BOROUGH | CIVIL ACTION NO. 02-4553 |

# O R D E R

**AND NOW**, this _____ day of _____, 2002, upon consideration of the Amended Motion to Dismiss filed by Defendant, Norwood Borough Police Department, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion to Dismiss filed by Defendant, Norwood Borough Police Department, is **GRANTED** and judgment is entered in favor of Defendant, Norwood Borough Police Department, and against Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, with prejudice or, in the alternative, it is hereby **ORDERED** and **DECREED** that the Motion of Defendant, Norwood Borough Police Department, for More Definite Statement is **GRANTED** and the Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, are **ORDERED** to file an Amended Complaint that conforms to the Federal Rules of Civil Procedure within ten (10) days after notice of this Order.

**BY THE COURT**:

_____
**J.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBREARTY;<br>CARL MCBREARTY; and<br>NINA MCBREARTY<br><br>         v.<br><br>DELAWARE COUNTY SHERIFFS<br>DEPARTMENT; NORWOOD<br>BOROUGH POLICE DEPARTMENT;<br>DELAWARE COUNTY; and<br>MEDIA BOROUGH | CIVIL ACTION NO. 02-4553 |

**MOTION OF DEFENDANT,
NORWOOD BOROUGH POLICE DEPARTMENT,
TO DISMISS THE PLAINTIFFS' AMENDMENT TO COMPLAINT**

Defendant, Norwood Borough Police Department, by and through its counsel, Margolis Edelstein, hereby moves this Honorable Court to enter an Order dismissing the Plaintiffs' Amendment to Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in support thereof, avers as follows:

1.      The Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, filed an action in this Court against Defendants, Delaware County Sheriff's Department, Norwood Borough Police Department, and Delaware County Media Borough.  *See* Plaintiffs' Complaint attached hereto as Exhibit "A."

2.      The Plaintiffs then filed an Amendment to Complaint.  *See* Plaintiffs' Amendment to Complaint attached hereto as Exhibit "B."

3.      The Plaintiffs' Amendment to Complaint and Complaint, it is believed, alleges harassment, due process violations, privacy violations, entrapment, secret proceedings without a Court stenographer, Freedom of Speech violations, malicious prosecution, etc.

4. The Plaintiffs' Complaint fails to conform with the Federal Rules of Civil Procedure, specifically, Federal Rule of Civil Procedure, Rule 8, which mandates that a pleading must set forth a claim for relief, shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, shall contain a short and plain statement of the claims showing that the pleader is entitled to relief, and demand for judgment for the relief the pleader seeks.

5. The Plaintiffs' Complaint has failed to set forth the Court's jurisdiction to hear this matter, the relief sought, and that the pleaders are entitled to said relief.

6. Notwithstanding the jurisdiction issue and Federal Civil Procedure Rule 8 issue, the Plaintiffs have failed to state a claim upon which relief can be granted.

7. The Plaintiffs have failed to set forth any facts that could possibly prove their broad allegations of illegal harassment by law enforcement, entrapment, due process violations, privacy violations, malicious prosecution, secret proceedings without a Court stenographer, Freedom of Speech violations, etc.

8. Defendant, Norwood Borough Police Department, incorporates herein by reference its Motion to Dismiss the Plaintiffs' Amendment to Complaint.

9. Investigation of this matter reveals that the only involvement of Norwood Police Department was to direct the Delaware County Sheriff's Office to 649 Seneca Avenue, Media, Pennsylvania, where the Plaintiffs resided.  (*See* Norwood Police Department Complaint Report, attached hereto as Exhibit "C.")

10. The Norwood Police Department did not take part in any action pertaining to the eviction of the Plaintiffs.  Furthermore, the Plaintiffs' Amendment to Complaint is directed towards Delaware County Sheriff's Office and not the Norwood Police Department.  Officer Bill Manning

of the Norwood Police Department was present at the scene but only directed the Delaware County Sheriff's Office to the residence.

11.     Defendant, Norwood Borough Police Department, incorporates herein by reference the following Memorandum of Law in support of the present Motion.

