**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **John McBrearty** | : | **No. 02-4553** |
| **Carl McBrearty and Nina McBrearty** | : | |
| | | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| | | |
| **Delaware County Sheriff's Department** | : | |
| **Norwood Borough Police Department** | : | |
| **Delaware County and Media Borough** | : | |

## ORDER

**AND NOW,** this                    day of                         , 2002, upon consideration of the

Motion to Dismiss filed by the Defendants, Delaware County and Delaware County Sheriff's Department and

any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion to Dismiss filed by the

Defendants, Delaware County and Delaware County Sheriff's Department, is **GRANTED** and judgment is

entered in favor of Defendants, Delaware County and Delaware County Sheriff's Department, and against

Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, with prejudice.

BY THE COURT:

_____
                                                                                          J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| John McBrearty | : | No. 02-4553 |
| Carl McBrearty and Nina McBrearty | : | |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Delaware County Sheriff's Department | : | |
| Norwood Borough Police Department | : | |
| Delaware County and Media Borough | : | |

**MOTION OF DEFENDANTS, DELAWARE COUNTY**
**AND DELAWARE COUNTY SHERIFF'S DEPARTMENT**
**TO DISMISS PLAINTIFFS' AMENDMENT TO COMPLAINT**

Defendants, Delaware County and Delaware County Sheriff's Department, by and through their

counsel, Holsten & Associates, hereby moves this Honorable Court to enter an Order dismissing Plaintiffs'

Amendment to Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in support

thereof, avers as follows:

1.      The Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, filed an action in this

Court against Defendants, Delaware County and Delaware County Sheriff's Department, and co-Defendants,

Norwood Borough Police Department and Media Borough. (See Plaintiffs' Complaint attached hereto as

Exhibit "A").

2.      The Plaintiff then filed an Amended Complaint.  (See Plaintiffs' Amendment to  Complaint

attached hereto as Exhibit "B").

3.      The Plaintiffs' Complaint and Amendment to Complaint, it is believed, alleged harassment,

due process violations, privacy violations, entrapment, secret proceedings without a court stenographer,

Freedom of Speech violations, malicious prosecution, etc.

4.      The Plaintiffs' Complaint and Amendment to Complaint fails to conform with the Federal

Rules of Civil Procedure, specifically, Federal Rule of Civil Procedure, Rule 8, which mandates that a

pleading must set forth a claim for relief, shall contain a short and plain statement of the grounds upon which

the Court's jurisdiction depends, shall contain a short and plain statement of the claim showing the pleader is

entitled to relief, and demand for judgment for relief the pleader seeks.

5.      The Plaintiffs' Complaint has failed to set forth the Court's jurisdiction to hear this matter,

the relief sought and that the pleaders are entitled to said relief.

6.      Notwithstanding the jurisdiction issues and Federal Rules of Civil Procedure issues, the

Plaintiffs have failed to state a claim upon which relief can be granted.

7.      The Plaintiffs have failed to set forth any facts that could possibly prove their broad

allegations of illegal harassment by law enforcement, entrapment, due process violations, privacy violations,

malicious prosecution, secret proceedings without a Court stenographer, Freedom of Speech violations, etc.

8.      Defendants, Delaware County and Delaware County Sheriff's Department, incorporates

herein by reference the following Memorandum of Law in support of the present Motion.

9.      Investigation in this matter reveals that the only involvement of the Delaware County

Sheriff's Department was to escort a Protection from Abuse Petitioner, Belinda McBrearty, to 649 Seneca

Avenue, Norwood, Pennsylvania where the Plaintiffs resided.

10.      The Delaware County Sheriff's Department was directed to assist  Belinda McBrearty,

pursuant to an Order signed by the Honorable Anne Osborne, Judge, Delaware County Court of Common

Pleas, concerning a Temporary Protection from Abuse Order and Eviction requested by Belinda McBrearty

against Plaintiffs John McBrearty and Carl McBrearty.  (See Delaware County Court of Common Pleas

Temporary Protection from Abuse Order signed by Judge Osborne on March 13, 2002 attached hereto as

Exhibit "C".  See also Delaware County Sheriffs Service Form dated 3/13/02 and signed by Plaintiff's wife's

attorney, Kathleen Piperno, Esquire, requesting the Defendant, Delaware County Sheriff's Office to assist in

the "Court Ordered Eviction" of Plaintiff herein, John McBrearty.  (Attached as Exhibit "D").

