IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MCBREARTY, et al.          :          CIVIL ACTION
                                :
            v.                  :
                                :
DELAWARE COUNTY SHERIFFS'       :
DEPARTMENT, et al.              :          NO. 02-4553

MEMORANDUM ORDER

        Plaintiffs' pro se complaint arises from a series of
events occurring between March 5 and March 21, 2002.  Plaintiffs
assert a laundry list of claims against various government
entities: entrapment, due process violations, police harassment,
privacy violations, malicious prosecution, and First Amendment
violations.  Presently before the court is defendant Borough of
Media's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant
to Fed. R. C. P. 12(b)(6).

        Dismissal for failure to state a claim is appropriate
when it clearly appears that plaintiff can prove no set of facts
to support the claim that would entitle him to relief.  See
Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Robb v. City of
Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  Such a motion
tests the legal sufficiency of a claim accepting the veracity of
the claimant's allegations and all reasonable inferences drawn
therefrom.  See Markowitz v. N.E. Land Co., 906 F.2d 100, 103 (3d
Cir. 1990); Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).
A claim may be dismissed when the facts alleged are legally
insufficient to support the relief sought.  See Pennsylvania ex

rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179 (3d Cir. 1988).

A pro se complaint must be judged by less stringent standards than a formal pleading drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  See also Urrutia v. Harrisburg County Police Department, 91 F.3d 451, 456 (3d Cir. 1996); Evans v. Vaughn, 1998 WL 135096, *2 (E.D. Pa. Mar. 24, 1998); Miller v. Hahnemann Univ. Hosp., 1994 WL 236447 (E.D. Pa. May 26, 1994).  A plaintiff acting pro se will be given "the opportunity to offer supporting evidence of his allegations unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Evans, 1998 WL 135096, *2 (quoting Haines, 404 U.S. at 520-21).

The pertinent facts as alleged by plaintiffs are as follow.  On March 5, 2002, plaintiff John McBrearty went to the Media Police Station and requested an application for a permit to hold a public gathering.  Plaintiff was told to contact Jeffrey Smith, the Media Borough Manager, whose signature was required to approve the application.  Plaintiff contacted Mr. Smith and informed him of his intention to hold a "peaceful one person protest" on the lawn of the Media Courthouse.  Mr. Smith informed plaintiff that he would first need to obtain a letter from

Maryann Grace, the Executive Director for Delaware County, because Delaware County was responsible for the property.

On the morning of March 12, 2002, plaintiff spoke with Ms. Grace, who said she needed to speak with some additional people and that she would call him back. Later that afternoon, Ms. Grace's assistant called plaintiff and informed him that he would need approval from Sam Sivelli, the Media Park Commissioner. Plaintiff spoke with Mr. Sivelli, who asked plaintiff some logistical questions about his proposed demonstration, then said he would speak to some people and would get back to plaintiff.

On March 13, 2002, John McBrearty's ex-wife, Belinda, filed two petitions for Protection from Abuse ("PFA") in the Delaware County Court of Common Pleas. The petitions requested, among other things, that John McBrearty and his son, Carl, be evicted from a property in Norwood owned by Belinda McBrearty (the "Norwood residence"). Plaintiffs claim that the petitions falsely stated that John McBrearty had explosive materials and had threatened to use them against Belinda. A temporary PFA order was granted evicting plaintiffs from the Norwood residence.

Sometime later on March 13, deputies from the Delaware County Sheriff's Department and local police officers arrived at the Norwood residence to evict John and Carl McBrearty. They were accompanied by a locksmith who changed the locks.

3

Plaintiffs were permitted inside to retrieve clothing and personal items, and were permitted to bring some possessions to a neighbor's home.  John McBrearty alleges that he asked the sheriff to make a new set of keys for his daughter, plaintiff Nina McBrearty, who also lived at the Norwood residence but who was not named as a defendant in the PFA order.  He contends the sheriff refused his request and evicted Nina "with no paperwork to justify his actions."  Police gave the new keys to Belinda.  Plaintiffs allege that Belinda rummaged through their personal belongings and that several items are missing.  Belinda McBrearty is not named as a defendant in this action.

On March 14, 2002, John McBrearty again spoke with Sam Sivelli, who told him the process had changed and that he would need to give something in writing to Maryann Grace before his permit application could be approved.  Plaintiff delivered a letter to Maryann Grace's office later that day.  Sometime over the weekend of March 15-16, 2002, Nina McBrearty told the other plaintiffs that Belinda McBrearty said she was called at work on March 13 and asked to come to the courthouse to fill out some paperwork for the eviction.  This led plaintiffs to believe that they had been targeted for police harassment and that their civil rights had been violated.  On March 18, 2002, John McBrearty left messages for Maryann Grace, Sam Sivelli, and Jeffrey Smith,

stating that he was not going to pursue protesting on the
courthouse lawn.

