IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MCBREARTY, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DELAWARE COUNTY SHERIFFS' | : | |
| DEPARTMENT, et al. | : | NO. 02-4553 |

MEMORANDUM ORDER

Plaintiffs' pro se complaint arises from a series of events occurring between March 5 and March 21, 2002. Plaintiffs assert a laundry list of claims against various government entities: entrapment, due process violations, police harassment, privacy violations, malicious prosecution, and First Amendment violations. Presently before the court is the motion of defendants Delaware County and Delaware County Sheriff's Department to Dismiss Plaintiffs' Amendment to Complaint.

Dismissal for failure to state a claim is appropriate when it clearly appears that plaintiff can prove no set of facts to support the claim that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Robb v. City of Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). Such a motion tests the legal sufficiency of a claim accepting the veracity of the claimant's allegations and all reasonable inferences drawn therefrom. See Markowitz v. N.E. Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). A claim may be dismissed when the facts alleged are legally insufficient to support the relief sought. See Pennsylvania ex

rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179 (3d Cir. 1988).

A pro se complaint must be judged by less stringent standards than a formal pleading drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 456 (3d Cir. 1996); Evans v. Vaughn, 1998 WL 135096, *2 (E.D. Pa. Mar. 24, 1998); Miller v. Hahnemann Univ. Hosp., 1994 WL 236447 (E.D. Pa. May 26, 1994). A plaintiff acting pro se will be given "the opportunity to offer supporting evidence of his allegations unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Evans, 1998 WL 135096, *2 (quoting Haines, 404 U.S. at 520-21).

The pertinent facts as alleged by plaintiffs are as follow. On March 5, 2002, plaintiff John McBrearty went to the Media Police Station and requested an application for a permit for a public gathering. Plaintiff was told to contact Jeffrey Smith, the Media Borough Manager, whose signature was required to approve the application. Plaintiff contacted Mr. Smith and informed him of his intention to hold a "peaceful one person protest" on the lawn of the Media Courthouse. Mr. Smith informed plaintiff that he would first need to obtain a letter from Maryann Grace, the Executive Director for Delaware County, because Delaware County was responsible for the property.

On the morning of March 12, 2002, plaintiff spoke with Ms. Grace, who said she needed to speak with some additional people and that she would call him back. Later that afternoon, Ms. Grace's assistant called plaintiff and informed him that he would need approval from Sam Sivelli, the Media Park Commissioner. Plaintiff spoke with Mr. Sivelli, who asked plaintiff some logistical questions about his proposed demonstration, then said he would speak to some people and would get back to plaintiff.

On March 13, 2002, John McBrearty's ex-wife, Belinda, filed two petitions for Protection from Abuse ("PFA") in the Delaware County Court of Common Pleas. The petitions requested, among other things, that John McBrearty and his son, Carl, be evicted from a property in Norwood owned by Belinda McBrearty (the "Norwood residence"). Plaintiffs claim that the petitions falsely stated that John McBrearty had explosive materials and had threatened to use them against Belinda. A temporary PFA order was granted evicting plaintiffs John and Carl McBrearty from the Norwood residence.

Sometime later on March 13, deputies from the Delaware County Sheriff's Department and local police officers arrived at the Norwood residence to evict John and Carl McBrearty. They were accompanied by a locksmith who changed the locks. Plaintiffs were permitted inside to retrieve clothing and

personal items, and were permitted to bring some possessions to a neighbor's home.  John McBrearty alleges that he asked the sheriff to make a new set of keys for his daughter, plaintiff Nina McBrearty, who also lived at the Norwood residence but who was not named as a defendant in the PFA order.  He contends the sheriff refused his request and evicted Nina "with no paperwork to justify his actions."  Police gave the new keys to Belinda.  Plaintiffs allege that Belinda rummaged through their personal belongings and that several items are missing.  Belinda McBrearty is not named as a defendant in this action.

On March 14, 2002, John McBrearty again spoke with Sam Sivelli, who told him the process had changed and that he would need to give something in writing to Maryann Grace before his permit application could be approved.  Plaintiff delivered a letter to Maryann Grace's office later that day.  Sometime over the weekend of March 15-16, 2002, Nina McBrearty told the other plaintiffs that Belinda McBrearty said she was called at work on March 13 and asked to come to the courthouse to fill out some paperwork for the eviction.  This led plaintiffs to believe that they had been targeted for police harassment and that their civil rights had been violated.  On March 18, 2002, John McBrearty left messages for Maryann Grace, Sam Sivelli, and Jeffrey Smith, stating that he was not going to pursue protesting on the courthouse lawn.

Construing plaintiffs' complaint liberally pursuant to Haines, plaintiffs assert claims pursuant to 42 U.S.C. § 1983 for violations of their Fourteenth Amendment right to due process and their First Amendment right to freedom of speech.  Plaintiffs' basic claim is that someone at the courthouse solicited Brenda McBrearty to file a PFA petition containing false information, and that county and local police evicted plaintiffs from the Norwood residence on the basis of information they knew was false, all for the purpose of thwarting John McBrearty's attempt to exercise his First Amendment rights by protesting on the courthouse lawn.

Defendants argue that plaintiffs' complaint and amendment to complaint have failed to set forth a legally cognizable claim against Delaware County or the Delaware County Sheriff's Department.  Although the conclusions that plaintiffs have drawn from the alleged facts appear far-fetched, plaintiffs' allegations are nonetheless sufficient to withstand a motion to dismiss under the more lenient standard applied to pro se litigants.  Accordingly, the court will give plaintiffs an opportunity to conduct discovery and present evidence in support of the claims made in their complaint.  However, plaintiffs should note that in order to survive a motion for summary judgment, they will not be able to rely on the type of speculation or conclusory allegations found in the pleadings, but

rather will need to present actual evidence from which a jury could reasonably find in their favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989); Woods v. Bentsen, 889 F. Supp. 179, 184 (E.D. Pa. 1995).  Plaintiffs should also note that because there is no respondeat superior liability under § 1983, they will have to demonstrate that the alleged actions were part of a policy or custom of the municipal defendants in addition to coming forth with evidence to support their claims.  See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1295 (3d Cir. 1997).

**ACCORDINGLY**, this         day of May, 2003, **IT IS HEREBY ORDERED** that the Motion of defendants' Delaware County and Delaware County Sheriff's Department to Dismiss Plaintiffs' Amendment to Complaint (Doc. #19) is **DENIED**.

**BY THE COURT:**

_____
**LEGROME D. DAVIS, J.**