**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **John McBrearty** | : | **No. 02-4553** |
| **Carl McBrearty and Nina McBrearty** | : | |
| | | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| | | |
| **Delaware County Sheriff's Department** | : | |
| **Norwood Borough Police Department** | : | |
| **Delaware County and Media Borough** | : | |

**ANSWER OF DEFENDANTS, DELAWARE COUNTY**
**AND DELAWARE COUNTY SHERIFF'S DEPARTMENT**
**TO PLAINTIFFS' COMPLAINT AND AMENDED COMPLAINT**

AND NOW, Defendants County of Delaware and the Sheriff of Delaware County, by and through their attorneys, Holsten & Associates, hereby Answer the Plaintiff's "Amendment to Complaint" and Complaint filed by Plaintiffs John McBrearty, Carl McBrearty and Nina McBrearty.

Answering Defendants deny the two introductory paragraphs of the "Amendment to Complaint." After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of these averments and therefore, all are denied.

1. Denied. The document speaks for itself. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

2. Denied. The document speaks for itself.

3. Denied. The document speaks for itself.

4. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

5. Denied. This is a conclusion of law to which no response is required.

6. Denied. The document speaks for itself.

7. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

8. Denied. This averment is directed to a party other than the Answering Defendants.

9. Denied. This averment is directed to a party other than the Answering Defendants.

10. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied. By way of further Answer, portions of the averment are directed to a party other than the Answering Defendants.

11. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

12. Denied. The averments of this paragraph are directed to a party other than the Answering Defendants.

13. Denied. The document speaks for itself. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

14. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

15. Denied. This is a conclusion of law to which no response is required.

16. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

**ANSWER OF DEFENDANTS, THE COUNTY
OF DELAWARE AND THE SHERIFF'S OFFICE OF
DELAWARE COUNTY TO PLAINTIFF'S COMPLAINT**

1. **Individuals involved**

Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

2. **Time Line of Event**
   **3/5/02**

Denied. This averment is directed at parties other than the Answering Defendants and therefore, it is denied.

**3/7/02**

Denied.  This averment is directed to a party other than the Answering Defendants and therefore, it is denied.

**3/12/02**

Admitted.

**3/12/02**

Admitted in part, denied in part.  It is admitted that the County of Delaware Executive Director, Mary Ann Grace, had her assistant call Plaintiff concerning the Plaintiffs' request for a "Petition for Protest for Courthouse front lawn" but that Plaintiff needed to discuss the parameters of the protest with Sam Zavelli, County of Delaware Parks and Recreation employee.

**3/12/02**

Admitted in part, denied in part. It is admitted that the Plaintiff spoke to County of Delaware employee Sam Zavelli concerning the "peaceful protest" outside the Delaware County Courthouse.  It is denied that the items noted in the averment were the only items discussed with Mr. Zavelli.  Plaintiff advised Mr. Zavelli that he intended to protest everyday for a minimum of six months. Mr. Zavelli explained that he had no problem giving approval for a one day protest but that he would have to seek guidance concerning issuing a permit for a six month protest.

**3/13/02**

Denied. The documents referred as "the two PFA's with eviction orders contained false information."  The documents were prepared by a party other than the Answering Defendants and the Answering Defendants have no knowledge as to whether the information placed in the PFA's by Belinda McBrearty contained false information. By way of further answer, Belinda McBrearty was sworn in before the Honorable Anne Osborne of the Delaware County Court of Common Pleas and questioned at length concerning the allegations in the two PFA's.  After receiving assurances that the information contained in the PFA's was correct and given by Belinda McBrearty of her own free will, Judge Osborne signed the PFA's, which were

then served upon the Plaintiffs, John and Carl McBrearty along with the Order of Eviction signed by Judge Maureen Fitzpatrick of the Delaware County Court of Common Pleas on July 2, 2001. The remaining averments are denied as conclusions of law.

### 3/13/02

Admitted in part, denied in part. It is admitted that the County of Delaware Sheriff's deputies executed the Eviction Order of Judge Fitzpatrick against the Plaintiff at 649 Seneca Avenue, Norwood, PA. along with the assistance of local police from the Borough of Norwood. The remaining averments are denied as conclusions of law to which no response is required. By way of further Answer after reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

### 3/14/02

Admitted in part, denied in part. It is admitted that Sam Zavelli advised the Plaintiff that he had to put his request for "the peaceful demonstration" on the lawn of the Delaware County Courthouse, in writing. It is denied that this was a process that "had changed conveniently." Plaintiff was advised before 3/14/02 that there was an issue concerning his wanting to demonstrate for six months and it was not unreasonable for the County to request the Plaintiff to explain the purpose of his six month "peaceful one-man demonstration."

### 3/14/02

Admitted. It is admitted that there was a letter delivered to the Executive Director of Delaware County, Mary Ann Grace, stating Plaintiff's intentions of the peaceful protest.

