JOHN McBREARTY
928 DELVIEW DRIVE
FOLCROFT PENNSYLVANIA 19032
(610) 534-2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN McBREARTY : | |
| CARL McBREARTY : | |
| NINA McBREARTY : | CIVIL ACTION NO. 02-4553 |
| : | |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| DELAWARE COUNTY SHERRIFFS DE- : | |
| PARMENT : | |
| NORWOOD BOROUGH POLICE DE- : | |
| PARTMENT : | |
| DELAWARE COUNTY : | |
| : | |
| Defendant : | |

<u>PLAINTIFFS MOTION FOR A SUMMARY JUDGEMENT</u>

1.  The plaintiffs have alleged that the defendants maliciously attacked them, in an attempt to violate there free speech rights. The plaintiffs also complained of the tactics employed by the defendants, which include, but not limited to, due process violations, tampering with evidence, denying the plaintiffs to be secure in their houses against unreasonable seizures, privacy violations, denial of the right to bear arms, and behaving like anarchists.

2.  The evidence and the facts that were provided during discovery substantially support the plaintiffs allegations.

    a) Evidence was provided by both parties, that the plaintiffs were pursuing a permit for a peaceful protest. That effort was started by the plaintiffs on 3/5/02.

All the dates on any documents pertaining to the eviction of the plaintiffs with a PFA are dated 3/7/02 or after. 3/7/02 was the morning that the conversation with Maryann Grace occurred. All the PFA eviction effort started after that conversation. It was an obvious attempt to violate the plaintiffs right to free speech. The letter that was requested during that conversation was never produced, the plaintiffs never got the opportunity to file the application for the peaceful protest. Evidence provided was the phone call receipts, and a letter that the plaintiffs were told to produce to Maryann Grace describing our intentions with the protest.

      b) Evidence was provided to substantiate a due process violations complaint. That evidence is the two PFA orders for John and Carl, and the lack of a PFA order or anything for Nina. Evicting the plaintiffs from a residence that was not the residence of the person who filed the PFA is a clear due process violation. Belinda testified that 649 was not her residence. Using a PFA to evict the plaintiffs is a due process violation. The Norwood polices handling of the situation did not conform to acceptable standards. Nina was denied access to her home and belongings without any court order or complaint. The judge, Barry Dozer, acknowledged in the transcript that was provided, on page 5, that an equitable distribution was happening with the use of a PFA . A computer printout was provided that had a run date of 4/2/03. It's a printout of every action on the divorce complaint which has no items listed for executing a proper eviction, or any entries on or around the eviction date of 3/13/02. The defendants claim that the missing documents on that run were because the correct paper work was incorrectly filed. If that was true, why wasn't the error fixed in the court house when thirteen months has elapsed since the printout was provided. There was supposedly money attached with the action. If the county didn't account for it in thirteen months, where did it go. The defendants claims are not backed by any evidence. Errors with money attached to it get fixed. It didn't happen. The PFA is what happened.

c) Evidence was presented to show that the tampering with evidence allegation is substantiated. The evidence presented was a court transcript from 3/21/02 which has a judge evicting a family from their home in about one hundred seconds. Common sense dictates that this did not occur. In addition, Belinda testified that events occurred during that event that were not on that transcript. Tapes were provided from the Delaware County court house and copies were provided to all. One of the tapes was supposed to represent the same event as the transcript that was provided, but the two of them are different.

d) Evidence was presented that the defendants violated the plaintiffs rights to be secure in their home, against seizure. Evidence provided was the two PFA's that were produced to illegally evict the plaintiffs, John and Carl. No documentation exists for denying Nina the right to live at 649. Plaintiffs were denied access to their belongings. Testimony from Belinda establishes that her behavior was instigated by her lawyer, who was instigated by the Sheriff to use a PFA to evict the plaintiffs. That evidence was provided in a copy of a tape in which Mike Raffaele told the Delaware County court that he was instructed by the Sheriff to use a PFA to evict the plaintiffs, in an attempt to violate our right to bear arms.

e) Testimony was provided by Belinda that the police gave her keys to 649 that were new keys, in which the police and sheriffs oversaw the changing of the locks by a locksmith, at eviction hour.

f) Evidence was provided that the sheriff wanted to seize guns. No evidence was provided to substantiate the defendants actions to deny the plaintiffs of the right to bear arms. A copy of a tape provided has Mike Raffaele describing to the court how the sheriff directed his firm to file a PFA because they wanted to seize the guns at 649.

g) Evidence was presented that clearly established that the plaintiffs were commanded to produce documents that were not required by law. Evidence was the letter that was

written to Maryanne Grace on 3/14/02.  Also a due process violation.

3.	Inconsistencies in the original complaint have been exposed in the discovery process. In the original complaint for 3/13/02, it is stated by plaintiffs that someone at the courthouse complex coerced Belinda to do this.  Not her lawyer.  The discovery information has changed the details but has not changed the principle of the core complaint. The allegations that the sheriffs department initiated the PFA actions were proven with evidence and testimony. Evidence was presented that the Norwood police assisted in the violations.

4.	Plaintiffs are entitled to a summary judgment in favor of them because of the evidence provided during discovery, which shows a malicious behavior that was perpetrated by the defendants, against the plaintiffs.  Even when viewed in the light most favorable to the defendants, evidence or testimony from individuals to defend against the plaintiffs accusations has not been presented during discovery.

                                                            Respectfully submitted,


                                                            _____
                                                            John McBrearty


                                                            _____
                                                            Carl McBrearty


                                                            _____
                                                            Nina McBrearty

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBREARTY;<br>CARL MCBREARTY; and<br>NINA MCBREARTY<br><br>v.<br><br>DELAWARE COUNTY SHERIFFS DEPARTMENT; NORWOOD BOROUGH POLICE DEPARTMENT; DELAWARE COUNTY; and MEDIA BOROUGH | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO: 02-4553<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

    I, John McBrearty , hereby state that a true and correct copy of plaintiffs motion for a summary judgment, has been sent via First Class mail to the following .

| | | |
|---|---|---|
| Carl DiCampli, Esquire<br>Margolis Edelstein<br>The Curtis Center, 4 th floor<br>Independence Square West<br>Philadelphia, PA 19106-3304 | Thomas Gallagher, Esquire<br>Holsten & Associates<br>One Olive Street<br>Media, PA 19063 | Clerk of Court<br>United States District Court<br>601 Market Street<br>Philadelphia, PA 19106-1797 |
| John & Carl McBrearty<br>Hand delivered<br>928 Delview Drive<br>Folcroft, PA 19032-1706 | Nina McBrearty<br>Hand delivered<br>316 E. 21st Street<br>Chester, PA  19013 | |

September 23,  2003

                                                                                                  _____
                                                                                                  John McBrearty