## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBREARTY;<br>CARL MCBREARTY; and<br>NINA MCBREARTY<br><br>      v.<br><br>DELAWARE COUNTY SHERIFFS<br>DEPARTMENT; NORWOOD BOROUGH<br>POLICE DEPARTMENT; DELAWARE<br>COUNTY; and MEDIA BOROUGH | CIVIL ACTION NO. 02-4553 |

## MOTION FOR SUMMARY JUDGMENT OF
## DEFENDANT, NORWOOD BOROUGH POLICE DEPARTMENT

Defendant, Norwood Borough Police Department, by and through its counsel, Margolis Edelstein, hereby moves this Honorable Court to grant Summary Judgment in its favor, and, in support thereof, respectfully avers as follows:

1.     The Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, filed an action in this Court against Defendants, Delaware County Sheriff's Department, Delaware County and Norwood Borough Police Department. *See* Plaintiffs' Complaint, attached hereto as Exhibit "A."

2.     The Plaintiffs then filed an Amendment to Complaint. *See* Plaintiffs' Amendment to Complaint, attached hereto as Exhibit "B."

3.     The Plaintiffs' Complaint and Amended Complaint arise out of series of events surrounding a divorce action between Plaintiff, John McBrearty, and Belinda McBrearty.

4.     On July 2, 2001, Judge Fitzpatrick entered an Order finding John McBrearty in contempt of the August 28, 2000 Order and an April 16, 2001 Order. Judge Fitzpatrick then ordered that "John McBrearty is hereby evicted from the premises known as 649 Seneca Avenue . . . is not

to return to same for any reason.  If necessary, Defendant [John] is to be forcibly removed from said premises by the Sheriff of Delaware County."

5.    On March 13, 2002, Judge Ann Osborne entered a Temporary Protection from Abuse Order against John McBrearty and Carl McBrearty mandating that John and Carl are evicted and excluded from the residence at 649 Seneca Avenue, Norwood, Pennsylvania, and 1408 Blackrock Road, Swarthmore, Pennsylvania. *See* Temporary Protection from Abuse Order, attached hereto as Exhibit "S."

6.    Plaintiffs John McBrearty and Carl McBrearty were evicted from 649 Seneca Avenue by the Delaware County Sheriff's Office on March 13, 2002. *See* Affidavit of Norwood Borough Police Officer William Manning, II (August 26, 2003), at ¶ 8, attached hereto as Exhibit "C."

7.    The Plaintiffs' Amendment to Complaint and Complaint, it is believed, alleges harassment, due process violations, privacy violations, entrapment, secret proceedings without a Court stenographer, Freedom of Speech violations, malicious prosecution, etc. *See* Exhibits "A" and "B," attached hereto.

8.    After Plaintiffs John McBrearty and Carl McBrearty were evicted from the premises at 649 Seneca Avenue, possession of the premises was given to the property owner, Belinda McBrearty. *See* deposition testimony of Nina McBrearty (July 31, 2003), at p. 26, attached hereto as Exhibit "D," and deposition testimony of Belinda McBrearty (August 19, 2003) at pp. 14 (given keys to house), 25-26 (property transferred into her name on July 19, 2001), attached hereto as Exhibit "E."

9.    Carl McBrearty has filed suit against the Norwood Borough Police Department alleging that they lied about how many officers were at the eviction; took total disregard for the public safety by noticing that there was a bomb complaint after September 11 and there was no bomb dog

or evacuation; they knew the PFA was false; and they changed the locks on the residence. *See* deposition testimony of Carl McBrearty (July 31, 2003) at pp. 58-59, attached hereto as Exhibit "BB."

10.    Carl's only participation in this lawsuit was signing of the initial Complaint (he did not sign the Amendment to Complaint), preparing Answers to Norwood's Interrogatories, appearing for a deposition and appearing for Belinda McBrearty's deposition.  The Plaintiff Carl McBrearty did not conduct any discovery beyond the aforementioned, question any witnesses, provide any documents, request any documents, question any police officers, and attend the Rule 16 conference, etc.

