## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John McBrearty | : | No. 02-4553 |
| Carl McBrearty and Nina McBrearty | : | |
| | | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | | |
| Delaware County Sheriff's Department | : | |
| Norwood Borough Police Department | : | |
| Delaware County and Media Borough | : | |

### CROSS MOTION FOR SUMMARY JUDGMENT
### OF DEFENDANTS DELAWARE COUNTY AND
### DELAWARE COUNTY SHERIFF'S DEPARTMENT

Defendants, Delaware County and Delaware County Sheriff's Department, by and through their counsel, Holsten & Associates, Cross Move for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and incorporate by reference the Motion for Summary Judgment filed by co-Defendant, Norwood Borough Police Department, and hereby request this Honorable Court to grant Summary Judgment in their favor, and, in support thereof, respectfully avers as follows:

1.     The Plaintiffs, John McBrearty, Carl McBrearty and Nine McBrearty filed an action in this Court against the Defendants, Delaware County and Delaware County Sheriff's Department, and co-Defendants, Norwood Borough Police Department and Media Borough.  (See Plaintiffs' Complaint attached hereto as Exhibit "A").

2.     The Plaintiffs then filed an Amended Complaint.  (See Plaintiffs' Amendment to the Complaint attached hereto as Exhibit "B").

3.     The Plaintiffs' Amendment to the Complaint, it is believed, alleged harassment, due process violations, privacy violations, entrapment, secret proceedings without a Court stenographer, Freedom of Speech violations, malicious prosecution, unreasonable search and seizures, denial of their right to bear arms and finally, "behaving like Anarchists."

1

4.      The Plaintiffs have failed to set forth any facts that could possibly prove their broad allegations and have failed to produce any evidence by way of deposition testimony or exhibits which would substantiate their rather broad sweeping conspiracy theories.

5.      Defendants, Delaware County and Delaware County Sheriff's Department, incorporates herein by reference the following Memorandum of Law in support of the present Cross Motion as well as the Motions and Memorandum of Law of co-Defendant Norwood Borough Police Department.

### DELAWARE COUNTY SHERIFF'S DEPARTMENT

6.      Discovery in this matter reveals that the only involvement of the Delaware County Sheriff's Department, was to evict the Plaintiffs, John McBrearty and Carl McBrearty from 649 Seneca Avenue, Norwood, Pennsylvania where the Plaintiffs resided along with Nina McBrearty.

7.      The Delaware County Sheriff's Department was requested to assist Belinda McBrearty, the divorced wife of John McBrearty and the mother of Plaintiffs, Nina and Carl McBrearty, in the eviction of John and Carl McBrearty pursuant to an Eviction Order entered by the Honorable Maureen Fitzpatrick, Judge, Delaware County of Common Pleas entered on July 2, 2001. (See Judge Fitzpatrick's Order attached hereto as Exhibit "C").

8.      The eviction of the Plaintiffs John and Carl McBrearty, took place on March 13, 2002 after the attorney for Belinda McBrearty began to process the eviction papers with the Delaware County Sheriff's Department. (See correspondence from Kathleen Piperno, Esquire to the Delaware County Sheriff dated March 7, 2001 and attached as Exhibit "D" and letter dated March 11, 2001 attached as Exhibit "E").

9.      Because of Belinda McBrearty's allegation concerning John McBrearty having guns and making explosive devices such as rockets, as well as her fear that after the Eviction Order of

Judge Fitzpatrick was acted upon, John and Carl would come after her, Belinda McBrearty asked her attorney Kathleen Piperno, Esquire to prepare a Protection From Abuse Petition (PFA) to ensure that nothing would happen to her. (See Belinda McBrearty's deposition dated August 19, 2003 attached as Exhibit "F", pp. 9,36).

10.     Temporary PFA's were prepared against John McBrearty and Carl McBrearty by, Belinda McBrearty and Belinda McBrearty's attorney, Kathleen Piperno, Esquire. (See Belinda McBrearty deposition, Exhibit "F", p. 12).

