IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **John McBrearty** | : | No. 02-4553 |
| **Carl McBrearty and Nina McBrearty** | : | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| **Delaware County Sheriff's Department** | : | |
| **Norwood Borough Police Department** | : | |
| **Delaware County and Media Borough** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS, DELAWARE COUNTY AND DELAWARE
COUNTY SHERIFF'S DEPARTMENT, IN SUPPORT OF THEIR
CROSSMOTION FOR SUMMARY JUDGMENT**

**I.    STATEMENT OF FACTS**

Plaintiffs have alleged a timeline of events starting on March 5, 2002 through March 21, 2002. The Plaintiff, John McBrearty maintains that on March 5, 2002 he went to the Media Police Station and requested an application for a permit for a public gathering at the Delaware County Courthouse in Media Borough. He was given the business card of Jeffrey Smith (Media Borough Manager) and was informed Mr. Smith's signature was required on the approval of any such application.

On March 7, 2002, John McBrearty alleges that he spoke with Jeffrey Smith pertaining to the permit. Mr. Smith advised that there was a Media Borough Ordinance that required the applicant for a demonstration permit, to receive in writing a letter from whomever was responsible for the property. Mr. Smith then advised John McBrearty that the Executive Director of Delaware County, Marianne Grace, was the individual responsible for the front lawn of the Delaware County Courthouse.

On March 12, 2002, Plaintiff John McBrearty left a message with Executive Director Grace pertaining to the request for the demonstration permit. Ms. Grace then called back Mr. McBrearty and advised that she needed to talk to some additional people and later informed Mr. McBrearty that he needed to discuss the parameters of the use of the Courthouse front lawn for his demonstration, with Sam Ziviello, Chief of the Delaware County Park Police. She also said it was okay to protest. (See McBrearty deposition, Exhibit "K", p. 31). Plaintiff John McBrearty then called Chief Ziviello and he discussed the parameters of the demonstration with the Chief. (See Affidavit of Grace Exhibit "N" and Plaintiffs' Complaint and Amended Complaint, Exhibits "A" and "B").

Chief Ziviello is in charge of the health, safety and welfare of all pedestrians using the entrance and exit of the Courthouse where John McBrearty's protest was planned. (See Ziviello Affidavit, Exhibit "O"). When McBrearty advised the Chief that the protest would start out for "six months and maybe longer," the Chief advised Mr. McBrearty, on March 14, 2002, that he needed to send a letter to Ms. Grace outlining the parameters of his requested demonstration. (See Ziviello Affidavit, Exhibit "O").

A letter from McBrearty was delivered to Marianne Grace's office on March 14, 2002 stating the intentions of the Plaintiff, John McBrearty, pertaining to his "one man peaceful protest." (See Ziviello Affidavit Exhibit "O", Grace Affidavit Exhibit "N" and McBrearty letter, Exhibit "Q").

On March 18, four days later (including a Saturday and Sunday), John McBrearty called and left a message with Ms. Grace that he was not pursuing his request for a permit to demonstrate on the Courthouse lawn. Additionally, John McBrearty called Chief Ziviello and advised him that he was not pursuing his permit for the demonstration on the Courthouse lawn.

(See Ziviello and Grace Affidavits, Exhibits "O" and "N". See John McBrearty's deposition, Exhibit "K", pp. 41-42).

At no point prior to March 18, 2002, was John McBrearty ever advised that Delaware County would not permit a "peaceful one man demonstration" on the Courthouse lawn nor was he ever advised that he would not receive a letter from Ms. Grace, to be delivered to Media Borough concerning the permit application. (See Ziviello and Grace Affidavits, Exhibits "O" and "N". See John McBrearty's deposition, Exhibit "K", pp. 41, 41-42, 44).

On March 13, 2002, Plaintiffs John McBrearty and Carl McBrearty, were evicted from the residence located at 649 Seneca Avenue, Norwood, Delaware County, Pennsylvania by the Sheriff's Department of Delaware County with assistance from co-Defendant Norwood Borough Police. The Sheriffs evicted John and Carl McBrearty pursuant to an Order signed by the Honorable Maureen Fitzpatrick, Judge of the Court of Common Pleas of Delaware County signed July 2, 2001. (See Judge Fitzpatrick's Order, Exhibit "C").