**WHEREFORE**, Defendant, Norwood Borough Police Department, respectfully requests that this Honorable Court **GRANT** this Amended Motion and **DISMISS** the Plaintiffs' Amendment to Complaint, **WITH PREJUDICE.**

>Respectfully submitted,
>
>MARGOLIS EDELSTEIN
>
>By: _____
>Carl J. DiCampli, Esquire
>Identification No. 87004
>
>Christopher J. Pakuris, Esquire
>Identification No. 31179
>
>The Curtis Center, Fourth Floor
>Independence Square West
>Philadelphia, PA  19106-3304
>(215) 922-1100
>
>Attorneys for Defendant,
>Norwood Borough Police Department

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBREARTY;<br>CARL MCBREARTY; and<br>NINA MCBREARTY<br><br>v.<br><br>DELAWARE COUNTY SHERIFFS<br>DEPARTMENT; NORWOOD<br>BOROUGH POLICE DEPARTMENT;<br>DELAWARE COUNTY; and<br>MEDIA BOROUGH | CIVIL ACTION NO. 02-4553 |

**MEMORANDUM OF LAW OF DEFENDANT,
NORWOOD BOROUGH POLICE DEPARTMENT, IN SUPPORT OF
ITS MOTION TO DISMISS THE PLAINTIFFS' AMENDMENT TO COMPLAINT**

**I.  STATEMENT OF FACTS**

Plaintiffs have alleged a time line of events starting on March 5, 2002 and going through March 21, 2002. The Plaintiff, John McBrearty, goes into specific detail on his efforts to obtain a permit for a peaceful one-person protest. He maintains that on March 5, 2002, he went to the Media Police Station and requested an application for a permit for a public gathering (even through it was a peaceful one-person protest). He was given the business card of Jeffrey Smith and was informed that Mr. Smith's signature was required on the approval of any such application.

On March 7, 2002, the Plaintiff spoke with Jeffrey Smith pertaining to the permit. Mr. Smith advised that there was a Borough ordinance that required the Plaintiff to receive in writing a letter from whomever was responsible for the property. Mr. Smith then advised that Maryanne Grace was the one responsible.

On March 12, 2002, Plaintiff John McBrearty spoke with Maryanne Grace pertaining to the permit. She advised that she needed to talk to some additional people and later informed Mr.

McBrearty that he needed to get approval from Sam Sivelli, the Media Park Commissioner. Plaintiff, John McBrearty, then called Sam Sivelli, who advised that he had to talk to some other people and he would get back to the Plaintiff.

On March 13, 2002, the Plaintiff alleges that sometime before 4:00 p.m., someone from the Courthouse complex called his ex-wife, Belinda, at her work and told her to come down to the Courthouse to fill out some papers because the Plaintiff and his son, Carl, were going to be evicted. Belinda was the owner of the property where the Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, lived. The Plaintiffs allege that Belinda filed two separate PFAs with eviction orders against John McBrearty and Carl McBrearty. The Plaintiffs allege that the PFAs were initiated by someone at the Courthouse and contained false information.

On March 13, 2002, about 8:00 p.m., the Police arrived at Belinda's property to evict John McBrearty and Carl McBrearty. The Plaintiffs allege that sometime after 8:30 p.m. on March 13, 2002, the Police or Sheriffs gave the keys to 649 Seneca Avenue to Belinda, a person who had not lived at that address since October 25, 1996. Plaintiffs allege that Belinda proceeded to rummage through all of the personal belongings, telephone messages, computer, etc. The Plaintiffs allege privacy violations, even though Belinda is not a named party to this action.

On March 14, 2002, the Plaintiff, John McBrearty, called Mr. Sivelli pertaining to his protest permit application. Mr. Sivelli advised that he needed something in writing. A letter was delivered to Maryanne Grace's office stating the intentions of Plaintiff, John McBrearty, pertaining to his one-man peaceful protest.