11.      The request for Protection from Abuse Petition, it is believed, was prepared by Belinda

McBrearty who was in a contentious divorce battle with Plaintiff John McBrearty.  (See Petition for

Protection from Abuse filed in the Delaware County Court of Common Pleas on March 13, 2002 and the allegations alleged by Belinda McBrearty. The Protection from Abuse Petition is attached hereto as Exhibit "E").

12.     The Defendant Delaware County Sheriff's Department was at the location concerning the eviction of the Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty at the direct order of Judge Osborne and "written request of Belinda McBrearty's attorney. (See Exhibit "F").

13.     Plaintiff John McBrearty also alleges that his Freedom of Speech rights were violated when an individual or individuals failed to act timely on his request to participate in a "peaceful demonstration" outside the Media Courthouse in Delaware County. Plaintiff alleges in his "Complaint" that the Media Parks Commissioner failed to issue a permit. The Media Parks Commissioner is not under the jurisdiction of the County of Delaware. The issuance of permits for any demonstration outside the Media Courthouse is governed by the ordinances of the municipality in which the Courthouse is situated, Media, Pennsylvania. Defendant, Delaware County has no authority to permit or deny permits for any demonstration outside the four walls of the Courthouse.

14.     Plaintiff admits in his "Complaint" that he was directed to the Media Borough for the issuance of a permit at the suggestion of representatives of Delaware County Government. Plaintiff does not allege that the failure to issue a permit in a timely fashion for a "peaceful demonstration" was the result of any actions or lack of actions by any Defendant working for Delaware County.

15.     Plaintiff in his Complaint and Amendment to Complaint, states that he never followed up with the County of Delaware concerning his "peaceful demonstration" after March 14, 2002 when he sent a letter to Delaware County's Executive Director, Maryann Grace. Plaintiff was evicted from 649 Seneca Avenue, Norwood, Pennsylvania on March 13, 2002.

16.     If Plaintiff wishes to pursue the permit for a peaceful demonstration in front of the Delaware County Courthouse, the undersigned attorney will personally walk him through the process at no cost to

Plaintiff.  Plaintiff has failed to pursue his permit. It has never been denied.

      **WHEREFORE,**   Defendants, Delaware County and Delaware County Sheriff's Department,

respectfully request that this Honorable Court grant this Motion and **DISMISS** Plaintiffs' Complaint and

Amendment to Complaint, **WITH PREJUDICE** .

            Respectfully Submitted,

            **HOLSTEN & ASSOCIATES**

      **BY:** _____

            **THOMAS C. GALLAGHER, ESQUIRE**
            **I.D. #27156**
            **One Olive Street**
            **Media, PA 19063**
            **610-627-2438**
            **Attorney for Defendants, Delaware County**
            **and Delaware County Sheriff's Department**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **John McBrearty** | : | **No. 02-4553** |
| **Carl McBrearty and Nina McBrearty** | : | |
| | | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| | | |
| **Delaware County Sheriff's Department** | : | |
| **Norwood Borough Police Department** | : | |
| **Delaware County and Media Borough** | : | |

**MEMORANDUM OF LAW OF DEFENDANTS, DELAWARE COUNTY**
**AND DELAWARE COUNTY  SHERIFF'S DEPARTMENT,**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
**AND PLAINTIFFS' AMENDMENT TO COMPLAINT**

**I.      STATEMENT OF FACTS[1]**

Plaintiffs have alleged a timeline of events starting on March 5, 2002 through March 21, 2002.  The

Plaintiff, John McBrearty, goes into specific detail on his efforts to obtain a permit for a "peaceful one-person

protest."  He maintains that on March 5, 2002, he went to the Media Police station and requested an

application for a permit for public gathering (even though it was a peaceful one-person protest).  He was

given the business card of Jeffrey Smith (Media Borough Manager) and was informed Mr. Smith's signature

was required on the approval of any such application.