Construing plaintiffs' complaint liberally pursuant to
<u>Haines</u>, plaintiffs assert claims pursuant to 42 U.S.C. § 1983 for
violations of their Fourteenth Amendment right to due process and
their First Amendment right to freedom of speech.  Plaintiffs'
basic claim is that someone at the courthouse solicited Brenda
McBrearty to file a PFA petition containing false information,
and that county and local police evicted plaintiffs from the
Norwood residence on the basis of information they knew was
false, all for the purpose of thwarting John McBrearty's attempt
to exercise his First Amendment rights by protesting on the
courthouse lawn.

Defendant argues that plaintiffs' complaint and
amendment to complaint have failed to set forth a legally
cognizable claim against the Borough of Media.  According to
defendant, plaintiffs' only contact with the Borough of Media was
John McBrearty's conversation with Jeffrey Smith, the Media
Borough Manager, regarding his application for a permit to hold a
public gathering.[1]  Plaintiffs' interaction with Jeffrey Smith

---

[1] Plaintiff also makes allegations against Sam Sivelli, to whom
plaintiff refers as the Media Park Commissioner.  Defendant Borough of Media's
Motion to Dismiss does not mention Mr. Sivelli or the allegations against him.
However, defendant Delaware County's Motion to Dismiss clearly states that the
Media Park Commissioner is not under the jurisdiction of Delaware County.  For
the purposes of the instant motion, therefore, the court shall assume that Mr.
Sivelli is an employee of the Borough of Media.

was limited to one phone conversation on March 7, 2002.  In that
conversation, Mr. Smith allegedly told John McBrearty that, in
order to obtain a protest permit, plaintiff would need to obtain
a letter from Maryann Grace, the individual responsible for the
property.  Plaintiffs' amendment to complaint alleges that
"Jeffrey Smith's actions directly started a chain of events that
resulted in tremendous emotional distress, due process
violations, and malicious prosecution."  Plaintiffs imply in
their amendment to complaint that John McBrearty should not have
had to obtain a permit for a public gathering to hold a one-man
protest.  However, plaintiffs' complaint clearly states that John
McBrearty initiated contact with the Borough of Media by going to
the police station and requesting an application for a permit to
hold a public gathering.

Sam Sivelli, the Media Park Commissioner, is mentioned
twice in plaintiffs' complaint.  John McBrearty first spoke with
Mr. Sivelli on March 12, 2002.  In this conversation, Mr. Sivelli
allegedly asked plaintiff certain questions about his proposed
demonstration; specifically, he asked whether Mr. McBrearty would
be erecting a tent, whether he would be driving any stakes into
the courthouse lawn, and whether his demonstration would affect
traffic flow on the street or the sidewalk.  After the
conversation, Mr. Sivelli said he had to speak with other people
and that he would get back to plaintiff.

6

Plaintiff called Mr. Sivelli again on March 14, 2002, to ask about the status of his permit application process. At that time, Mr. Sivelli allegedly said that the process had changed and that plaintiff would need to put something in writing, present it to Maryann Grace, and that the approval process would move on from there. Plaintiffs claim that this was a "convenient law change," but fail to state how any alleged change in the process affected John McBrearty's ability to obtain a permit for his protest.

The facts that plaintiffs have alleged against Jeffrey Smith and Sam Sivelli, even if proven, do not state a claim against the Borough of Media. Plaintiffs do not allege that Mr. McBrearty's application for a protest permit was denied, and do not allege that Messrs. Smith or Sivelli were in any way involved with the subsequent events except by way of a conclusory allegation that the timing of plaintiffs' eviction "was engineered, by the local authorities, to specifically deny [John McBrearty] freedom of speech." This conclusory allegation of conspiracy is insufficient even under the more liberal pleading standard applied to <u>pro</u> <u>se</u> complaints. <u>See, e.g.</u>, <u>Cap v. Hartman</u>, 1996 WL 266701, *3 (E.D. Pa. May 9, 1996)("[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy"); <u>Biase v. Kaplan</u>, 852 F. Supp. 268, 287 (D.N.J. 1994)("[a] complaint cannot survive a motion to dismiss if it only contains conclusory allegations of

conspiracy, but does not support those allegations with averments of the underlying material facts").

ACCORDINGLY, this        day of May, 2003, **IT IS HEREBY ORDERED** that defendant Borough of Media's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. C. P. 12(b)(6)(Doc. #18) is **GRANTED** in that the complaint in the above case is **DISMISSED** as to defendant Borough of Media.

**BY THE COURT:**

_____

**Legrome D. Davis, J.**