### 3/16/02-3/17/02

Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

### 3/18/02

Admitted in part, denied in part. It is admitted that the Plaintiff left a message with the Office of the County Executive Director advising that the County should "disregard the letter." Plaintiff advised the

County "he would not go ahead-he does not want to appear as a troublemaker." It is admitted that the Plaintiff also called Sam Zavelli on March 18, 2002 and advised him that there was no need to have the peaceful demonstration because he had been evicted from his house on March 13, 2002. Answering Defendants have no information as to whether or not the Plaintiff called Jeffrey Smith. It is specifically denied that the Plaintiff advised the County of Delaware that he was "in fear of additional malfeasance from the authorities" and that was the reason for withdrawing his application for a permit for a "peaceful demonstration" outside of the Delaware County Courthouse.

### 3/18/02

Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

### 3/21/02

Admitted in part, denied in part. The facts in this averment are admitted. It is denied that the Plaintiff requested more time or that there were secret proceedings without a Court stenographer or that there was a "due process?" By way of further answer, the Order of Judge Barry Dozer of the Delaware County Court of Common Pleas making permanent the eviction, speaks for itself.

### **Complaints**

1. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

2. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

3. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

4. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

5. Denied. After reasonable investigation, Answering Defendants are without sufficient

knowledge to admit or deny the contents of this averment and therefore, it is denied.

6. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

7. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

**WHEREFORE**, Answering Defendants deny any and all liability to the Plaintiffs and request judgment in their favor, together with costs and attorney fees.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs are barred by the doctrines of collateral estoppel and res judicata.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed because Plaintiffs' allegations are vague, conclusory and lack specificity as to the particular Defendants.

### THIRD AFFIRMATIVE DEFENSE

Defendants' actions in this matter were all done in good faith and pursuant to law and in no way violated any rights, process, protection, privileges or immunities to which Plaintiffs are entitled under the Constitution of the United States and the Commonwealth of Pennsylvania.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendants assert the defenses of governmental, official, qualified and good faith immunity.

### FIFTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on part of the Defendants is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983.

### SIXTH AFFIRMATIVE DEFENSE

The alleged injuries or damages sustained by the Plaintiffs were resulted solely from their voluntary,

intentional, wrongful and/or negligent acts and not with any violation of his civil rights, or by negligence, or whatever by the Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover damages to the extent that the Plaintiffs failed to mitigate such damages.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants did not deprive or act to deprive Plaintiffs of any guarantee under the United States Constitution or the laws of the United States.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead a legitimate, sufficient and/or viable official policy or custom sufficient to support municipality liability.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendants did not engage in a custom, policy, pattern or practice of depriving Plaintiffs of their constitutional rights.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants assert all defenses and immunities contained within the Political Subdivision Tort Claims Act at 42 Pa. C.S.A. §8541, et seq., which is incorporated herein by reference.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are frivolous, thereby entitling Answering Defendants to costs and attorneys fees pursuant to 42 U.S.C. §1983, §1988 and/or Rule 11.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant, County of Delaware, never denied Plaintiff's request for a permit to hold "peaceful demonstration" outside the Delaware County Courthouse. Plaintiff specifically withdrew his request on or about March 18, 2002 after submitting his request to the Executive Director of the County on March 14, 2002. Specifically, the County had every intention to issue the permit after discussing public safety factors with the Plaintiff.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to abide by the Order of the Honorable Maureen Fitzpatrick, Judge of the Delaware County Court of Common Pleas dated July 2, 2001 in which the Plaintiff was evicted from the property with force, if necessary, at 649 Seneca Avenue, Norwood, PA.

**WHEREFORE,** Answering Defendants deny any and all liability to the Plaintiff and request judgment in their favor, together with costs and attorneys fees.

                                                     **Respectfully Submitted,**

                                                   **HOLSTEN & ASSOCIATES**

                  **BY:** _____
                              **Thomas C. Gallagher, Esquire**
                              **Attorney for Defendant, Delaware County Sheriff's Department and Delaware County, ONLY**

Dated:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **John McBrearty** | : | **No. 02-4553** |
| **Carl McBrearty and Nina McBrearty** | : | |
| **vs.** | | **JURY TRIAL DEMANDED** |
| **Delaware County Sheriff's Department** | : | |
| **Norwood Borough Police Department** | : | |
| **Delaware County and Media Borough** | : | |

**CERTIFICATE OF SERVICE**

I, Thomas C. Gallagher, Esquire, counsel for Defendants, Delaware County Sheriff's Department and Delaware County, only, hereby state that a true and correct copy of Defendants' Answer to Plaintiffs' Complaint and Amended Complaint have been sent to the following, via first class mail on the 11th day of July, 2003:

John McBrearty
928 Delview Drive
Folcroft, PA 19032

Carl J. DiCampli, Esquire
**Margolis Edelstein**
The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA 19106-3304

Carl McBrearty
928 Delview Drive
Folcroft, PA 19032

Nina McBrearty
c/o John McBrearty
928 Delview Drive
Folcroft, PA 19032

**Respectfully Submitted,**

**HOLSTEN & ASSOCIATES**

BY: _____
**Thomas C. Gallagher, Esquire**
**Attorney for Defendant, Delaware County Sheriff's**
**Department and Delaware County, ONLY**