11.    "I [Carl] have no evidence that she was coerced, but I know that she would never write anything about bomb threats on her own.  From my knowledge – my knowledge is she was called at her place of work to come to the Norwood Police Station or come to the courthouse to fill out paperwork to get us evicted."  *See* deposition testimony of Carl McBrearty at p. 42, attached hereto as Exhibit "BB."

12.    When asked what information Carl had that Belinda McBrearty was coerced to fill out the PFA, Carl responded, "None."  *See* deposition testimony of Carl McBrearty at p. 44, attached hereto as Exhibit "BB."

13.    Carl did not own the property.  *See* deposition testimony of Carl McBrearty, at p. 20, attached hereto as Exhibit "BB."

14.    Carl knew there was a July 2, 2001 Order signed by Judge Fitzpatrick that evicted all of the residents at the 649 Seneca residence.  *See* deposition testimony of Carl McBrearty at p. 26, attached hereto as Exhibit "BB."

15.    However, Carl stayed in the residence "Because possession is nine-tenths of the law.  If you pay the bills, pay the taxes, they can't legally evict you.  It takes a lot of years before that

comes to fruit." *See* deposition testimony of Carl McBrearty at p. 27, attached hereto as Exhibit "BB."

16.    Norwood Borough Police Officer William Manning, II, was the only Norwood Police Office present when the Delaware County Sheriffs served the Eviction Notice and Protection from Abuse Order. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶ 7, attached hereto as Exhibit "C."

17.    Norwood Borough Police Officer William Manning, II, did not serve the Eviction Notice and/or the Protection from Abuse Order at 649 Seneca Avenue, but was present only to provide protection to the Delaware County Sheriffs who were present. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 4-8 attached, hereto as Exhibit "C."

18.    Summary judgment is proper if the submitting party can demonstrate that there is no genuine issue of material fact and that such party is entitled to judgment as a matter of law. Carns v. Yingling, 594 A.2d 337, 339 (Pa. Super. 1991).

19.    The entry of summary judgment is proper where a plaintiff fails to plead facts sufficient to sustain the cause of action, or fails in its response, by affidavit or otherwise, to set forth facts showing that there is a genuine issue for trial. Taylor v. Tukanowicz, 435 A.2d 181, 184 (Pa. Super. 1981).

20.    Plaintiff Carl McBrearty has no cause of action against Norwood Borough Police Department because the Norwood Borough Police Department did nothing wrong.

21.    Plaintiff Carl McBrearty has failed to provide any factual basis for his allegations to exist against Norwood Borough Police Department.

22.    Plaintiff Carl McBrearty has failed to respond to Norwood's Request for Production of Documents or provide any documents to support his allegations.

–4–

23.     Therefore, since Plaintiff Carl McBrearty is unable to sustain his cause of actions against Norwood Borough Police Department as fully set forth in this Motion and the attached Memorandum of Law, his lawsuit should be dismissed from this action with prejudice.

**WHEREFORE**, Defendant, Norwood Borough Police Department, respectfully requests that this Honorable Court enter Summary Judgment in its favor, thereby dismissing all of the allegations, counts and claims made by Plaintiff Carl McBrearty against it, with prejudice.

Respectfully submitted,

MARGOLIS EDELSTEIN

By: _____
Carl J. DiCampli, Esquire
Christopher J. Pakuris, Esquire

The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA  19106-3304
(215) 922-1100

Attorneys for Defendant,
Norwood Borough Police Department

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBREARTY;<br>CARL MCBREARTY; and<br>NINA MCBREARTY<br><br>    v.<br><br>DELAWARE COUNTY SHERIFFS<br>DEPARTMENT; NORWOOD BOROUGH<br>POLICE DEPARTMENT; DELAWARE<br>COUNTY; and MEDIA BOROUGH | CIVIL ACTION NO. 02-4553 |

## MEMORANDUM OF LAW OF
### DEFENDANT, NORWOOD BOROUGH POLICE DEPARTMENT, IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**I.**     <u>FACTS</u>

The Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, filed an action in this Court against Defendants, Delaware County Sheriff's Department, Delaware County and Norwood Borough Police Department. *See* Plaintiffs' Complaint, attached hereto as Exhibit "A." The Plaintiffs then filed an Amendment to Complaint. *See* Plaintiffs' Amendment to Complaint, attached hereto as Exhibit "B."