11.     The Temporary PFA's were handwritten by Belinda McBrearty and Orders were entered against John and Carl McBrearty, by the Honorable Anne Osborne, Judge, Delaware County Court of Common Pleas at approximately 4:00 P.M. on March 13, 2003, the day of the eviction. (See Protection from Abuse Petitions against John McBrearty as Exhibit "G" and Carl McBrearty as Exhibit "H". See also the Order of Judge Osborne approving the PFA's against John and Carl McBrearty, Exhibit "I").

12.     With the Temporary PFA's  signed by Judge Osborne and the Eviction Order of Judge Fitzpatrick (Exhibit "C"), the Delaware County Sheriffs evicted John and Carl McBrearty from the property owned by Belinda McBrearty at 649 Seneca Avenue, Norwood, Pennsylvania and confiscated numerous operable weapons owned by John McBrearty.  (See Sheriff's weapons inventory, Exhibit "J").

13.     The property at 649 Seneca Avenue was eventually sold pursuant to Judge Fitzpatrick's' Order of July 2, 2001 and the proceeds were to be divided amongst John and Belinda McBrearty. (See Judge Fitzpatrick's Order, Exhibit "C").

14.     On March 21, 2002, the Honorable Barry Dozor, Judge of the Delaware County Court of Common Pleas held a hearing concerning the Temporary Protection from Abuse Orders as to

whether the Orders should be made permanent. John and Carl McBrearty were represented by John Jay Wills, Esquire and Belinda McBrearty was represented by Michael Puppio, Esquire, co-counsel with Kathleen Piperno, Esquire. (See John McBrearty's deposition, Exhibit "K", p. 99).

15.    At the hearing, Judge Dozor met with each party's counsel and a Stipulation was entered into on the record in which John and Carl McBrearty admitted that they were evicted from 649 Seneca Avenue pursuant to the Order of Judge Fitzpatrick dated July 2, 2001 (not pursuant to the PFA Petitions).  (See John McBrearty's deposition attached as Exhibit "K", pp 99, 101, 102, 104-105.  See also Deposition Testimony of Carl McBrearty dated July 31, 2003 attached as Exhibit "L", pp. 12, 19, 30).

16.    There is no evidence or testimony provided to date, that the Sheriff's Department of Delaware County, forced or coerced Belinda McBrearty to enter into PFA's in order to evict John and Carl McBrearty. (see John McBrearty's deposition, Exhibit "K", p. 19, and Carl's deposition, Exhibit "L", pp. 42-44).  The testimony of the Plaintiffs as well as the evidence and documents produced, indicate that Judge Fitzpatrick on July 2, 2001 ordered that the occupants of 649 Seneca Avenue (John McBrearty and anyone else there) be evicted, with force if necessary. (See John McBrearty's deposition, Exhibit "K", pp. 59-60, 84, 99, 104-105). The PFA Petitions were not what evicted John McBrearty but were the result of the failure of John and Carl McBrearty to vacate the property and their violent propensities toward Belinda McBrearty. (See Belinda McBrerty's deposition, Exhibit "F", pp. 9, 36).

## DELAWARE COUNTY

17.    Discovery in this matter reveals that the only involvement of Delaware County is based on the allegations of John McBrearty as Plaintiffs Carl and Nina McBrearty testified at their depositions that they have no information or evidence that Delaware County denied a permit to John

McBrearty for a "peaceful one man demonstration." (See Nina McBrearty's deposition dated July 31, 2003 attached as Exhibit "M", pp. 46 and 49). (See also Carl McBrearty's deposition dated July 31, 2003 attached as Exhibit "L", pp. 33-34).

18.    Plaintiff John McBrearty admitted in his deposition that Delaware County never denied his permit request. (See Exhibit "K", pp. 40, 42-44).

19.    On March 12, 2002, John McBrearty spoke to a Delaware County employee, for the first time, about his protest permit. Marianne Grace, Executive Director of Delaware County requested that Mr. McBrearty speak with the Chief of the Delaware County Park Police, Sam Ziviello, regarding the parameters of the protest. (See Affidavit of Marianne Grace, attached as Exhibit "N").

20.    On March 12, 2002, Marianne Grace Chief Sam Ziviello, of the Delaware County Park Police to discuss with John McBrearty, the parameters of the protest application. (See Sam Ziviello's Affidavit, Exhibit "O").