Plaintiff Nina McBrearty was also residing at 649 Seneca Avenue but was not evicted by the Sheriffs as she was not home at the time of the execution of the Eviction Order. Nina McBrearty was prevented from entering the property at 649 Seneca Avenue at approximately 8:00 P.M. on March 13, 2002 by the owner of the property, her mother Belinda McBrearty. (See Nina McBrearty's Deposition, Exhibit "M", pp. 32-33, 37).

Because of the prior threats to Belinda McBrearty, the attorneys for Belinda McBrearty advised the Sheriff of Delaware County of the possession of operable weapons by John McBrearty inside 649 Seneca Avenue. Belinda McBrearty requested that her attorney, Kathleen Piperno, Esquire, ensure that Protection From Abuse Petitions (PFA's) would be prepared and signed by a Judge prior to the eviction as she feared that the Plaintiffs John and Carl McBrearty

3

would retaliate against her after the eviction took place. (See Belinda McBrearty deposition, Exhibit "F", pp. 9, 12, 36, 41, 49).

On March 13, 2002, the Temporary PFA Petitions were prepared in Belinda McBrearty's handwriting with the assistance of her attorney Kathleen Piperno, Esquire. (See Belinda McBrearty's deposition, Exhibit "F", pp. 10, 12). The Sheriff of Delaware County had no involvement whatsoever in the preparation of the Temporary PFA Petitions. The Petitions were against John and Carl McBrearty and were approved by the Honorable Ann Osborne, Judge Delaware County Court of Common Pleas at approximately 4:00 P.M. on March 13, 2002, the day of the eviction. (See Judge Osborne's Order, Exhibit "I").

Upon being evicted from the property on March 13, 2002, John McBrearty and Carl McBrearty retained an attorney to represent them at the PFA hearing before the Honorable Barry Dozor, Judge Delaware County Court of Common Pleas on March 21, 2002. (See John McBrearty's deposition, Exhibit "K", pp. 95-101). John and Carl McBrearty were represented by Jay Wills, Esquire a respected member of the Delaware County Bar and admitted to practice in Pennsylvania. At the hearing before Judge Dozor, Ms. McBrearty was represented by Kathleen Piperno's partner, Michael Puppio, Esquire. At the request of Mr. Wills and Mr. Puppio and the Judge, the attorneys met with the Judge in chambers to discuss resolving yet another problem in this six year old divorce. (See John McBrearty's deposition, Exhibit "K", pp. 99-101).

Upon returning to the bench, the two attorneys read into the record a Stipulation in which they agreed that Plaintiff's John McBrearty and Carl McBrearty were evicted from 629 Seneca Avenue, Norwood, Delaware County, Pennsylvania as a result of Judge Fitzpatrick's Order of July 2, 2001 (not as a result of the Temporary PFA prepared by Belinda McBrearty on March 13, 2002). (See John McBrearty's deposition, Exhibit "K", pp. 99-105 and Carl McBrearty's

4

deposition, Exhibit "L", pp. 12, 19, 36). Additionally, John McBrearty and Carl McBrearty agreed on the record to the Stipulation and never voiced any opposition to the wording concerning the eviction being the result of the Order of Judge Fitzpatrick. (See John McBrearty's deposition, Exhibit "K", pp. 99-101 and Carl McBrearty's deposition, Exhibit "L", pp. 12, 19, 30).

The two Temporary PFA's were made permanent based on the Stipulation between the two attorneys as Belinda McBrearty, the ex-wife of John McBrearty and the mother of Carl McBrearty, was in fear for her life because of the prior threats and assaults by John and Carl McBrearty. (See Belinda McBrearty's deposition, Exhibit "F", pp. 9, 36 and Order of Judge Dozor, Exhibit "R").