On March 21, 2002, the Plaintiffs, John McBrearty and Carl McBrearty, attended a Court hearing pertaining to the PFA that was issued against them. The Plaintiffs hired Jay Wills for $525 to defend them from the PFA allegations. The Plaintiffs allege that when it was time for their

attorney, Jay Wills, to talk during the proceedings, Mr. Wills advised them that he wanted to talk to the Judge in the Judge's chambers instead of in open Court. They were evicted. The Plaintiffs have alleged secret proceedings without a Court stenographer and due process violations.

In sum, the Plaintiffs allege that someone at the Courthouse complex solicited Belinda to provide false information to the authorities to have the McBrearty's evicted from the premises, the Sheriff's Department used information that they knew was false to evict the McBreartys, the Sheriff's Department gave Belinda access to the McBreartys' personal possession without consent. The Plaintiffs also have alleged police harassment, due process violation, privacy violation and, lastly, indicate a denial of the freedom of speech because the timing of these events were engineered by the local authorities to deny Plaintiff John McBrearty's said freedom of speech.

Plaintiffs have failed to set forth several facts. Attached as Exhibit "D" is the Petition for Protection from Abuse filed by Belinda McBrearty. The Petition indicates that Plaintiff's address is 1408 Blackrock Road, Swarthmore, Pennsylvania 19081, and 649 Seneca Avenue, Norwood, Pennsylvania 19086. On the application, Belinda states that on March 7, 2002, at approximately 8:00 p.m., John McBrearty threatened repeatedly to kill her and to blow up the house if she ever had him evicted. She indicates that she has been through years of abuse, physical and mental. She has required medical treatment in the past and is very fearful for her life now. She states that John McBrearty owned an AK47, a handgun, a rifle and material to make explosives. She also writes that John has threatened to kill her, physically has thrown her out of the house in the past and injured her. He has also pointed a gun at her. The application for a Protection from Abuse Order was dated March 13, 2002. Before signing the Petition for Protection from Abuse, there is verification which acknowledges that the facts and statements contained in the Petition of Protection from Abuse are

true and correct to the best of Belinda's knowledge. She also understood that any false statements are subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

On March 13, 2002, Judge Ann Osborne entered a Temporary Protection from Abuse Order against John McBrearty and Carl McBrearty. The names of all protected persons, including Plaintiff and minor children/child, are Shirley and Jay Wonderly, Eric McBrearty and Nina McBrearty. This Order mandates that the Defendant is evicted and excluded from the residence at 649 Seneca Avenue, Norwood, Pennsylvania, and 1408 Blackrock Road, Swarthmore, Pennsylvania. On the Order, there is a Notice to Law Enforcement Officials indicating that this Order shall be enforced by the Police who have jurisdiction over the Plaintiff's residence or any location where a violation of this Order occurs or where the Defendant may be located. *See* Temporary Protection from Abuse Order attached hereto as Exhibit "E."

The Plaintiffs' Amendment to Complaint has three paragraphs directed towards the Norwood Borough Police Department. *See* Exhibit "B." They are:

> 1. In paragraph 8, the Plaintiffs assert that the court order indicates there could be bomb manufacturing materials at the house and the Plaintiffs have alleged a claim due to the lack of additional police backup.
>
> 2. In paragraph 9, the Plaintiffs assert that there lies a cause of action because "the woman who waited on me [John McBreaty]. . . said they had no reference materials." It is asserted that this was a lie and he was not assisted with his request.
>
> 3. In paragraph 12, the Plaintiffs state that it is only partially true that Officer Manning was there to direct the sheriffs to the residence, the residence became a congregation for police officers, and because it is mentioned in the police report by Officer Manning that the locks where changed means that the Norwood Borough Police Department was involved in the matter.

*See* Exhibit "B."

## II.  PROCEDURAL HISTORY

Plaintiffs filed suit in this Court on July 9, 2002.  In their Complaint, the Plaintiffs present numerous counts which are extremely vague and ambiguous.  The Complaint was served against Defendant, Norwood Borough Police Department, on August 13, 2002.  The Defendant, Norwood Borough Police Department, presented a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, or, in the alternative, a Motion for a More Specific Pleading, then Defendant Norwood filed an Amended Motion to Dismiss, and then the Plaintiffs filed an Amendment to Complaint.