On March 7, 2002, the Plaintiff spoke with Jeffrey Smith pertaining to the permit. Mr. Smith advised

that there was a Media Borough Ordinance that required the Plaintiff to receive in writing a letter from

whomever was responsible for the property.  Mr. Smith then advised that Maryann Grace was the one

responsible.

On March 12, 2002, Plaintiff John McBrearty spoke with Maryann Grace pertaining to the permit.

---

1 Defendants herein, acknowledge and incorporate the excellent Memorandum of Law sections filed by co-
Defendants, Norwood Borough Police Department and Media Borough.

(Maryann Grace is the Executive Director for Defendant, County of Delaware).  She advised that she needed to talk to some additional people and later informed Mr. McBrearty that he needed to get approval from Sam Sivelli, the Media Park Commissioner.  Plaintiff, John McBrearty, then called Sam Sivelli, who advised that he had to talk to some other people and he would get back to Plaintiff.

On March 13, 2002, the Plaintiff alleges that sometime before 4:00 P.M., someone from the Courthouse complex called his ex-wife, Belinda McBrearty, at her work and told her to come down to the Courthouse to fill out some papers because the Plaintiff and his son, Carl were to be evicted. (Carl is also a named Plaintiff in this matter).  Belinda was the owner of the property where the Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty lived. The Plaintiffs allege that Belinda filed two separate Protection from Abuse Petitions ("hereinafter PFA's") with eviction orders against John McBrearty and Carl McBrearty.  The Plaintiffs allege that PFA's were initiated by someone at the Courthouse and contained false information.

On March 13, 2002, at approximately 8:00 P.M., the co-Defendant, Norwood Police, arrived at Belinda's property to evict John McBrearty and Carl McBrearty. The Plaintiffs allege that sometime after 8:30 P.M. on March 13, 2002, the Norwood Police or Defendant Delaware County Sheriff's gave the keys to 649 Seneca Avenue to Belinda, a person who had not lived at that address since October 25, 1996.  Plaintiffs allege that Belinda proceeded to rummage through all the personal belongings, telephone messages, computer, etc.  Plaintiffs allege privacy violations, even though Belinda is not a named party to this action.

On March 14, 2002, the Plaintiff, John McBrearty, called Mr. Sivelli pertaining to his protest permit application. Mr. Sivelli advised that he needed something in writing. A letter was delivered to Maryann Grace's office stating the intentions of Plaintiff, John McBrearty pertaining to his "one-man peaceful protest."

On March 21, 2002, the Plaintiffs, John McBrearty and Carl McBrearty, attended a Court Hearing pertaining to the Temporary PFA that was issued against them by the Honorable Ann Osborne of the Delaware County Court of Common Pleas.  The Plaintiffs hired Jay Wills for $525 to defend them from the

PFA allegations. The Plaintiffs allege that when it was time for their attorney, Jay Wills, to talk about the proceedings, Mr. Wills advised the Plaintiffs that he wanted to speak to the Judge in the Judge's Chambers instead of in open Court. Subsequently, the Plaintiffs were permanently evicted. The Plaintiffs now have alleged "secret proceedings without a Court stenographer" and due process violations.

In sum, the Plaintiffs' allege that someone at the Courthouse complex solicited Belinda to provide false information to the authorities to have the McBrearty's evicted from the premises, the Sheriff's Department used information that they knew was false to evict the McBrearty's, the Sheriff's Department gave Belinda access to the McBreartys' personal possessions without consent. The Plaintiffs also have alleged police harassment, due process violations, privacy violations and lastly, indicate a denial of the Freedom of Speech because the timing of the events were engineered by the local authorities to deny Plaintiff McBrearty's said Freedom of Speech.