The Plaintiffs Complaint and Amended Complaint arise out of a series of events surrounding a divorce action between Plaintiff John McBrearty and Belinda McBrearty. In their Complaints, they allege a time line of events starting on March 5, 2002, and going through March 21, 2002, where the Plaintiff, John McBrearty, goes into specific detail on his efforts to obtain a permit for a peaceful one-person protest.

It is believed that the Plaintiffs' Amendment to Complaint and Complaint allege harassment, due process violations, privacy violations, entrapment, secret proceedings without a Court stenographer, Freedom of Speech violations, malicious prosecution, etc. *See* Exhibit "A" and "B," attached hereto.

It all begins on August 28, 2000, when Judge Fitzpatrick entered a Court Order as a result of a divorce hearing between Belinda McBrearty and John McBrearty that: Belinda is to receive 55% of the marital estate consisting of 649 Seneca Avenue, Norwood, Pennsylvania, and John's 401(k) plan; John is to receive 45% of the marital estate, is to be credited for sums taken out against his 401(k) plan; 649 Seneca Avenue is to be immediately listed for sale; pending sale of the residence, John is to remain responsible for payment of all expenses including taxes and mortgage since he is in possession; etc. *See* Judge Fitzpatrick's August 28, 2000 Order, attached hereto as Exhibit "F."

Two appeals were filed, one was undated and the second was dated October 6, 2000, by John McBrearty; however, they were denied. *See* deposition testimony of John McBrearty (taken July 31, 2003), at pp. 25-26, attached hereto as Exhibit "G"; appeal dated October 6, 2000, attached hereto as Exhibit "H"; undated appeal, attached hereto as Exhibit "I"; and denial of Superior Court Appeal, dated November 17, 2000, attached hereto as Exhibit "J."

On July 2, 2001, Judge Fitzpatrick entered an Order finding John McBrearty in contempt of the August 28, 2000 Order and an April 16, 2001 Order. Judge Fitzpatrick then ordered that "John McBrearty is hereby evicted from the premises known as 649 Seneca Avenue . . . is not to return to same for any reason. If necessary, Defendant [John] is to be forcibly removed from said premises by the Sheriff of Delaware County." The Order also mandates that the house is immediately transferred to Belinda McBrearty and awarded her attorney's fees. *See* Judge Fitzpatrick's Order, dated July 2, 2001, attached hereto as Exhibit "K."

On July 5, 2001, Michael Raffaele, attorney for Belinda, sent a letter to John McBrearty advising John that he had been evicted from the premises and that he should leave the premises. *See* letter, dated July 5, 2001, addressed to John McBrearty, attached hereto as Exhibit "L."

On July 10, 2001, John McBrearty filed an appeal of Judge Fitzpatrick's July 2, 2001 Order, which was denied. *See* Notice of Appeal, attached hereto as Exhibit "M," and deposition testimony of John McBrearty, attached here to as Exhibit "G."

On July 19, 2001, the property at 649 Seneca Avenue was transferred from John and Belinda McBrearty to Belinda McBrearty. *See* Indenture dated July 19, 2001, attached hereto as Exhibit "N." On the same date, presumably to get back at Belinda, John filed a Criminal Complaint against Belinda McBrearty accusing her of forging his name to transfer the property. Said Complaint was disapproved in December 2001 because of Judge Fitzpatrick's Order granting power of attorney to Belinda. *See* Criminal Complaint, dated July 19, 2001, attached hereto as Exhibit "O."

On March 7, 2002, Kathleen Piperno, Esquire, attorney for Belinda McBrearty, sent a letter to the Delaware County Sheriff enclosing the Judge Fitzpatrick's July 2, 2001 Eviction Order and a check for $250.00. The letter requests that the Plaintiff, John McBrearty, be evicted from the premises at 649 Seneca Avenue. *See* letter, dated March 7, 2002, from Kathleen Piperno, Esquire, to the Sheriff of Delaware County, attached hereto as Exhibit "P."

On March 11, 2002, Kathleen Piperno, Esquire, sent another letter to the Delaware County Sheriff advising that John McBrearty is present in the evening at the residence around 6:00 p.m. *See* letter, dated March 11, 2002, from Kathleen Piperno, Esquire, to the Sheriff of Delaware County, attached hereto as Exhibit "Q."