21.    Chief Sam Ziviello never denied the protest permit request of John McBrearty. (See Exhibit "O" Affidavit of Sam Ziviello).

22.    Plaintiff alleges in his Complaint and Amended Complaint that the Media Parks Commissioner failed to issue a protest permit. The Media Parks Commissioner is not under the supervision of Delaware County and in fact, is employed by the local municipality, Media Borough, in which the Delaware County Courthouse is situated.  The issuance of permits for any demonstration outside the Delaware County Courthouse is governed by the Ordinances of the municipality in which the Courthouse in situated, Media, Pennsylvania.

23.    On March 14, 2003, Mr. McBrearty was requested to outline the scope and length of his protest after he advised Chief Ziviello that his protest would be on the front lawn of the

Courthouse at the entrance and exit of the Courthouse and would last in excess of 6 months. Because Chief Ziviello is charged with the health, safety and welfare of all pedestrians entering and exiting the Courthouse, the Chief requested that a letter be sent to Marianne Grace outlining the parameters of the protest. (See Affidavit of Chief Ziviello, Exhibit "O").

24.     Plaintiff John McBrearty verbally requested to speak with Marianne Grace, Executive Director of Delaware County for the first time on March 12, 2003 and did not file the letter requested by Chief Ziviello, with Ms. Grace until March 14, 2003. John McBrearty then withdrew the permit letter request on Monday, March 18, on his own volition (See McBrearty Deposition Exhibit "K", p. 41 and Affidavit of Marianne Grace and Chief Ziviello Exhibits "N" and "O").

25.     Plaintiff McBrearty alleges a "grand scheme conspiracy" between Delaware County and the Delaware County Sheriff's Office and alleges that Delaware County directed the Sheriff of Delaware County to violate his civil rights.

26.     The County of Delaware has no supervisory responsibility over the Sheriff of Delaware County, an independently elected official, who does not report to anyone in the County of Delaware. (See Affidavit of Grace, Exhibit "N").

27.     Additionally, the County of Delaware has no supervisory or management responsibility over the Delaware County Court of Common Pleas Electronic Transcription Department. (See Affidavit of Marianne Grace, Exhibit "N").

28.     Plaintiff in his Complaint alleges that the transcript of the PFA hearing before Judge Dozor on March 21, 2002, concerning the permanent PFA against John and Carl McBrearty, was altered because it did not include the "in chambers" discussions between Mr. McBrearty's counsel and Belinda McBrearty's counsel with Judge Dozor.

29.     The County of Delaware has no jurisdiction over Judge Dozor or any aspect of the

Delaware County Court of Common Pleas.  (See Affidavit of Marianne Grace, Exhibit "N").

30.    Plaintiff alleges that his efforts to have the "peaceful one man demonstration" began on March 5, 2002 but has produced no evidence to verify this and the first time that Defendant Delaware County (via Marianne Grace) received any call from John McBrearty was March 12, 2002.  (See Phone Message of John McBrearty to Marianne Grace dated March 12, 2002 attached as Exhibit "P".  See also Affidavit of Grace, Exhibit "N").

31.    The request to have John McBrearty and the occupants of 649 Seneca Avenue evicted began on March 7, 2002 via a letter from Belinda McBrearty's attorney, Kathleen Piperno, to the Sheriff of Delaware County. (See Piperno letter attached as Exhibit "D").

32.    Nina McBrearty alleges that she was denied access to her home and her belongings without any Court Order or Complaint.  (See Plaintiff's Complaint attached as Exhibit "A").

33.    Nina McBrearty does admit that she was prevented from entering 649 Seneca Avenue on March 13, 2002 by the owner Belinda McBrearty, <u>after</u> the Delaware County Sheriffs and the Norwood Borough Police had left the property.  (See Nina McBrearty's Exhibit "M", pp. 23, 26, 32-33).

34.    Nina McBrearty admits that she was not prevented from entering the property by the Delaware County Sheriff's Department. (See Exhibit "M", p. 37).

35.    Additionally, Nina McBrearty has no knowledge of any aspect of this case and admitted during her deposition that her father is running the litigation and she was not involved in the permit process.  (See Exhibit "M", pp. 46 and 49).