The transcript of the hearing before Judge Dozor was electronically recorded and transcribed by the Electronic Transcription Department of the Delaware County Court of Common Pleas, which is not affiliated in any way with the County of Delaware. This department is supervised by the President Judge of the Court of Common Pleas of Delaware County. (See Grace Affidavit, Exhibit "N").

The Delaware County Sheriff's Department is administered by the duly elected and independent Sheriff of Delaware County. Neither Marianne Grace nor anyone in Delaware County has any management responsibilities over the Sheriff's Department. (See Grace Affidavit, Exhibit "N"). Any acts by the Sheriff's Department, pursuant to Judge Fitzpatrick's Order of July 2, 2001, were not the result of any actions by the County of Delaware.

Finally, Judge Osborne signed the Temporary PFA's Ordered that all weapons inside 649 Seneca Avenue be confiscated for the safety of Belinda McBrearty and the Sheriffs. (See Judge Osborne's Order, Exhibit "I"). Interestingly enough, the Sheriffs did confiscate numerous

operable weapons as outlined by Ms. McBrearty in her Temporary PFA Petitions and noted in Kathleen Piperno's letter to the Sheriff on March 7, 2001. (See Sheriff Weapon's Inventory, Exhibit "J").

Nina McBrearty and Carl McBrearty had no involvement whatsoever in the sequence of events concerning the permit application and they were leaving this litigation up to their father John McBrearty. (See Nina McBrearty's deposition, Exhibit "M", pp. 46-49 and Carl McBrearty's deposition, Exhibit "L", pp. 33-34).

## II.    ARGUMENT

### A.    Summary Judgment Standard

The function of a Summary Judgment Motion is to avoid a trial in cases where it is unnecessary and would only cause delay and expense. *Goodman vs. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied,* 429 U.S. 1038 (1977). In evaluating a Summary Judgment Motion, the Court may examine the pleadings and other material offered by the parties to determine if there is a genuine issue of material fact to be tried. Fed. R. Civ. P. 56(c); *see also* *Celotex Corp. vs. Catrett*, 477 U.S. 317, 322-23 (1986). Movant "bears the initial responsibility of informing the Court of the basis for its Motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. When the movant does not bear the burden of persuasion at trial, as is the case here, he need only point out to the court "that there is an absence of evidence to support the nonmoving party's case." *Anderson vs. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (186).

Once the Delaware County and Delaware County Sheriff's Department defendants file this properly supported Motion, the burden shifts to Plaintiffs to present affirmative evidence and

6

"set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ. P. 56(e); _Anderson vs. Liberty Lobby, Inc._, 477 U.S at 257. Rule 56(e) does not allow Plaintiffs to rely merely upon bare assertions, conclusory allegations, suspicions, general denials, or vague statements. _Trap Rock Indus., Inc. vs. Local 825_, 982 F.2d 884, 890 (3d Cir. 1992); _Fireman's Ins. Co. vs. DuFresne_, 676 F2d 965, 969 (3d Cir. 1982). He must offer specific contradictory facts, indicating a genuine issue for trial. _Lujan vs. National Wildlife Fed'n_, 497 U.S. 871, 888 (1990). Where the record taken as a whole could not lead a rational trier of fact to find for Plaintiffs, there is no "genuine issue for trial." _Matsushita Elec. Indus. Co vs. Zenith Radio Corp._, 475 U.S. 574 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." _Anderson_, 477 U.S. at 248.

### III.   LEGAL ARGUMENT

#### A.   DELAWARE COUNTY SHERIFF'S DEPARTMENT

The Defendant, Delaware County Sheriff's Department, in evicting the Plaintiffs, John McBrearty and Carl McBrearty, were acting on the Eviction Order signed by the Honorable Maureen Fitzpatrick, Judge of the Delaware County Court of Common Pleas on July 2, 2001. Judge Fitzpatrick entered the Order finding John McBrearty in contempt of the August 28, 2000 Order and April 16, 2001 Orders directing him to sell the property. Judge Fitzpatrick ordered that "John McBrearty is hereby evicted from the premises known as 649 Seneca Avenue…is not to return to same for any reason. If necessary, Defendant (John) is to be forcibly removed from said premises by the Sheriff of Delaware County." (See Judge Fitzpatrick's Order, Exhibit "C"). The Plaintiffs, John, Carl and Nina McBrearty have failed to allege any facts to show that the conduct of the Delaware County Sheriff's Department would elevate to some type of legal cause of action. Simply put, the Delaware County Sheriff's Department was enforcing an Order that