The Honorable Judge Legrome D. Davis Ordered on April 10, 2003 that any responses to the Plaintiffs' Amendment to Complaint must be filed by April 29, 2003.  This is the Motion of Defendant, Norwood Borough Police Department, to Dismiss the Plaintiffs' Amendment to Complaint.

## III.  STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them.  Dismissal under Rule 12(b)(6) . . . is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proven."  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (*citing* Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988)); *see also* H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 299, 249-50, 106 L. Ed. 2d 195, 109 S. Ct. 2893 (1989).

The Court should only dismiss the complaint if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  H.J. Inc., 492 U.S. at 249-50 (*quoting* Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)).

Dismissal under Rule 12(B)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995). Thus, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on those material points will be introduced at trial." Id. (*citing* 3 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1216 at 156-159.) It is not sufficient to include only "a statement of facts that merely creates a suspicion that the pleader might have a right of action." Id. (citation omitted).

In ruling on a 12(b)(6) Motion, the Court should not assume that the "plaintiff can prove the facts that [they have] not alleged." Associated Gen'l. Contractors of California v. California State Council of Carpenters, 559 U.S. 519, 526 (1993).

IV.    **LEGAL ARGUMENT**

The Norwood Borough Police Department, if even possibly assisting in the eviction of the Plaintiffs, John McBrearty and Carl McBrearty, was acting on the Temporary Protection from Abuse Order signed by Judge Ann Osborne on March 13, 2002. The Plaintiffs have failed to allege any facts to show that the conduct of the Norwood Borough Police Department would elevate to some type of legal cause of action. Simply put, the Norwood Borough Police Department was enforcing an order that was entered by the Court of Common Pleas of Delaware County, Pennsylvania. The Police arrived at approximately 8:00 p.m. on March 13, 2002, to evict Carl and John McBrearty. The Police, pursuant to the Plaintiffs' Complaint, permitted Carl and John McBrearty to put some possessions at a neighbor's home and gave the McBreartys enough time to get some clothing and personal items. The Defendant, Norwood Borough Police Department, did not act improperly.

The Plaintiffs have not alleged any allegations that would impose legal liability on the Norwood Borough Police Department. For example, the Plaintiffs have alleged secret proceedings

–6–

without a Court stenographer and due process violations pertaining to the March 21, 2002, PFA hearing. This allegation cannot be directed toward the Norwood Borough Police Department. The Plaintiffs have alleged that someone at 2001 West Front Street, the Courthouse complex, solicited Belinda to provide false information to the authorities constituted entrapment and due process violations. This again cannot be alleged against Defendant, Norwood Borough Police Department.

The Plaintiffs allege that the Sheriff's Department used information that they knew was false to evict Carl and John McBrearty. However, there are no facts to show that the Sheriff's Office knew of any false information. Furthermore, the Defendant, Norwood Borough Police Department, was simply enforcing a Court Order. There is also an allegation that the Sheriff's Department gave Belinda access to the Plaintiffs' possessions without their consent, alleging privacy violations. Simply put, the Defendant, Norwood Borough Police Department, was only following a Court Order evicting the Plaintiff. Furthermore, the Plaintiffs have admitted that Belinda owned the property in question.

Plaintiffs have alleged some sort of conspiracy by local authorities to deny the Plaintiff, John McBrearty, his freedom of speech. First, the Defendant, Norwood Borough Police Department, was acting pursuant to a Court Order and, second, the Plaintiff has not shown any facts that would maintain his conspiracy theory.

In accordance with 42 U.S.C. § 1985:

> If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protections of the law, or of equal privileges and immunities into the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State of Territory, the equal protection of the law; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to

> vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engage therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 198553(3).