Plaintiffs have failed to set forth several facts. Attached as Exhibit "D" is the Petition for Protection from Abuse filed by Belinda McBrearty. It indicates that the Plaintiffs' address is 1408 Blackrock Road, Swarthmore, Pennsylvania 19081 and 649 Seneca Avenue, Norwood, Pennsylvania 19074. On the application, Belinda states that on March 7, 2002, at approximately 8:00 P.M., John McBrearty threatened repeatedly to kill her and to blowup the house if she ever had him evicted. She indicates that she has been through years of abuse, physical and mental. She has required medical treatment in the past and is very fearful for her life now. She states the John McBrearty owned an A.K. 47, a handgun, a rifle and material to make explosives. She also writes that John has threatened to kill her, physically has thrown her out of the house in the past and injured her. He has also pointed a gun at her. The application for a Protection for Abuse Order was dated March 13, 2002 and in Belinda McBreaty's handwriting. Before signing the Petition for Protection from Abuse, there is a Verification which acknowledges that the facts and statements contained in the Petition for Protection from Abuse are true and correct to the best of Belinda's knowledge. She also understood that any false statements are subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn

falsification to authority.

On March 13, 2002, Judge Ann Osborne of the Delaware County Court of Common Pleas entered a Temporary Protection from Abuse Order against John McBrearty and Carl McBrearty, Plaintiffs in this matter. The name of all protected persons, included Belinda McBrearty and minor children/child, Shirley and Jay Wonderly, Eric McBrearty and Nina McBrearty (coincidentally named as a Plaintiff in the within matter). This Order mandates that the "Defendants, John & Carl McBrearty are evicted and excluded from the residence at 649 Seneca Avenue, Norwood, Pennsylvania and 1408 Blackrock Road, Swarthmore, Pennsylvania. On the Order, there is a Notice to Law Enforcement Officials indicating that this Order shall be enforced by the police who have jurisdiction over the Plaintiffs' residence or any location where a violation of this Order occurs or where the Defendant may be located. (See Temporary Protection from Abuse Order attached hereto as Exhibit "C").

## II.    PROCEDURAL HISTORY

Plaintiffs filed suit in this Court on July 9, 2002. In their Complaint and Amendment to Complaint, the Plaintiffs present numerous counts which are extremely vague and ambiguous. The Defendants, Delaware County and Delaware County Sheriff's Department, now present a Motion to Dismiss Plaintiffs' Complaint and Amendment to Complaint for failure to state a claim upon which relief can be granted.

## III.    STANDARD OF REVIEW

When considering a Motion to Dismiss a Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court must "accept as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6)… is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proven." Markowitz vs. Northeast Land Co., 906 F. 2d 100, 103 (3d Cir. 1990) (citing Ransom vs. Marrazzo, 848 F. 2d 398, 401 (3d Cir. 1988); see also H.J. Inc. vs. Northwestern Bell Tel Co., 492 U.S. 229, 106 L. Ed. 2d 195, 109 S.Ct. 2893 (1989).

The Court should only dismiss the Complaint if "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegation." H. J. Inc., 492 U.S. at 249-50 (quoting Hishon vs. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S.Ct. 2229 (1984)). Dismissal under Rule 12(b)(6) is proper if the Complaint lacks an allegation regarding an element necessary to obtain relief. Campbell vs. The City of Antonio, 42 F. 3d 973, 975 (5th Cir. 1995). Thus, "the Complaint must contain either direct allegations on every material point necessary to sustain a recovery…or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. (citing 3 Wright & Miller, Federal Practice and Procedure: Civil 2d §1216 at 156-159). It is not sufficient to include only "a statement of facts that merely creates a suspicion that a pleader might have a right of action." Id. (citation omitted).

In ruling on a 12(b)(6) Motion, the Court should not assume that the "plaintiff can prove the facts that [they have] not alleged." Associated Gen'l Contractors of California vs. California State Council of Carpenters, 559 U.S. 519, 526 (1993).