On March 13, 2002, a Petition for Protection from Abuse was filed by Belinda McBrearty. The Petition indicates that Plaintiff's address is 1408 Blackrock Road, Swarthmore, Pennsylvania 19081, and 649 Seneca Avenue, Norwood, Pennsylvania 19086. On the application, Belinda states that on March 7, 2002, at approximately 8:00 p.m., John McBrearty threatened repeatedly to kill her and to blow up the house if she ever had him evicted. She indicates that she has been through years

of abuse, physical and mental. She has required medical treatment in the past and is very fearful for her life now. She states that John McBrearty owned an AK47, a handgun, a rifle and material to make explosives. She also writes that John has threatened to kill her, physically has thrown her out of the house in the past and has injured her. He has also pointed a gun at her. The application for a Protection from Abuse Order was dated March 13, 2002. Before signing the Petition for Protection from Abuse, there is verification which acknowledges that the facts and statements contained in the Petition of Protection from Abuse are true and correct to the best of Belinda's knowledge. She also understood that any false statements are subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities. *See* Petition for Protection of Abuse Application filed by Belinda McBrearty, dated March 13, 2002, attached hereto as Exhibit "R."

On the same date as it was filed, Judge Ann Osborne entered a Temporary Protection from Abuse Order against John McBrearty and Carl McBrearty. The names of all protected persons, including Plaintiff and minor children/child, are Shirley and Jay Wonderly, Eric McBrearty and Nina McBrearty. This Order mandates that John and Carl are evicted and excluded from the residences at 649 Seneca Avenue, Norwood, Pennsylvania, and 1408 Blackrock Road, Swarthmore, Pennsylvania. On the Order, there is a Notice to Law Enforcement Officials indicating that this Order shall be enforced by the Police who have jurisdiction over the Plaintiff's residence or any location where a violation of this Order occurs or where John and Carl may be located. *See* Temporary Protection from Abuse Order, attached hereto as Exhibit "S."

Before the eviction occurred on March 13, 2002, Norwood Borough Police Officer Charles Cardell, Jr., received a telephone call from Griffin of the Delaware County Sheriff's Office, who requested that a Norwood Officer attend the eviction for security purposes. Officer Cardell advised the Delaware County Sheriff's Officer to call back before the eviction was to occur and an Officer

–4–

would provide assistance.  *See* Affidavit of Officer Charles Cardell, Jr., attached hereto as Exhibit "AA."

On March 13, 2002, John and Carl McBrearty were evicted from the premises in accordance with the Eviction Order and the PFA Order.  *See* Affidavit of Norwood Borough Police Officer William Manning, II (August 26, 2003), at ¶ 8, attached hereto as Exhibit "C"; and Sheriff's Department Process Receipt, attached hereto as Exhibit "T."  Officer Manning was present, but only for security purposes.  *See* Affidavit of Officer Charles Cardell, Jr., attached hereto as Exhibit "C."

Possession of the premises was given to the property owner, Belinda McBrearty.  *See* deposition testimony of Nina McBrearty (July 31, 2003) at p. 26, attached hereto as Exhibit "D", and deposition testimony of Belinda McBrearty (August 19, 2003) at pp. 14 (given keys to house), 25-26 (property transferred into her name on July 19, 2001), attached hereto as Exhibit "E."

The Sheriff's Department of Delaware County Sheriff Service, Process Receipt and Affidavit of Return, dated March 13, 2002, indicates that John McBrearty and Carl McBrearty were personally served with the Order for Eviction.  It indicates that the eviction took place at 6:30 p.m., and the premises was turned over to Belinda McBrearty at 7:40 p.m.  The "Originator" is listed as Michael Raffaele, Esquire, and Kathleen Piperno, Esquire, and signed by Kathleen Piperno, Esquire.  *See* Sheriff's Department Process Receipt, attached hereto as Exhibit "T."

The Sheriffs Department's Weapon Receipt, dated March 13, 2002, indicates that six guns, various pocket knives, and a half box of ammo were confiscated from 649 Seneca Avenue during the eviction.  *See* Sheriff of Delaware County's Weapon Receipt, attached hereto as Exhibit "U."