36.    Carl McBrearty admits that he never applied for the protest Permit and that the Sheriffs were at 649 Seneca Avenue to execute the Eviction Order of Judge Fitzpatrick of July 2, 2001.  (See Carl McBrearty's deposition Exhibit "L", pp. 33 and 51).

37.    Plaintiff John McBrearty alleges that the locks on 649 Seneca Avenue were changed by the Sheriff when in fact they were changed at the request of Belinda McBrearty in order to keep out Plaintiffs John McBrearty, Carl McBrearty and Nina McBrearty. (See Belinda McBrearty's deposition Exhibit "F", pp. 43, 47 and 49).

38.    Plaintiff John McBrearty alleges that his right to "bear arms" was violated by the Sheriff's confiscating the guns at 649 Seneca Avenue on the night of the eviction.

39.    Belinda McBrearty's attorney, Kathleen Piperno, Esquire, in a letter dated March 7, 2001 advised the Sheriffs that the Plaintiff had numerous weapons at 649 Seneca Avenue including an AK-47.  (See Exhibit "D").

40.    Additionally, the Temporary PFA Petitions prepared by Belinda McBrearty, by her own volition, note that John McBrearty and Carl McBrearty have threatened to harm/kill Belinda McBrearty in the past and that John McBrearty has numerous operable weapons in the house.  (See Exhibits "G" and "H"). (See Belinda McBrearty's deposition, Exhibit "F", pp. 9, 36).

41.    Belinda McBrearty, in an abundance of caution and out of pure fear, requested her attorney to ensure that PFA's would be prepared at the time the eviction took place in order to keep Plaintiffs John and Carl McBrearty away from her because of their violent propensities.  (See Belinda McBrearty's deposition Exhibit "F", pp. 9, 36, 41).

42.    To date, Plaintiff has not pursued a verbal or written application for a "peaceful one man demonstration" in front of the Delaware County Courthouse with Delaware County or with Media Borough. The Executive Director of Delaware County will personally walk Mr. John McBrearty through the process of getting a permit at no cost to the Plaintiff.  (See Affidavit of Marianne Grace Exhibit "N").

43.    Summary Judgment is proper if the submitting party can demonstrate that there is no

genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Carns.

44.    The entry of Summary Judgment is proper where a Plaintiff fails to plead facts sufficient to sustain the cause of action, or fails in its response, by Affidavit or otherwise, to set forth facts showing that there is a genuine issue for trial.  Taylor vs. Tukanowicz, 435 A.2d 181, 184 (Pa. Super. 1981).

45.    Plaintiffs John McBrearty, Carl McBrearty and Nina McBrearty have no cause of action against Defendant Delaware County and Delaware County Sheriff's Department because Delaware County  and Delaware County Sheriff's Department did nothing wrong.

46.    Plaintiffs John McBrearty, Carl McBrearty and Nina McBrearty have failed to provide any factual basis for their allegations to exist against Delaware County and Delaware County Sheriff's Department.

47.    Plaintiffs John McBrearty and Carl McBrearty have failed to produce any evidence that the Sheriff of Delaware County evicted them for any other reason than the Order of Judge Fitzpatrick dated July 2, 2001.

48.    Plaintiff John McBrearty has failed to produce any evidence that Delaware County ever denied or caused to be denied, his permit for a Courthouse protest. John McBrearty withdrew his application on his own volition.

49.    Plaintiff John McBrearty has failed to produce any evidence to support any of his claims.

50.    Therefore, since Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty are unable to sustain their cause of actions against Defendants, Delaware County and Delaware County Sheriff's Department as fully set forth in this Motion and the attached Memorandum of Law and the Motion for Summary Judgment filed by co-Defendant Norwood Borough, their lawsuit should be

dismissed from this action with prejudice.

WHEREFORE, Defendants, Delaware County and Delaware County Sheriff's Department respectfully request that this Honorable Court grant their Motion for Summary Judgment and deny Plaintiffs' Motion for Summary Judgment and dismiss Plaintiffs' Complaint and Amendment to Complaint, with prejudice.

Respectfully Submitted,

**HOLSTEN & ASSOCIATES**

**BY:** _____
**Thomas C. Gallagher, Esquire**
**Attorney for Defendant, Delaware County Sheriff's**
**Department and Delaware County, ONLY**

10