was entered by the Court of Common Pleas of Delaware County on July 2, 2001. The fact that the Order was not pursued by Belinda McBrearty's attorney, Kathleen Piperno, Esquire, until March 7, 2002 does not rise to the level of a conspiracy by anyone including Delaware County or the Delaware County Sheriff's Department.

Plaintiff alleges that the Temporary Protection From Abuse Petitions prepared by Belinda McBrearty were coerced or forced by some unknown entity working inside the Delaware County Courthouse. Belinda McBrearty testified that the Sheriff did not give the PFA forms to her on March 13, 2002 and that her attorney, Kathleen Piperno, Esquire was the one who called her to come to Courthouse to prepare the PFA's, which Belinda McBrearty wanted prepared when Judge Fitzpatrick initially entered her July 2, 2001 Order.  (See Belinda McBrearty's deposition Exhibit "F", pp. 10, 11, 12, 16, 23, 36, 41). Belinda McBrearty specifically said that she did not have a PFA prepared against Nina McBrearty as Nina had never threatened to "kill" her.  (See Belinda McBrearty's deposition, Exhibit "F", p. 35).  But, in order to maintain the status quo after the Eviction Order was executed by the Sheriffs of Delaware County, Belinda McBrearty specifically refused to allow Nina McBrearty to re-enter the house on the night of the eviction and in fact, specifically had the locks changed on the doors at her own request. (See Belinda McBrearty's deposition, Exhibit "F", pp. 42-43).

Furthermore, as fully set forth in the Motion and this Memorandum of Law, the Delaware County Sheriff's Office served the Eviction Notice and Protection From Abuse Order pursuant to two Orders of Delaware County Court of Common Pleas Judges, Judge Maureen Fitzpatrick and Judge Ann Osborne.  The Sheriff's Department should be afforded qualified immunity.  In *Forbes vs. Township of Lower Merion*, 313 F.3d 144, 146 (3d Cir. 2002), the Court outlined qualified immunity stating:

>Qualified immunity insulates from civil liability government officials performing discretionary functions insofar as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." <u>Anderson vs. Creighton</u>, 483 U.S. 635, 638, 97 L.Ed.2d 523, 107 S. Ct. 3034 (1987). In assessing a claim of qualified immunity, we must review the law relevant to the official's behavior and ask whether the official could have believed that his or her actions were justified by law. See <u>Good vs. Dauphin Ct. Soc. Sercs.</u>, 891 F.2d 1087, 1094 (3d Cir. 1989). the second part of this inquiry contains two components. To overcome the defense of qualified immunity, (1) the facts, "taken in the light most favorable to the party asserting the injury, [must] show the officer's conduct violated a constitutional right, "<u>Saucier vs. Katz</u>, 533 .S. 194, 201, 150 L.Ed.2d 272, 122 S. Ct. 2151 (2001), and (2) "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. "<u>Anderson</u>, 483 U.S. at 640.
>
>Qualifying immunity is defeated if an official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." <u>Wood vs. Strickland</u>, 420 U.S. 308, 322, 42 L.Ed.2d 214, 95 S. Ct. 992 (1975). The doctrine aims to exclude "the plainly incompetent" and "those who knowingly violate the law" while the accommodating reasonable "mistaken judgments." <u>Hunter vs. Bryant</u>, 502 U.S. 224, 229, 116 L.Ed.2d 589, 112 S. Ct. 534 (1991) (citation and internal quotation marks omitted). If an official could have reasonably believed that his or her actions were lawful, the official receives immunity even if in fact the actions were not lawful.