A party is entitled to relief pursuant to 42 U.S.C. § 1985(3) only if the alleged conspiracy is motivated by some class based, invidiously discriminatory intent. Griffin v. Brechenridge, 403 U.S. 88, 102 (1971), emanating from either a racial or gender based animum. Roe v. Operation Rescue, 710 F. Supp. 577, 581 (E.D. Pa. 1989) *aff'd*, 919 F.2d 857 (3d Cir. 1990); Janicsko v. Pellman, 774 F. Supp. 331, 335 N.2 (M.D. Pa. 1991), *aff'd*, 970 F.2d 899 (3d Cir. 1992); *see also* Brownell v. State Farm Mutual Insurance Co., 757 F. Supp. 526, 542 (E.D. Pa. 1991) (reaffirming the United States Supreme Court's statement that it is a close question whether 1985(3) was intended to reach any class-based animus other than that against individuals due to their race).

In Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989), the Court held:

> in order to state a claim under 1985(3), a Plaintiff must allege the Defendants, motivated by a class-based invidiously discriminatory animus, conspired to deprive Plaintiff of the equal protection of the laws or of the equal privileges and immunities under the law and that Plaintiff was thereby injured.

Numerous Circuits have held that conclusory allegations of a conspiracy cannot withstand a Motion to Dismiss. *See e.g.*, Shirey v. Bensalem Township, 501 F. Supp. 1138 (E.D. Pa. 1980); Slotnick v. Staviskey, 560 F.2d 31 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077, 98 S. Ct. 1268, 55

–8–

L. Ed. 2d 783 (1978); <u>Ostrer v. Aronwald</u>, 567 F.2d 551 (2d Cir. 1977). In <u>Ostrer</u>, the Second Circuit stated:

> This Court has repeatedly held that Complaints containing only "conclusory", "vague", or "general allegations" of a conspiracy to deprive a person of constitutional rights will be dismissed. (citations omitted). Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct. . . . In this case, appellant's unsupported allegations, which fail to specify in detail the factual basis necessary to enable appellees intelligently to prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive appellants of their constitutional rights.

567 F.2d at 553.

Plaintiffs fail to set forth those specific grounds supporting their claim for conspiracy and violation of 42 U.S.C. § 1985(3). The Complaint is completely lacking in any allegations or reference to the Plaintiffs' membership in a class afforded the protection of § 1985(3). Moreover, Plaintiffs' allegations of conspiracy are devoid of any underlying specific factual basis with regard to the Defendant, Norwood Borough Police Department. The requisite level of specificity therefore has not been met by this Complaint and Plaintiffs have failed to present a valid claim under 42 U.S.C. § 1985(3).

Plaintiffs also allege malicious prosecution in their Complaint. Once again, the Plaintiffs have failed to establish a successful claim for malicious prosecution. For that claim to exist, the Plaintiff must show that the Defendant "instituted proceedings without probable cause, with malice, and that the proceedings were terminated in favor of the Plaintiff." <u>Cosmas v. Bloomingdale's Broks., Inc.</u>, 442 Pa. Super. 476, 491, 660 A.2d 83, 85 (1995). Plaintiffs' allegations in and of themselves establish that the Plaintiffs cannot satisfy the necessary elements to maintain the valid cause of action for malicious prosecution. The Plaintiffs cannot prove that Defendant, Norwood Borough Police Department, instituted proceedings against them.

The Plaintiffs have claimed throughout their pleadings that they should not have been evicted from the premises. However true their claim may be, the Delaware County Court of Common Pleas issued a Final Order mandating that the Plaintiffs be evicted and excluded from the residence. *See* Exhibit "F," Order rendered by the Honorable Judge Barry C. Dozor. But then, the Plaintiffs claim that they are entitled to a claim against Norwood for the failure of Norwood to provide additional officers to evict the Plaintiff. *See* Exhibit "B" at paragraph 8.