## IV.    LEGAL ARGUMENT

The Defendant, Delaware County Sheriff's Department, in evicting the Plaintiffs, John McBrearty and Carl McBrearty, were acting on the Temporary Protection from Abuse and Eviction Order signed by Judge Ann Osborne of the Delaware County Court of Common Pleas on March 13, 2002. The Plaintiffs have failed to allege any facts to show that the conduct of the Delaware County Sheriff's Department would elevate to some type of legal cause of action. Simply put, the Delaware County Sheriff's Department was enforcing an Order that was entered by the Court of Common Pleas of Delaware County, Pennsylvania.

The Delaware County Sheriff's Department arrived at 649 Seneca Avenue, Norwood, Pennsylvania at approximately 6:30 P.M., not 8:00 P.M. as alleged by Plaintiff, on March 13, 2002 to evict Carl & John McBrearty. The Sheriff's Department was assisted by the co-Defendant Norwood Police, which is standard operating procedure when there is an allegation in a Protection from Abuse Order noting weapons in the

possession of the person to be evicted. (See Exhibit "D"). The Sheriff's Department and the police, pursuant to the Plaintiffs' Complaint and Amendment to Complaint, permitted Carl and John McBrearty to put some possessions at a neighbor's home and gave the McBreartys enough time to get some clothing and personal items. The Defendant, Delaware County Sheriff's Department and the co-Defendant Norwood Borough Police Department, did not act improperly but acted only pursuant to an Eviction Order duly signed by a Judge of the Court of Common Pleas of Delaware County.

The Plaintiffs have not alleged any allegations that would impose legal liability on the Defendants Delaware County or Delaware County Sheriff's Department. For example, the Plaintiffs have alleged secret proceedings without a Court stenographer and due process violations pertaining to the March 21, 2002 PFA Hearing. This allegation cannot be directed toward the County of Delaware or the Delaware County Sheriff's Department.

The Plaintiffs have alleged that someone at 201 W. Front Street, the Courthouse Complex, solicited Belinda to provide false information to the authorities constituted entrapment and due process violations. This again cannot be alleged against the Defendants County of Delaware or the Delaware County Sheriff's Department as the Petition requesting the Protection from Abuse was prepared by Belinda McBrearty. Additionally, the Eviction Order was entered by the Judge after reviewing the Protection from Abuse Petition prepared by a non-party, Belinda McBrearty. There is no allegation by the Plaintiff that the County of Delaware or the Sheriff's Department prepared the Protection from Abuse Petition or forged Belinda McBrearty's signature on same. Additionally, the Request for Assistance by the Sheriff's Department in this "Court Ordered Eviction" was prepared by the attorneys for Belinda McBrearty, Michael Raffaele, Esquire and Kathleen Piperno, Esquire. (See Exhibits "D" and "F", respectively).

The Plaintiffs allege that the Sheriff's Department used information that they knew was false to evict Carl and John McBrearty. However, there are no facts to show that the Sheriff's Department knew of any false information. Additionally, the Court evaluated the Petition from Belinda McBrearty which contained

the Verification signed by Belinda McBrearty on March 13, 2002. (See Exhibit "C"). Furthermore, the

Sheriff's Department was simply enforcing a Court Order of a Common Pleas Judge. (See Exhibit "D").

There was also an allegation that the Sheriff's Department gave Belinda access to the Plaintiffs' possessions

without their consent, alleging privacy violations. Simply put, the Defendant, Delaware County Sheriff's

Department, was only following a Court Order evicting the Plaintiffs. Furthermore, the Plaintiffs have

admitted that Belinda owned the property inquestion.[2]

Plaintiffs have alleged some sort of conspiracy by local authorities to deny the Plaintiff, John

McBrearty, his Freedom of Speech. First, the Defendant, Delaware County Sheriff's Department, was acting

pursuant to a Court Order and second, the County of Delaware in the person of the Executive Director for the

County, Maryann Grace, advised Mr. McBrearty specifically as to how he was to obtain a permit to have a

"peaceful one-man" demonstration in front of the Courthouse. Third, the Plaintiff never, to this date, pursued

his permit for a peaceful demonstration. The permit has not been denied, contrary to Plaintiff's boldface

assertions. And, fourthly, the Plaintiff has not shown any facts that would maintain his conspiracy theory. A

party is entitled to relief pursuant to 42 U.S.C. §1985(3) only if the alleged conspiracy is motivated by some

class base, invidiously discriminatory intent, Griffin vs. Brechenridge, 403 U.S. 88, 102 (1971), emanating

from either a racial or gender based animus, Reo vs. Operation Rescue, 710 F. Supp. 577, 581 (E.D. Pa.