On March 17, 2002, John McBrearty filed a Petition with the Court to "Halt Sale of Marital Residence Pursuant to the Constitution of the United States," which is presumed to have been denied since the house was sold.  *See* the aforementioned, attached hereto as Exhibit "V."

–5–

On March 21, 2002, after the eviction occurred, a hearing was held in front of the Honorable Judge Barry Dozor. Belinda, John and Carl were all present. The transcript indicates that Belinda and John have been involved in divorce proceedings since October 25, 1996 *See* Transcript of Proceedings before the Honorable Judge Barry Dozor, dated March 21, 2002, at p. 4, attached hereto as Exhibit "W." During this hearing, John and Carl McBrearty both agreed to leave the premises. They were permitted unfettered access to the residence until March 25, 2002, at 12:00 p.m. *See* Exhibit "W" at pp. 19-22. Neither of them stood up and protested that they were evicted illegally or that the Eviction Order or PFA was based on false information. *See* deposition testimony of John McBrearty at pp. 99-100, 102-105, attached hereto as Exhibit ""G"; and deposition testimony of Carl McBrearty at pp. 12-14, 21, attached hereto as Exhibit "BB." A Final Order of the Court, dated March 21, 2002, was entered into by Judge Barry Dozor, attached hereto as Exhibit "X."

During the March 21, 2003 hearing, the Judge and attorneys went into chambers to discuss this matter. Plaintiffs John and Carl allege that their rights were violated as a result of secret proceedings. *See* Exhibits "A" and "B." However, the stipulation reached between the parties was read in open court and agreed to by the McBreartys and Carl testified that he does not know of any rights of his that were violated. *See* deposition testimony of Carl McBrearty at p. 50, attached hereto as Exhibit "BB"; and transcript of March 21, 2003 hearing, attached hereto as Exhibit "W."

Carl testified at the March 21, 2003 hearing in front of Judge Dozor that he understood he was being evicted and had four days to get all of his possessions out of the residence at 649 Seneca Avenue. *See* transcript of March 21, 2002 hearing at pp. 19-20, attached hereto as Exhibit "W."

Carl McBrearty has filed suit against the Norwood Borough Police Department alleging that they lied about how many officers were at the eviction; took total disregard for the public safety by noticing that there was a bomb complaint after September 11 and there was no bomb dog or

evacuation; they knew the PFA was false; and they changed the locks on the residence. *See* deposition testimony of Carl McBrearty at pp. 58-59, attached hereto as Exhibit "BB.

Carl's only participation in this lawsuit was the signing of the initial Complaint (he did not sign the Amendment to Complaint), preparing Answers to Norwood's Interrogatories, appearing for a deposition and appearing for Belinda McBrearty's deposition. The Plaintiff Carl McBrearty did not conduct any discovery beyond the aforementioned, did not question any witnesses, provide any documents, request any documents, question any police officers, attend the Rule 16 conference, etc.

Carl testified at his deposition that he did not own the property. *See* deposition testimony of Carl McBrearty at p. 20, attached hereto as Exhibit "BB." He was aware of the July 2, 2001 Order signed by Judge Fitzpatrick that evicted all of the residents at the 649 Seneca residence. *See* deposition testimony of Carl McBrearty at p. 26, attached hereto as Exhibit "BB." However, he stayed in the residence "Because possession is nine-tenths of the law. If you pay the bills, pay the taxes, they can't legally evict you. It takes a lot of years before that comes to fruit." *See* deposition testimony of Carl McBrearty at p. 27, attached hereto as Exhibit "BB."

Carl stated that he did not have a lease to stay at the premises, did not rent the premises and nobody told him that he had a right to live there. *See* deposition testimony of Carl McBrearty at pp. 28, 34, attached hereto as Exhibit "BB."

As for the lies alleged in the PFAs against Carl McBrearty, Carl never confronted his mother about those lies, objected to those lies or even speak to his mother over those lies. *See* deposition testimony of Carl McBrearty at pp. 74-75, attached hereto as Exhibit "BB."