Qualified immunity is not a mere defense from liability, it is an entitlement not to stand trial or face the other burdens of litigation. <u>Mitchell vs. Forsyth</u>, 472 U.S. 511, 526, 86 L.Ed.2d 411, 105 S. Ct. 2806 (1985). It should be decided at the earliest possible stage of litigation. See <u>Harlow vs. Fitzgerald</u>, 457 U.S. 800, 818, 73 L.Ed.2d 396, 102 S. Ct. 2727 (1982). Here, it is clear that the Delaware County Sheriff's Department employees should be afforded qualified immunity. Pursuant to the facts of the matter, the Sheriffs only served the Eviction Order and the Temporary Protection From Abuse Order pursuant to the Orders of the Delaware County Judges. The eviction proceedings in March, 2002 were instituted by Belinda McBrearty's attorney Kathleen Piperno, Esquire when she sent letters to the Sheriff on March 7 and March

11, 2002. Attached to the March 7, letter was Judge Fitzpatrick's July 2, 2001 Order directing the eviction. The Sheriffs began the eviction proceedings of John McBrearty at 649 Seneca Avenue only after receiving the request, the Order and appropriate fees from Ms. Piperno. (See Sheriff's Service document Exhibit "S"). The Sheriff's Department was simply enforcing a Court Order of Judge Fitzpatrick.

The Sheriff's Department's employees behavior was justified and reasonable. Their conduct did not violate a constitutional right of the Plaintiff and, therefore, the Plaintiff John McBrearty's Complaint must be dismissed with prejudice against the Delaware County Sheriff's Department. Additionally, the Complaint filed by Carl and Nina McBrearty must be dismissed with prejudice as they were not the owners of the property on the date of the Eviction Order nor did they have a lease with Belinda McBrearty. Had John, Carl and/or Nina McBrearty felt that their rights were violated concerning their status to stay in 649 Seneca Avenue, they had the opportunity to bring that to the attention of Judge Dozor during the hearing to make the Temporary PFA Petitions permanent on March 21, 2002. By their own admissions, John and Carl McBrearty did not protest the Stipulation to be evicted pursuant to Judge Fitzpatrick's Order and Nina failed to even attend the hearing. (See deposition testimony of John McBrearty, Exhibit "K", pp. 99, 101, 102, 104-105 and Carl McBrearty, Exhibit "L", pp. 19, 30, 50).

### B.   DELAWARE COUNTY

It is the Defendant's argument that Carl and Nina McBrearty have not produced any evidence by way of discovery, document requests, or questions of Delaware County employees, concerning the alleged denial for the permit for the "peaceful one man demonstration" or the allegations that there was a conspiracy to alter the transcript of the hearing before Judge Dozor on March 21, 2002. Initially, Nina McBrearty has little or no information concerning any aspect

of this case and has been leaving "the litigation up to Dad" and "was not involved in permit process." (See Nina McBrearty's deposition Exhibit "M", pp. 46, 49).

As to Carl McBrearty, he admits that he did not apply for the protest permit and that he has no information that anyone at Delaware County said no to the permit process undertaken by his father John, on March 12 through March 18, 2002. (See Carl McBrearty's deposition, Exhibit "L", pp. 33, 34). Additionally, Carl McBrearty has no information that Delaware County directs what actions are undertaken by the Sheriff's Department of Delaware County nor does he have any information that the Electronic Transcription Department of the Delaware County Court of Common Pleas is run by Delaware County. (See Carl McBrearty's Deposition, Exhibit "L", pp. 52-53).