Lastly, Norwood Borough Police Department's Police Officers should be afforded qualified immunity and this should be imputed to Norwood Borough Police Department. In Forbes v. Township of Lower Merion, 313 F.3d 144, 146 (3d Cir. 2002), the Court outlined qualified immunity stating:

> Qualified immunity insulates from civil liability government officials performing discretionary functions insofar as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 97 L.Ed.2d 523, 107 S. Ct. 3034 (1987). In assessing a claim of qualified immunity, we must review the law relevant to the official's behavior and ask whether the official could have believed that his or her actions were justified by law. *See Good v. Dauphin Cty. Soc. Sercs.*, 891 F.2d 1087, 1094 (3d Cir. 1989). The second part of this inquiry contains two components. To overcome the defense of qualified immunity, (1) the facts, "taken in the light most favorable to the party asserting the injury, [must] show the officer's conduct violated a constitutional right," *Saucier v. Katz*, 533 .S. 194, 201, 150 L.Ed.2d 272, 121 S. Ct. 2151 (2001), and (2) "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640.
>
> Qualifying immunity is defeated if an official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." *Wood v. Strickland*, 420 U.S. 308, 322, 43 L.Ed.2d 214, 95 S. Ct. 992 (1975). The doctrine aims to exclude "the plainly incompetent" and "those who knowingly violate the law" while accommodating reasonable "mis-

>taken judgments." *Hunter v. Bryant*, 502 U.S. 224, 229, 116 L.Ed.2d 589, 112 S. Ct. 534 (1991) (citation and internal quotation marks omitted). If an official could have reasonable believed that his or her actions were lawful, the official receives immunity even if in fact the actions were not lawful.

Furthermore, qualified immunity is not a mere defense from liability, it is an entitlement not to stand trial or face the other burdens of litigation. Mitchell v. Forsyth, 472 U.S. 511, 526, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985). It should be decided at the earliest possible stage in litigation. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).

Here, it is clear that Officer Manning is afforded qualified immunity. Pursuant to the facts of the matter, Officer Manning only directed the Delaware County Sheriffs Officer to the residence. Even if his participation was to be considered more, he was simply enforcing a Court Order. He felt there was probable cause, "facts and circumstances within the officer's knowledge sufficient to warrant a person believing" that the eviction should occur. Beck v. Ohio, 379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 2223 (1964).

Officer Manning's behavior was justified and reasonable. His conduct did not violate a constitutional right of the Plaintiff and therefore, the Plaintiff's Complaint must be dismissed with prejudice against the Norwood Borough Police Department.

In sum, the Plaintiffs' vague and ambiguous Complaint fails to set forth any allegations that would hold the Defendant, Norwood Borough Police Department, legally liable. The Plaintiffs have failed to set forth facts to support their claims. Therefore, Defendant, Norwood Borough Police De-

–12–

partment, requests that this Honorable Court enter an Order granting its Motion to Dismiss the Plaintiffs' Complaint, with prejudice.

                Respectfully submitted,

                MARGOLIS EDELSTEIN

By: _____
    Carl J. DiCampli, Esquire
    Identification No. 87004

    Christopher J. Pakuris, Esquire
    Identification No. 31179

    The Curtis Center, Fourth Floor
    Independence Square West
    Philadelphia, PA  19106-3304
    (215) 922-1100

    Attorneys for Defendant,
    Norwood Borough Police Department

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBREARTY; <br> CARL MCBREARTY; and <br> NINA MCBREARTY <br><br> v. <br><br> DELAWARE COUNTY SHERIFFS DEPARTMENT; NORWOOD BOROUGH POLICE DEPARTMENT; DELAWARE COUNTY; and MEDIA BOROUGH | CIVIL ACTION NO. 02-4553 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion of Defendant, Norwood Borough Police Department, to Dismiss Plaintiffs' Amendment to Complaint, has been served this _____ day of April, 2003, by first-class United States mail, postage pre-paid, addressed as follows:

John McBrearty
928 Delview Drive
Folcroft, PA 19032
Plaintiff, *pro se*

Carl McBrearty
928 Delview Drive
Folcroft, PA 19032
Plaintiff, *pro se*

Nina McBrearty
Amosland Road
Rosedale Apartments
Holmes, PA
Plaintiff, *pro se*

Thomas C. Gallagher, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063
Attorney for Defendants, Delaware County
and Delaware County Sheriffs Department

James M. Caponi, Esquire
Marshall Dennehey Warner Coleman & Goggi
One Montgomery Plaza, Suite 1002
Norristown, PA 19401
Attorney for Defendant, Media Borough

_____
Carl J. DiCampli