1989) affirmed, 919 F. 2d 857 (3d Cir. 1990); Janicsko vs. Pelman, 774 F. Supp. 331, 335 N.2 (M.D. Pa.

---

[2] It should be noted that the Court of Common Pleas of Delaware County initially entered an Order on July 2, 2001 that Defendant John J. McBrearty was to be evicted from the premises known as 649 Seneca Avenue, Norwood, Delaware County and was not to return to same for any reason. Additionally, "if necessary, the Defendant is to be forcibly removed from said premises by the Sheriff of Delaware County." The Plaintiff John McBrearty was given time to remove himself and his possession and when he failed to do so, the Court entered another Order noting that Mr. McBrearty was to be forcibly removed on March 13, 2002. (See Exhibit "C" and "G", respectively).

1991), affirmed 970 F. 2d 899 (3d Cir. 1992); see also Brownell vs. State Farm Mutual Insurance

Company,757 F. Supp. 526, 542 (E.D. Pa. 1991) (reaffirming the United States Supreme Court's statement

that it is a closed question whether §1985(3) was intended to reach any class-based animus other than that

against individuals due to their race).

In <u>Bougher vs. University of Pittsburgh</u>, 882 F. 2d 74, 79 (3d. Cir. 1989), the Court held:

> "In order to state a claim under §1985(3), a Plaintiff must allege that Defendants, motivated by a class-based invidiously discriminatory animus, conspired to deprive Plaintiff of the equal protection of the laws or other the equal privileges and immunities under the law and that Plaintiff was thereby injured."

Numerous Circuits have held that conclusory allegations of a conspiracy cannot withstand a Motion to Dismiss.  See E.G., <u>Shirey vs. Bensalem Township</u>, 501 F. Supp. 1138 (E.D. Pa. 1980); <u>Slotnick vs. Staviskey</u>, 560 F.2d 31 (1st Cir. 1977), c*ert denied*, 434 U.S. 1077, 98 S.Ct. 1268, 55 L. Ed. 2d 783 (1978); <u>Ostrer vs. Aronwald</u>, 567 F.2d 551 (2d Cir. 1977).  In <u>Ostrer</u>, the Second Circuit stated:

> This Court has repeatedly held that Complaint containing only "conclusory", "vague", or "general allegations" of a conspiracy to deprive a person of constitutional rights will be dismissed.  (citations omitted).  Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct… In this case, Appellate's unsupported allegations, which fail to specify in detail the factual basis necessary to enable Appellees intelligently to prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive appellants of their constitutional rights."

567 F.2d at 553.

Plaintiffs fail to set forth those specific grounds supporting their claim for a conspiracy and violation of 42 U.S.C. §1985(3).  The Complaint and the Amendment to Complaint is completely lacking in any allegations or reference to the Plaintiffs' membership in a class afforded the protection of §1985(3). Moreover, Plaintiffs' allegations of conspiracy are devoid of any underlying specific factual basis with regard to the Defendants, County of Delaware and the Delaware County Sheriff's Department. The requisite level of specificity therefore has not been met by this Complaint and the Plaintiffs have failed to present a valid claim under 42 U.S.C. §1985(3).