As for evidence, "I [Carl] have no evidence that she was coerced, but I know that she would never write anything about bomb threats on her own. From my knowledge – my knowledge is she was called at her place of work to come to the Norwood Police Station or come to the courthouse

to fill out paperwork to get us evicted." *See* deposition testimony of Carl McBrearty at p. 42, attached hereto as Exhibit "BB." His knowledge comes from Belinda telling him that. He does not know who called Belinda. Finally, when asked what information Carl had that Belinda was coerced to fill out the PFAs, Carl responds, "None." *See* deposition testimony of Carl McBrearty at p. 44, attached hereto as Exhibit "BB."

Carl has never had any conversations with Norwood Borough Police Officers. *See* deposition testimony of Carl McBrearty at p. 65, attached hereto as Exhibit "BB." And, Carl has no information that the Sheriffs were not executing an Eviction Order on March 13, 2002. *See* deposition testimony of Carl McBrearty at p. 51, attached hereto as Exhibit "BB."

Carl alleged in his Complaint that he spent $2,000 in moving expenses as a result of this wrongful eviction, but he admitted that he has no evidence that he spent $2,000. *See* deposition testimony of Carl McBrearty at p. 51, attached hereto as Exhibit "BB."

Norwood Borough Police Officer William Manning, II, was the only Norwood Police Office present when the Delaware County Sheriffs served the Eviction Notice and Protection from Abuse Order. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶ 7, attached hereto as Exhibit "C." He did not serve the Eviction Notice and/or the Protection from Abuse Order at 649 Seneca Avenue, but was present only to provide protection to the Delaware County Sheriffs who were present. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 4-8, attached hereto as Exhibit "C." He also did not believe that the Eviction Notice or Protection from Abuse Order contained any false information or ever became aware that they contained false information. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 9, 14-15, attached hereto as Exhibit "C." Furthermore, Officer Manning believed that his actions were justified by the law, he followed proper police procedures, and did not violate any rights of the Plaintiffs. *See*

–8–

Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 11-13, attached hereto as Exhibit "C." A copy of all Police Incident Reports regarding 649 Seneca Avenue is attached hereto as Exhibit "Z." Of noteworthiness, is the fact that Nina McBrearty called the Norwood Police Department on March 13, 2002, and stated that he mother's life is in danger from Carl McBrearty.

Belinda McBrearty testified that she was called by her attorney's office, Mike Raffaele's office, on March 13, 2002, to go to the Media Courthouse to file out a PFA. She met Kathy, an attorney from Mike Raffaele's office, and they walked over together. *See* deposition testimony of Belinda McBrearty at pp. 10-11, 35, attached hereto as Exhibit "E." She did not fill out a PFA against Nina because Nina has never threatened to kill her. *See* deposition testimony of Belinda McBrearty at p. 35, attached hereto as Exhibit "E."

Lastly, she testified that nobody forced her to put down the information that was in the PFA. And, she wanted the PFA to still be an Order because she was worried that John and Carl would come after her and hurt her. *See* deposition testimony of Belinda McBrearty at p. 36, attached hereto as Exhibit "E."

## II.    <u>LEGAL ARGUMENT</u>

According to the Pennsylvania Rules of Civil Procedure, after the relevant pleadings are closed, but within such time as to not unreasonably delay trial, any party may move for summary judgment, in whole or in part, as a matter of law:

> (1)    whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2)    if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense

which in a jury trial would require the issues to be submitted
to a jury.

Pa. R.C.P. 1035.2.

Summary judgment is proper if the submitting party can demonstrate that there is no genuine issue of material fact and that such party is entitled to judgment as a matter of law. Carns v. Yingling, 594 A.2d 337, 339 (Pa. Super. 1991). The entry of summary judgment is proper where a plaintiff fails to plead facts sufficient to sustain the cause of action, or fails in its response, by affidavit or otherwise, to set forth facts showing that there is a genuine issue for trial. Taylor v. Tukanowicz, 435 A.2d 181, 184 (Pa. Super. 1981).

In deciding to grant a motion for summary judgment, the Court must examine the record in the light most favorable to the non-moving party, and any and all doubts must be resolved against the moving party. Hayward v. Medical Center of Beaver County, 608 A.2d 1040, 1042 (Pa. 1992). However, a party seeking to avoid the entry of summary judgment against them may not merely rest on the averments in the pleadings; such party must show that there is a genuine issue for trial once a properly motion for summary judgment confronts them. Buckno v. Penn Linen & Uniform Service, Inc., 631 A.2d 674 (Pa. Super. 1993).