As to John McBrearty, he admits in his discovery deposition, Exhibit "K", the following:

(a) He never got the opportunity to fill out a protest application at Media Borough (p. 28);
(b) Marianne Grace (Executive Director of Delaware County) said okay to protest but speak with Sam Ziviello (Chief of Delaware County Park Police) (p. 31);
(c) No one ever turned down the protest, they ignored it (between March 12 and March 18 including two days, which the Courthouse is not open: Saturday and Sunday, the 16th and 17th of March) (p. 40);
(d) Admits to calling May, Marianne Grace's Administrative Assistant and advising her to disregard the letter, will not be going forward with the protest, on Monday, March 18, 2002. (p. 41);
(e) No one forced John McBrearty not to go forward with his permit process. (p. 42);
(f) Withdrew the permit on his own and no one said he could not have the permit. (p. 41-42);
(g) He does not believe that Marianne Grace/Delaware County was part of a conspiracy to have him evicted. (p. 78)

It is important to note that the timeline as outlined by John McBrearty concerning his verbal and written request for a "peaceful one man protest" on the Delaware County Courthouse

11

lawn mirrors the timeline as outlined by Marianne Grace, the Executive Director of Delaware County and Sam Ziviello, Chief of the Delaware County Park Police. (See Affidavits of Grace and Ziviello, Exhibits "N" and "O").

The Delaware County Park Police supervised the Delaware County Courthouse security including the front lawn of the Courthouse. It is the duty and responsibility of the Park Police to help Media Borough process all applications for permits to use the grounds surrounding the Courthouse complex on Front Street, Media, Pa. It is also the duty and responsibility of the Park Police to ensure that any applicant for a permit to use the Courthouse grounds for a demonstration, gathering, protest, etc., does not adversely effect the health, safety and welfare of the visitors to the Courthouse as well as employees who work in the Courthouse and who must use the front entrance to enter and exit the building. (See Affidavit of Ziviello, Exhibit "O").

On March 12, 2002, Chief Ziviello discussed the parameters of John McBrearty's proposed protest on the front lawn of the Courthouse with John McBrearty. Upon learning that Plaintiff intended to place twelve easels at the front of the busiest entrance to the Courthouse for a period in excess of six months, Chief Ziviello, on March 14, requested McBrearty to send a letter to Marianne Grace so that she fully understood the parameters of the permit request. March 14 was a Thursday and on Monday, March 18, 2002, the Plaintiff, on his own volition without any pressure from any employees of Delaware County, withdrew his letter to Marianne Grace as well as his verbal/written request to seek a permit for protest. (See Grace and Ziviello Affidavit, Exhibits "N" and "O").

The Plaintiff <u>never</u>, to this date, pursued his permit for a peaceful demonstration. The permit has not been denied, contrary to Plaintiff's boldface assertions. No one has denied Plaintiff's "Freedom of Speech" and in fact, Plaintiff has been advised that should he wish to

pursue his "peaceful one man demonstration" on the front lawn of the Delaware County Courthouse in Media Borough, Ms. Grace, Chief Ziviello and the undersigned the attorney will assist Mr. McBrearty in processing his permit and issue the letter to Media Borough, which is necessary for his permit to be approved.  Delaware County cannot and will not act on demands made in pleadings, especially after the Plaintiff John McBrearty, withdrew the permit application on his own volition.

Plaintiff has made wild allegations concerning a conspiracy without producing any facts or identifying specific individuals to support his claim for a conspiracy and/or violation of 42 U.S.C. §1985(3).

Numerous Circuits have held that conclusory allegations of a conspiracy cannot withstand a Motion for Summary Judgment. In *Osterer vs. Aronwald*, 567 F.2d 551 (2d Cir. 1997), the Second Circuit stated:

> This Court has repeatedly held that a Complaint containing only "conclusory", "vague", or "general allegations" of a conspiracy to deprive a person of constitutional rights will be dismissed.  (*Citations omitted*).  Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct…  In this case, Appellant's unsupported allegations, which fail to specify in detail that factual basis necessary to enable Appellees intelligently to prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive Appellants of their constitutional rights.  567 F.2d at 553.

Plaintiffs have failed to set forth specific grounds supporting their claim for a conspiracy. Their initial Complaint and Amendment to the Complaint was completely lacking in any allegations or reference to the Plaintiff's membership in a class afforded the protection of §1985(3).  Additionally, the Plaintiffs have produced no evidence or elicited testimony at depositions that would overcome conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights.  Specifically, the Plaintiffs' allegations of conspiracy

13

are devoid of any underlying specific factual basis with regard to the Defendants, County of Delaware and for that matter, the Delaware County Sheriff's Department. The requisite level of specificity therefore has not been met by the Plaintiffs and their conspiracy counts should be dismissed.