Plaintiffs also allege malicious prosecution in their Complaint. Once again, the Plaintiffs have failed to establish a successful claim for malicious prosecution. For that claim to exist, the Plaintiffs must show that the Defendants "instituted proceedings without probable cause, with malice, and that the proceedings were

terminated in favor of the Plaintiffs." <u>Cosmas vs. Bloomingdale's Broks., Inc.</u>, 442 Pa. Super. 476, 491, 660 A.2d 83, 85 (1985). Plaintiffs' allegations in and of themselves establish that the Plaintiffs cannot satisfy elements to maintain the valid cause of action for malicious prosecution.  The Plaintiffs cannot prove that the Defendants, Delaware County or the Delaware County Sheriff's Department, instituted proceedings against them.  In fact, the proceedings against the McBreartys were instituted by McBrearty's wife who is an unnamed party in this matter, and the eviction assistance was requested by Belinda McBrearty's attorneys. (See Exhibit "D" and "F").[3]

This lawsuit has been filed because of the frustrations of John McBrearty, in his long standing divorce battle with his wife and her attorneys.  He has lost every battle with his wife in the Delaware County Court of Common Pleas, and has begun lashing out at anyone in his view.  The County of Delaware wants to give him his permit for his "peaceful demonstration."  All he has to do is contact the undersigned counsel and counsel will walk him through the procedures, (at no charge).

Finally, Mrs. McBrearty's allegations in her Protection from Abuse Petition, of weapons in Plaintiff's house, were confirmed during the March 13, 2002 eviction. There is no way the Sheriff would have known of this cache of operable weapons unless so advised by Belinda McBrearty. (See Exhibit "H", a list of operable weapons owned by John McBrearty and found inside 649 Seneca Avenue, during the eviction.)

In sum, the Plaintiffs' vague and ambiguous Complaint fails to set forth any allegations that would hold the Defendants, Delaware County and Delaware County Sheriff's Department, legally liable.  The Plaintiffs have failed to set forth facts to support their claims. Therefore, Defendants, Delaware County and Delaware County Sheriff's Department, request that this Honorable Court enter an Order granting its Motion to Dismiss the Plaintiffs' Complaint and Amendment to Complaint with prejudice.

Respectfully Submitted,

---

[3] On numerous occasions, in an attempt to help Plaintiff McBrearty, the undersigned counsel has advised Plaintiff that he named the wrong parties, he's in the wrong venue and his wife and her attorney prepared the Protection from Abuse Petition. Counsel also advised that a PFA's are not prepared by the Delaware County Sheriff.

BY:      _____

                **THOMAS C. GALLAGHER, ESQUIRE**
                **I.D. #27156**
                **One Olive Street, Media, PA 19063**
                **610-627-2438**
                **Attorney for Defendants, Delaware County**
                **and Delaware county Sheriff's Department**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


John McBrearty                          :          No. 02-4553
Carl McBrearty and Nina McBrearty       :

         vs.                            :          **JURY TRIAL DEMANDED**

Delaware County Sheriff's Department    :
Norwood Borough Police Department       :
Delaware County and Media Borough       :

<u>CERTIFICATE OF SERVICE</u>

         I, Thomas C. Gallagher, Esquire, counsel for Defendants, Delaware County Sheriff's Department and

Delaware County, only, hereby state that a true and correct copy of the Motion of Defendants Delaware

County and Delaware County Sheriff's Department to Dismiss Plaintiffs' Complaint and Amendment to

Complaint has been Electronically filed with the Clerk of Court and sent via First Class mail to the following,

on the date listed below:

John McBrearty          James Caponi, Esquire          Carl J. DiCampli, Esquire
928 Delview Drive       **Marshall, Dennehey**         **Margolis Edelstein**
Folcroft, PA 19032      **Warner, Coleman & Goggin**   The Curtis Center, 4th Floor
                        One Montgomery Plaza           Independence Square West
                        Suite 1002                     Philadelphia, PA 19106-3304
                        Norristown, PA 19401


Carl McBrearty          Nina McBrearty
928 Delview Drive       Amosland Road, Rosedale Apartments
Folcroft, PA 19032      Holmes, PA. 19043

                                  **Respectfully Submitted,**
                                  **HOLSTEN & ASSOCIATES**


                    **BY:** _____
                                  **Thomas C. Gallagher, Esquire**
                                  **Attorney for Defendant, Delaware County Sheriff's**
                                  **Department and Delaware County, ONLY**


Dated: April 29, 2003