Carl's only participation in this lawsuit was the signing of the initial Complaint (he did not sign the Amendment to Complaint), preparing Answers to Norwood's Interrogatories, appearing for a deposition and appearing for Belinda McBrearty's deposition. Plaintiff Carl McBrearty did not conduct any discovery beyond the aforementioned, did not question any witnesses, provide any documents, request any documents, question any police officers, attend the Rule 16 conference, etc.

He has offered absolutely no evidence to support his claims. *See* deposition testimony of Carl McBrearty at pp. 42, 44, attached hereto as Exhibit "BB." His allegations directed against

Norwood Borough Police Department are not warranted by the facts. First, even if proven, he suffered absolutely no damages as a result of the aforementioned claims and, second, he has no standing to bring these claims.

Norwood Borough Police Officer William Manning, II, was the only Norwood Police Office present when the Delaware County Sheriffs served the Eviction Notice and Protection from Abuse Order. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶ 7, attached hereto as Exhibit "C."

He did not serve the Eviction Notice and/or the Protection from Abuse Order at 649 Seneca Avenue, but was present only to provide protection to the Delaware County Sheriffs who were present. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 4-8, attached hereto as Exhibit "C." He also did not believe that the Eviction Notice or Protection from Abuse Order contained any false information or ever became aware that they contained false information. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 9, 14-15, attached hereto as Exhibit "C." Furthermore, Officer Manning believed that his actions were justified by the law, he followed proper police procedures, and did not violate any rights of the Plaintiffs. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 11-13, attached hereto as Exhibit "C." There is no evidence that Officer Manning knew the PFA was based on false information and there is no evidence that the PFA was even based on false information. Carl has testified that the PFAs were based on false information, but he did not even confront his mother over the false statements. *See* deposition testimony of Carl McBrearty at pp. 74-75, attached hereto as Exhibit "BB." He admits that he has no evidence that she was coerced to fill out the PFAs. *See* deposition testimony of Carl McBrearty at pp. 42-44, attached hereto as Exhibit "BB."

Furthermore, and as fully set forth in the facts of this memorandum of law, the Norwood

Borough Police Department only provided protection to the Delaware County Sheriffs Office while

the Delaware County Sheriffs Office served the Eviction Notice and Protection from Abuse Order.

*See* Affidavit of Norwood Borough Police Officer William Manning, II, attached hereto as Exhibit

"C." Notwithstanding that fact, Norwood Borough Police Department's Police Officers should be

afforded qualified immunity and this should be imputed to Norwood Borough Police Department.

In Forbes v. Township of Lower Merion, 313 F.3d 144, 146 (3d Cir. 2002), the Court outlined

qualified immunity stating:

> Qualified immunity insulates from civil liability government officials
> performing discretionary functions insofar as "their actions could rea-
> sonably have been thought consistent with the rights they are alleged
> to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 97
> L.Ed.2d 523, 107 S. Ct. 3034 (1987). In assessing a claim of quali-
> fied immunity, we must review the law relevant to the official's be-
> havior and ask whether the official could have believed that his or her
> actions were justified by law. *See Good v. Dauphin Cty. Soc. Sercs.*,
> 891 F.2d 1087, 1094 (3d Cir. 1989). The second part of this inquiry
> contains two components. To overcome the defense of qualified im-
> munity, (1) the facts, "taken in the light most favorable to the party
> asserting the injury, [must] show the officer's conduct violated a con-
> stitutional right," *Saucier v. Katz*, 533 .S. 194, 201, 150 L.Ed.2d 272,
> 121 S. Ct. 2151 (2001), and (2) "the contours of the right must be suf-
> ficiently clear that a reasonable official would understand that what
> he is doing violates that right." *Anderson*, 483 U.S. at 640.
>
> Qualifying immunity is defeated if an official "knew or reasonably
> should have known that the action he took within his sphere of offi-
> cial responsibility would violate the constitutional rights of the [plain-
> tiff], or if he took the action with the malicious intention to cause a
> deprivation of constitutional rights or other injury." *Wood v. Strick-
> land*, 420 U.S. 308, 322, 43 L.Ed.2d 214, 95 S. Ct. 992 (1975). The
> doctrine aims to exclude "the plainly incompetent" and "those who
> knowingly violate the law" while accommodating reasonable "mis-
> taken judgments." *Hunter v. Bryant*, 502 U.S. 224, 229, 116 L.Ed.2d
> 589, 112 S. Ct. 534 (1991) (citation and internal quotation marks
> omitted). If an official could have reasonable believed that his or her