Plaintiffs also allege malicious prosecution in their Complaint. Once again, the Plaintiffs have failed to establish a successful claim for malicious prosecution. For that claim to exist, the Plaintiffs must show that the Defendants "instituted a proceeding without probable cause, with malice and that the proceedings were terminated in favor of the Plaintiffs." Cosmas vs. Bloomingdale's Broks., Inc., 442 Pa. Super. 476, 491, 660 A.2d 83, 85 (1985). Plaintiffs' allegations in and of themselves establish that the Plaintiffs cannot satisfy elements to maintain the valid cause of action for malicious prosecution. The Plaintiffs have not proven that the Defendant County or the Delaware County Sheriff's Department, instituted proceedings against them. In fact, the proceedings against the McBreartys, John, Carl and Nina, were instituted by Belinda McBrearty, former wife of John and mother of Carl and Nina. Additionally, the Eviction assistance of the Sheriff's Department was requested by Belinda's McBrearty's attorney, Kathleen Piperno, Esquire.

This lawsuit has been filed because of the frustrations of John McBrearty, in his longstanding divorce battle with his wife and her attorneys. He has lost every battle with his wife in the Delaware County Court of Common Pleas concerning the divorce and prior PFA's. This Complaint and Amendment to Complaint is a classic case of lashing out at anyone with "arm's reach." Mr. McBrearty had his day in Court with his wife and Judge Fitzpatrick, after many years and numerous hearings said "enough is enough" and literally "kicked John McBrearty out of 649 Seneca Avenue." John McBrearty is not ready, nor will he ever be ready,

to accept this fact and is attempting to extract his "pound of flesh" from the elected and appointed County employees who were just doing their job in March, 2002.

In summary, the Plaintiffs' vague and ambiguous Complaint and Amendment to Complaint fails to set forth any allegations that would hold the Defendants Delaware County and Delaware County Sheriff's Department legally liable. Additionally, Plaintiffs have produced no evidence, or elicited any testimony or documents to indicate that the Defendants violated any of the rights of the Plaintiffs, John, Carl and Nina McBrearty. Therefore, Defendants, Delaware County and Delaware County Sheriff's Department, request that this Honorable Court enter an Order granting the Motion for Summary Judgment for the Defendants and dismissing the Motion for Summary Judgment filed by Plaintiffs John, Carl and Nina McBrearty.

Respectfully Submitted,

**HOLSTEN & ASSOCIATES**

BY: _____
**THOMAS C. GALLAGHER, ESQUIRE**
**Attorney for Defendants, Delaware**
**County and Delaware County Sheriff's**
**Department**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **John McBrearty** | : | No. 02-4553 |
| **Carl McBrearty and Nina McBrearty** | : | |
| | : | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| **Delaware County Sheriff's Department** | : | |
| **Norwood Borough Police Department** | : | |
| **Delaware County and Media Borough** | : | |

### CERTIFICATE OF SERVICE

I, Thomas C. Gallagher, Esquire, counsel for Defendants, Delaware County Sheriff's Department and Delaware County, only, hereby state that a true and correct copy of the Cross Motion for Summary Judgment of Defendants Delaware County and Delaware County Sheriff's Department has been electronically filed with the Clerk of Court, and sent via first class mail on the date listed below:

John McBrearty
928 Delview Drive
Folcroft, PA 19032


Carl J. DiCampli, Esquire
**Margolis Edelstein**
The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA 19106-3304


Carl McBrearty
928 Delview Drive
Folcroft, PA 19032

Nina McBrearty
316 E. 21st Street
Chester, PA 19013

**Respectfully Submitted,**

**HOLSTEN & ASSOCIATES**

BY: _____
**Thomas C. Gallagher, Esquire**
**Attorney for Defendant, Delaware County Sheriff's Department and Delaware County, ONLY**

Date:_____