actions were lawful, the official receives immunity even if in fact the
actions were not lawful.

Qualified immunity is not a mere defense from liability, it is an entitlement **not to stand trial or face the other burdens of litigation**. Mitchell v. Forsyth, 472 U.S. 511, 526, 86 L.Ed.2d 411, 105 S. Ct. 2806 (1985). It should be decided at the earliest possible stage in litigation. *See* Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L.Ed.2d 396, 102 S. Ct. 2727 (1982).

Here, it is clear that Officer Manning is afforded qualified immunity. Pursuant to the facts of the matter, Officer Manning only provided protection for the Delaware County Sheriffs Officers during the service of the Eviction Order and Protection from Abuse Order. Even if his participation was to be considered more, he was simply enforcing a Court Order. He felt there was probable cause, "facts and circumstances within the officer's knowledge sufficient to warrant a person believing" that the eviction should occur. Beck v. Ohio, 379 U.S. 89, 91, 13 L.Ed.2d 142, 85 S. Ct. 2223 (1964).

Officer Manning's behavior was justified and reasonable. His conduct did not violate a constitutional right of the Plaintiff and therefore, the Plaintiff's Complaint must be dismissed with prejudice against the Norwood Borough Police Department.

III.     <u>**CONCLUSION**</u>

It is clear on the facts of this case that the Plaintiff Carl McBRearty is unable to sustain any

type of cause of action against Norwood Borough Police Department.  As such, this case is ripe for

Summary Judgment.

Respectfully submitted,

MARGOLIS EDELSTEIN


By:_____

Carl J. DiCampli, Esquire
Christopher J. Pakuris, Esquire

The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA  19106-3304
(215) 922-1100

Attorneys for Defendant,
Norwood Borough Police Department

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN MCBREARTY;
CARL MCBREARTY; and
NINA MCBREARTY

    v.

DELAWARE COUNTY SHERIFFS
DEPARTMENT; NORWOOD BOROUGH
POLICE DEPARTMENT; DELAWARE
COUNTY; and MEDIA BOROUGH

CIVIL ACTION NO. 02-4553

**O R D E R**

    **AND NOW**, this _____ day of _____, 2003, upon consideration of the

Motion of Defendant, Norwood Borough Police Department, for Summary Judgment, and any

response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and

Defendant, Norwood Borough Police Department, is **DISMISSED** from the Complaint of Plaintiff

Carl McBrearty, **WITH PREJUDICE**.

                                                      **BY THE COURT**:

_____
                                                        **J.**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MCBREARTY;
CARL MCBREARTY; and
NINA MCBREARTY

      v.

DELAWARE COUNTY SHERIFFS
DEPARTMENT; NORWOOD BOROUGH
POLICE DEPARTMENT; DELAWARE
COUNTY; and MEDIA BOROUGH

CIVIL ACTION NO. 02-4553

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion of

Defendant, Norwood Borough Police Department, for Summary Judgment, and accompanying

Memorandum of Law, has been served this _____ day of September, 2003, by first-class United

States mail, postage pre-paid, addressed as follows:

John McBrearty
928 Delview Drive
Folcroft, PA  19032
*Pro Se*

Carl McBrearty
928 Delview Drive
Folcroft, PA  19032
*Pro Se*

Nina McBrearty
316 East 21st Street
Chester, PA  19013
*Pro Se*

Thomas C. Gallagher, Esquire
Holsten & Associates
One Olive Street
Media, PA  19063
Attorney for Defendants,
Delaware County and
Delaware County Sheriff's Department

_____
Carl J. DiCampli, Esquire