**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN MCBREARTY;
CARL MCBREARTY; and
NINA MCBREARTY

    v.                          CIVIL ACTION NO. 02-4553

DELAWARE COUNTY SHERIFFS
DEPARTMENT; NORWOOD BOROUGH
POLICE DEPARTMENT; DELAWARE
COUNTY; and MEDIA BOROUGH

**O R D E R**

    **AND NOW**, this _____ day of _____, 2003, upon consideration of the

Response of Defendant, Norwood Borough Police Department, to Plaintiffs' Motion for

Summary Judgment, it is hereby **ORDERED** and **DECREED** that said Plaintiffs' Motion for

Summary Judgment is **DENIED WITH PREJUDICE**.

                                    **BY THE COURT**:

_____
                                                  **J.**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBREARTY;<br>CARL MCBREARTY; and<br>NINA MCBREARTY | |
| v. | CIVIL ACTION NO. 02-4553 |
| DELAWARE COUNTY SHERIFFS<br>DEPARTMENT; NORWOOD BOROUGH<br>POLICE DEPARTMENT; DELAWARE<br>COUNTY; and MEDIA BOROUGH | |

## RESPONSE OF DEFENDANT,
## NORWOOD BOROUGH POLICE DEPARTMENT,
## TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant, Norwood Borough Police Department, by and through its counsel, Margolis Edelstein, hereby responds to the Plaintiffs' Motion for Summary Judgment, and, in support thereof, respectfully avers as follows:

1.    Denied. None all of the Plaintiffs have alleged that they were "maliciously attacked" by the Defendants or that the Defendants acted like "anarchists." *See* Plaintiffs' Complaint attached to Defendant's Motion for Summary Judgment as Exhibit "A" and Amendment to Complaint attached to Defendant's Motion for Summary Judgment as Exhibit and "B." The Plaintiffs' Amendment to Complaint and Complaint, it is believed, allege harassment, due process violations, privacy violations, entrapment, secret proceedings without a Court stenographer, Freedom of Speech violations, malicious prosecution, etc. *See* Exhibits "A" and "B," attached to Defendant's Motion for Summary Judgment.

2.    Denied. No evidence or facts presented during discovery supports any of the Plaintiffs' allegations. By way of further response, the allegations contained in this paragraph are conclusions of law to which the Rules of Civil Procedure require no responsive pleadings, are therefore

denied, and strict proof thereof is demanded at the time of trial in this case. Moreover, after reasonable investigation, Responding Defendant, Norwood Borough Police Department, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, the Responding Defendant denies the allegations and demands strict proof thereof at trial of this case if relevant.

     a.    Denied. It is denied that all the Plaintiffs were seeking a permit for a peaceful protect as John McBrearty was the only person pursuing said permit. It is further denied that Norwood Borough Police Department participated in any action or inaction pertaining to the permit process and/or denial or granting of said permit. Furthermore, the eviction was ordered in July 2001 and it was finally initiated by Belinda McBrearty, at her request, through her attorneys.

     b.    Denied. Norwood Borough Police Department did not participate in the serving of the PFA or eviction notice. *See* Affidavit of Norwood Borough Police Officer William Manning, II (August 26, 2003), attached to Defendant's Motion for Summary Judgment as Exhibit "C." Furthermore, Norwood Borough Police Department was not involved in any aspect of the Plaintiff John McBrearty's divorce action.

     c.    Denied. The allegations contained in this paragraph are conclusions of law to which the Rules of Civil Procedure require no responsive pleadings, are therefore denied, and strict proof thereof is demanded at the time of trial in this case. Additionally, after reasonable investigation, Responding Defendant, Norwood Borough Police Department, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, the Responding Defendant denies the allegations and demands strict proof thereof at trial of this case if relevant.

      d.     Denied.  Belinda McBrearty was the only person to exclude Nina from the premises.  Norwood Borough Police Department actually helped Nina get in the residence so Nina could obtain some personal belongings.  As for Carl and John, Norwood Borough Police Department did not participate in the PFAs or serving of the eviction notice.  *See* Affidavit of Norwood Borough Police Officer William Manning, II (August 26, 2003), attached to Defendant's Motion for Summary Judgment as Exhibit "C."  There is no evidence that the PFAs were instigated by anyone other than Belinda McBrearty.

      e.     Denied.  The testimony of Belinda McBrearty establishes that she hired the locksmith and who actually handed her the keys is irrelevant and non-actionable.

      f.     Denied.  After reasonable investigation, Responding Defendant, Norwood Borough Police Department, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, the Responding Defendant denies the allegations and demands strict proof thereof at trial of this case if relevant.  By way of further response, the allegations contained in this paragraph are conclusions of law to which the Rules of Civil Procedure require no responsive pleadings, are therefore denied, and strict proof thereof is demanded at the time of trial in this case.

      g.     Denied.  After reasonable investigation, Responding Defendant, Norwood Borough Police Department, is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and, therefore, the Responding Defendant denies the allegations and demands strict proof thereof at trial of this case if relevant.  By way of further response, the allegations contained in this paragraph are conclusions of law to which the Rules of Civil Procedure require no responsive pleadings, are therefore denied, and strict proof thereof is demanded at the time of trial in this case.

3.    Denied.  Plaintiffs have failed to produce any evidence to support their claims.  Furthermore, there is no evidence of the performance of any wrongdoing by Norwood Borough Police Department.  By way of further response, the allegations contained in this paragraph are conclusions of law to which the Rules of Civil Procedure require no responsive pleadings, are therefore denied, and strict proof thereof is demanded at the time of trial in this case.

4.    Denied.  The evidence produced during discovery reveals that the Plaintiffs' allegations are baseless, fruitless and non-actionable.

**WHEREFORE**, Responding Defendant, Norwood Borough Police Department, demands judgment in its favor and against the Plaintiffs with interest, costs, attorneys' fees, and any other relief which this Honorable Court may deem just and appropriate.

Respectfully submitted,

MARGOLIS EDELSTEIN

By:_____
    Carl J. DiCampli, Esquire
    Christopher J. Pakuris, Esquire
    Attorneys for Defendant,
    Norwood Borough Police Department

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN MCBREARTY;<br>CARL MCBREARTY; and<br>NINA MCBREARTY | |
| v. | CIVIL ACTION NO. 02-4553 |
| DELAWARE COUNTY SHERIFFS<br>DEPARTMENT; NORWOOD BOROUGH<br>POLICE DEPARTMENT; DELAWARE<br>COUNTY; and MEDIA BOROUGH | |

**MEMORANDUM OF LAW OF DEFENDANT,**
**NORWOOD BOROUGH POLICE DEPARTMENT, IN SUPPORT OF**
**ITS RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**I.    FACTS**

The Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, filed an action in this Court against Defendants, Delaware County Sheriff's Department, Delaware County and Norwood Borough Police Department. *See* Plaintiffs' Complaint, attached to Defendant's Motion for Summary Judgment as Exhibit "A." The Plaintiffs then filed an Amendment to Complaint. *See* Plaintiffs' Amendment to Complaint, attached to Defendant's Motion for Summary Judgment as Exhibit "B."

The Plaintiffs' Complaint and Amended Complaint arise out of series of events surrounding a divorce action between Plaintiff John McBrearty and Belinda McBrearty. In their Complaints, they allege a time line of events starting on March 5, 2002, and going through March 21, 2002, where the Plaintiff John McBrearty goes into specific detail on his efforts to obtain a permit for a peaceful one-person protest. *See* Exhibit "Y," Plaintiff John McBrearty's documentation detailing his efforts to obtain a permit for one-person protest, attached to Defendant's Motion for Summary Judgment.

It is believed that the Plaintiffs' Amendment to Complaint and Complaint allege harassment, due process violations, privacy violations, entrapment, secret proceedings without a Court stenographer, Freedom of Speech violations, malicious prosecution, etc. *See* Exhibits "A" and "B," attached to Defendant's Motion for Summary Judgment.

It all begins on August 28, 2000, when Judge Fitzpatrick entered a Court Order as a result of a divorce hearing between Belinda McBrearty and John McBrearty that:  Belinda is to receive 55% of the marital estate  consisting of 649 Seneca Avenue, Norwood, Pennsylvania, and of John's 401(k) plan; John is to receive 45% of the marital estate, is to be credited for sums taken out against his 401(k) plan; 649 Seneca Avenue is to be immediately listed for sale; pending sale of the residence, John is to remain responsible for payment of all expenses including taxes and mortgage since he is in possession; etc.  *See* Judge Fitzpatrick's August 28, 2000 Order, attached to Defendant's Motion for Summary Judgment as Exhibit "F."

Two appeals were filed, one was undated and the second was dated October 6, 2000, by John McBrearty; however, they were denied.  *See* deposition testimony of John McBrearty at pp. 25-26, attached to Defendant's Motion for Summary Judgment as Exhibit "G"; appeal dated October 6, 2000, attached to Defendant's Motion for Summary Judgment as Exhibit "H"; undated appeal, attached to Defendant's Motion for Summary Judgment as Exhibit "I"; and denial of Superior Court Appeal dated November 17, 2000, attached to Defendant's Motion for Summary Judgment as Exhibit "J."

On July 2, 2001, Judge Fitzpatrick entered an Order finding John McBrearty in contempt of the August 28, 2000 Order and an April 16, 2001 Order.  Judge Fitzpatrick then ordered that "John McBrearty is hereby evicted from the premises known as 649 Seneca Avenue . . . is not to return to same for any reason.  If necessary, Defendant [John] is to be forcibly removed from said premises

–2–

by the Sheriff of Delaware County." The Order also mandates that the house is immediately transferred to Belinda McBrearty and awarded her attorney's fees. *See* Judge Fitzpatrick's Order dated July 2, 2001, attached to Defendant's Motion for Summary Judgment as Exhibit "K."

On July 5, 2001, Michael Raffaele, attorney for Belinda, sent a letter to John McBrearty advising John that he had been evicted from the premises and that he should leave the premises. *See* letter dated July 5, 2001 addressed to John McBrearty, attached to Defendant's Motion for Summary Judgment as Exhibit "L."

On July 10, 2001, John McBrearty filed an appeal of Judge Fitzpatrick's July 2, 2001 Order, which was denied. *See* Notice of Appeal, attached to Defendant's Motion for Summary Judgment as Exhibit "M"; and deposition testimony of John McBrearty, attached to Defendant's Motion for Summary Judgment as Exhibit "G."

On July 19, 2001, the property at 649 Seneca Avenue was transferred from John and Belinda McBrearty to Belinda McBrearty. *See* Indenture dated July 19, 2001, attached to Defendant's Motion for Summary Judgment as Exhibit "N." On the same date, presumably to get back at Belinda, John filed a Criminal Complaint against Belinda McBrearty accusing her of forging his name to transfer the property. Said Complaint was disapproved in December 2001, because of Judge Fitzpatrick's Order granting power of attorney to Belinda. *See* Criminal Complaint dated July 19, 2001, attached to Defendant's Motion for Summary Judgment as Exhibit "O."

On March 7, 2002, Kathleen Piperno, Esquire, attorney for Belinda McBrearty, sent a letter to the Delaware County Sheriff enclosing the Judge Fitzpatrick's July 2, 2001 Eviction Order and a check for $250. The letter requests that Plaintiff, John McBrearty, be evicted from the premises at 649 Seneca Avenue. *See* letter dated March 7, 2002, from Kathleen Piperno, Esquire, to the Sheriff of Delaware County, attached to Defendant's Motion for Summary Judgment as Exhibit "P."

–3–

On March 11, 2002, Kathleen Piperno, Esquire, sent another letter to the Delaware County Sheriff advising that John McBrearty is present in the evening at the residence around 6:00 p.m. *See* letter dated March 11, 2002, from Kathleen Piperno, Esquire, to the Sheriff of Delaware County, attached to Defendant's Motion for Summary Judgment as Exhibit "Q."

On March 13, 2002, a Petition for Protection from Abuse was filed by Belinda McBrearty. The Petition indicates that Plaintiff's address is 1408 Blackrock Road, Swarthmore, Pennsylvania 19081, and 649 Seneca Avenue, Norwood, Pennsylvania 19086. On the application, Belinda states that on March 7, 2002, at approximately 8:00 p.m., John McBrearty threatened repeatedly to kill her and to blow up the house if she ever had him evicted. She indicates that she has been through years of abuse, physical and mental. She has required medical treatment in the past and is very fearful for her life now. She states that John McBrearty owned an AK47, a handgun, a rifle and material to make explosives. She also writes that John has threatened to kill her, physically has thrown her out of the house in the past and has injured her. He has also pointed a gun at her. The application for a Protection from Abuse Order was dated March 13, 2002. Before signing the Petition for Protection from Abuse, there is verification which acknowledges that the facts and statements contained in the Petition of Protection from Abuse are true and correct to the best of Belinda's knowledge. She also understood that any false statements are subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities. *See* Petition for Protection of Abuse Application filed by Belinda McBrearty dated March 13, 2002, attached to Defendant's Motion for Summary Judgment as Exhibit "R."

On the same date as it was filed, Judge Ann Osborne entered a Temporary Protection from Abuse Order against John McBrearty and Carl McBrearty. The names of all protected persons, including Plaintiff and minor children/child, are Shirley and Jay Wonderly, Eric McBrearty and Nina

McBrearty.  This Order mandates that John and Carl are evicted and excluded from the residence at 649 Seneca Avenue, Norwood, Pennsylvania, and 1408 Blackrock Road, Swarthmore, Pennsylvania.  On the Order, there is a Notice to Law Enforcement Officials indicating that this Order shall be enforced by the Police who have jurisdiction over the Plaintiff's residence or any location where a violation of this Order occurs or where John and Carl may be located.  *See* Temporary Protection from Abuse Order, attached to Defendant's Motion for Summary Judgment as Exhibit "S."

Carl McBrearty has filed suit against the Norwood Borough Police Department alleging that they lied about how many officers were at the eviction; took total disregard for the public safety by noticing that there was a bomb complaint after September 11 and there was no bomb dog or evacuation; they knew the PFA was false; and they changed the locks on the residence.  *See* deposition testimony of Carl McBrearty at pp. 58-59, attached to Defendant's Motion for Summary Judgment as Exhibit "BB."

Carl's only participation in this lawsuit was the signing of the initial Complaint (he did not sign the Amendment to Complaint), preparing Answers to Norwood's Interrogatories, appearing for a deposition and appearing for Belinda McBrearty's deposition.  Plaintiff Carl McBrearty did not conduct any discovery beyond the aforementioned, did not question any witnesses, did not provide any documents, did not request any documents, did not question any police officers, did not attend the Rule 16 conference, etc.

Carl testified at his deposition that he did not own the property.  *See* deposition testimony of Carl McBrearty at p. 20, attached to Defendant's Motion for Summary Judgment as Exhibit "BB." He was aware of the July 2, 2001 Order signed by Judge Fitzpatrick that evicted all of the residents at the 649 Seneca residence.  *See* deposition testimony of Carl McBrearty at p. 26, attached to Defendant's Motion for Summary Judgment as Exhibit "BB."  However, he stayed in the residence

–5–

"Because possession is nine-tenths of the law. If you pay the bills, pay the taxes, they can't legally evict you. It takes a lot of years before that comes to fruit." *See* deposition testimony of Carl McBrearty at p. 27, attached to Defendant's Motion for Summary Judgment as Exhibit "BB."

Carl stated that he did not have a lease to stay at the premises, did not rent the premises and nobody told him that he had a right to live there. *See* deposition testimony of Carl McBrearty at pp. 28, 34, attached to Defendant's Motion for Summary Judgment as Exhibit "BB."

As for the lies alleged in the PFAs against him, Carl never confronted his mother about those lies, objected to those lies or even speak to his mother over those lies. *See* deposition testimony of Carl McBrearty at pp. 74-75, attached to Defendant's Motion for Summary Judgment as Exhibit "BB."

As for evidence, "I [Carl] have no evidence that she was coerced, but I know that she would never write anything about bomb threats on her own. From my knowledge – my knowledge is she was called at her place of work to come to the Norwood Police Station or come to the courthouse to fill out paperwork to get us evicted." *See* deposition testimony of Carl McBrearty at p. 42, attached to Defendant's Motion for Summary Judgment as Exhibit "BB." His knowledge comes from Belinda telling him that. He does not know who called Belinda. Finally, when asked what information he had that Belinda was coerced to fill out the PFAs, Carl responded, "None." *See* deposition testimony of Carl McBrearty at p. 44, attached to Defendant's Motion for Summary Judgment as Exhibit "BB."

Carl has never had any conversations with Norwood Borough Police Officers. *See* deposition testimony of Carl McBrearty at p. 65, attached to Defendant's Motion for Summary Judgment as Exhibit "BB." And, Carl has no information that the Sheriffs were not executing an Eviction Order

on March 13, 2002. *See* deposition testimony of Carl McBrearty at p. 51, attached to Defendant's Motion for Summary Judgment as Exhibit "BB."

Carl alleged in his Complaint that he spent $2,000 in moving expenses as a result of this wrongful eviction, but he admitted that he has no evidence that he spent $2,000. *See* deposition testimony of Carl McBrearty at p. 51, attached to Defendant's Motion for Summary Judgment as Exhibit "BB."

Nina McBrearty has filed suit against the Norwood Borough Police Department alleging, in her only cause of action, that she was evicted from the 649 Seneca Avenue address with no paperwork and access to her belongings was provided to Belinda McBrearty, Nina's mother. *See* Exhibits "A" and "B," to Defendant's Motion for Summary Judgment.

Plaintiff Nina McBrearty arrived at 649 Seneca Avenue at approximately 7:30-8:00 p.m., after the eviction had already occurred. *See* deposition testimony of Nina McBrearty at p. 26, attached to Defendant's Motion for Summary Judgment as Exhibit "D." Belinda McBrearty opened the door to the premises and told Nina that she was not allowed in. *See* deposition testimony of Nina McBrearty at p. 26, attached to Defendant's Motion for Summary Judgment as Exhibit "D"; and deposition testimony of Belinda McBrearty at pp. 41-51, attached to Defendant's Motion for Summary Judgment as Exhibit "E." Nina testified that the Norwood Borough Police Department did not stop her from entering the house. *See* deposition testimony of Nina McBrearty at p. 32, attached to Defendant's Motion for Summary Judgment as Exhibit "D."

Nina McBrearty testified that she was not permitted into the residence at 649 Seneca Avenue on March 13, 2002, or thereafter, because her mother, Belinda McBrearty, the owner of 649 Seneca Avenue, told Nina that she could not come into the house. *See* deposition testimony of Nina McBrearty at pp. 23, 26, 27, 30, 32, 35, 37, attached to Defendant's Motion for Summary Judgment

as Exhibit "D"; and deposition testimony of Belinda McBrearty at pp. 41-50, attached to Defendant's Motion for Summary Judgment as Exhibit "E."

Nina called the Norwood Police department, **who arrived and permitted Nina access to the residence after Belinda objected.** *See* deposition testimony of Nina McBrearty at p. 27, attached to Defendant's Motion for Summary Judgment as Exhibit "D." "They let me walk in for about three minutes, grab as much clothing and belongings that I could, and I was told to leave the premises." Id.

Nina McBrearty even knew that it was her mother's fault that she was prohibited from the residence. Nina stated during her deposition that, "I guess we were just talking about how we got evicted and it was her [Belinda's] fault." *See* deposition testimony of Nina McBrearty at p. 11, attached to Defendant's Motion for Summary Judgment as Exhibit "D." Nina even knew of Judge Fitzpatrick's July 2, 2001 Order that evicted John McBrearty and ordered the house to be sold. *See* deposition testimony of Nina McBrearty at p. 14, attached to Defendant's Motion for Summary Judgment as Exhibit "D." She knew that the Order could be enforced at any time. *See* deposition testimony of Nina McBrearty at p. 18, attached to Defendant's Motion for Summary Judgment as Exhibit "D."

Furthermore, Nina acknowledged that she did not maintain a lease to rent the property and there was no paperwork that permitted her to stay on the property. *See* deposition testimony of Nina McBrearty at p. 22, attached to Defendant's Motion for Summary Judgment as Exhibit "D."

Before the eviction occurred on March 13, 2002, Norwood Borough Police Officer Charles Cardell, Jr., received a telephone call from Griffin of the Delaware County Sheriff's Office, who requested that a Norwood Officer attend the eviction for security purposes. Officer Cardell advised the Delaware County Sheriff's Officer to call back before the eviction was to occur and an Officer

–8–

would provide assistance. *See* Affidavit of Officer Charles Cardell, Jr., attached to Defendant's Motion for Summary Judgment as Exhibit "AA."

On March 13, 2002, John and Carl McBrearty were evicted from the premises in accordance with the Eviction Order and the PFA Order. *See* Affidavit of Norwood Borough Police Officer William Manning, II, (August 26, 2003) at ¶ 8, attached to Defendant's Motion for Summary Judgment as Exhibit "C," and Sheriff's Department Process Receipt, attached to Defendant's Motion for Summary Judgment as Exhibit "T." Officer Manning was present, but only for security purposes. *See* Affidavit of Officer Charles Cardell, Jr., attached to Defendant's Motion for Summary Judgment as Exhibit "C."

Possession of the premises was given to the property owner, Belinda McBrearty. *See* deposition testimony of Nina McBrearty (July 31, 2003) at p. 26, attached to Defendant's Motion for Summary Judgment as Exhibit "D," and deposition testimony of Belinda McBrearty at pp. 14 (given keys to house), 25-26 (property transferred into her name on July 19, 2001), attached to Defendant's Motion for Summary Judgment as Exhibit "E."

The Sheriff's Department of Delaware County Sheriff Service, Process Receipt and Affidavit of Return dated March 13, 2002, indicates that John McBrearty and Carl McBrearty were personally served with the Order for Eviction. It indicates that the eviction took place at 6:30 p.m. and the premises was turned over to Belinda McBrearty at 7:40 p.m. The "Originator" is listed as Michael Raffaele, Esquire, and Kathleen Piperno, Esquire, and signed by Kathleen Piperno, Esquire. *See* Sheriff's Department Process Receipt, attached to Defendant's Motion for Summary Judgment as Exhibit "T."

The Sheriffs Department's Weapon Receipt dated March 13, 2002, indicates that six guns, various pocket knives, and a half box of ammunition were confiscated from 649 Seneca Avenue

–9–

during the eviction. *See* Sheriff of Delaware County's Weapon Receipt, attached to Defendant's Motion for Summary Judgment as Exhibit "U."

On March 17, 2002, John McBrearty filed a Petition with the Court to "Halt Sale of Marital residence Pursuant to the Constitution of the United States," which is presumed to have been denied since the house was sold. *See* the aforementioned, attached to Defendant's Motion for Summary Judgment as Exhibit "V."

On March 21, 2002, after the eviction occurred, a hearing was held in front of the Honorable Judge Barry Dozor. Belinda, John and Carl were all present. The transcript indicates that Belinda and John have been involved in divorce proceedings since October 25, 1996 *See* Transcript of Proceedings before the Honorable Judge Barry Dozor dated March 21, 2002, at p. 4, attached to Defendant's Motion for Summary Judgment as Exhibit "W." During this hearing, John and Carl McBrearty both agreed to leave the premises. They were permitted unfettered access to the residence until March 25, 2002, at 12:00 p.m. *See* Exhibit "W" at pp. 19-22. Neither of them stood up and protested that they were evicted illegally or that the Eviction Order or PFA was based on false information. *See* deposition testimony of John McBrearty at pp. 99-100, 102-105, attached to Defendant's Motion for Summary Judgment as Exhibit "G" and deposition testimony of Carl McBrearty at pp. 12-14, 21, attached to Defendant's Motion for Summary Judgment as Exhibit "BB." A Final Order of the Court dated March 21, 2003, was entered into by Judge Barry Dozor which is attached to Defendant's Motion for Summary Judgment as Exhibit "X."

During the March 21, 2003 hearing the Judge and attorneys went into chambers to discuss this matter. Plaintiffs John and Carl allege that their rights were violated as a result of secret proceedings. *See* Exhibits "A" and "B" However, the stipulation reached between the parties was read

in open court and agreed to by the McBreartys. *See* transcript of March 21, 2003 hearing, attached to Defendant's Motion for Summary Judgment as Exhibit "W."

John McBrearty has filed suit against the Norwood Borough Police Department alleging that they denied him access to his belonging by giving the keys to the premises to Belinda McBrearty, and also that they evicted him from the premises on March 13, 2002, while enforcing the Eviction Order signed by Judge Fitzpatrick. *See* deposition testimony of John McBrearty at p. 152, attached to Defendant's Motion for Summary Judgment as Exhibit "G."

> Q. There's no other allegations against Norwood Borough Police Department?
>
> A. No. There is more allegations. They violated our right to peacefully exist in our home. They came.
>
> Q. That's part of the eviction?
>
> A. Yes.
>
> Q. But there's no other allegations? They didn't violate your freedom of speech?
>
> A. No, they were not involved in that.

*See* deposition testimony of John McBrearty at pp. 152-153, attached to Defendant's Motion for Summary Judgment as Exhibit "G."

John McBrearty testified that Norwood Borough Police Department did not force Belinda McBrearty to fill out the Protection from Abuse Application, did not have anything to do with the Protection from Abuse Application and did not have anything to do with his application for a protest. *See* deposition testimony of John McBrearty at pp. 134-135, attached to Defendant's Motion for Summary Judgment as Exhibit "G."

He asserts that he was "violated" when the police gave Belinda the keys to the house containing his personal belongings. *See* deposition testimony of John McBrearty at pp. 128, 132, attached

to Defendant's Motion for Summary Judgment as Exhibit "G." However, he knew that there was an Eviction Order against him to leave the premises and testified that he only needed the keys to give to Nina. *See* deposition testimony of John McBrearty at pp. 133-134, attached to Defendant's Motion for Summary Judgment as Exhibit "G." He also testified that on March 13, 2002, the date of the eviction, Belinda McBrearty was the owner of the premises at 649 Seneca Avenue. *See* deposition testimony of John McBrearty at pp. 107-108, 110, attached to Defendant's Motion for Summary Judgment as Exhibit "G."

John further testified that he received a copy of Judge Fitzpatrick's July 2, 2001 Eviction Order and knew that he was going to be evicted from the house. *See* deposition testimony of John McBrearty at pp. 25, 50, 52, attached to Defendant's Motion for Summary Judgment as Exhibit "G." He knew he had to leave the premises because he went to the Federal Government and told them: "Look, they are coming with guns to throw me out of my house and I need a soldier." *See* deposition testimony of John McBrearty at p. 51, attached to Defendant's Motion for Summary Judgment as Exhibit "G." He wanted a soldier ". . . who can point a gun back at a sheriff . . .." *See* deposition testimony of John McBrearty at pp. 52-53, attached to Defendant's Motion for Summary Judgment as Exhibit "G."

Norwood Borough Police Officer William Manning, II, was the only Norwood Police Officer present when the Delaware County Sheriffs served the Eviction Notice and Protection from Abuse Order. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶ 7, attached to Defendant's Motion for Summary Judgment as Exhibit "C." He did not serve the Eviction Notice and/or the Protection from Abuse Order at 649 Seneca Avenue, but was present only to provide protection to the Delaware County Sheriffs who were present. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 4-8, attached to Defendant's Motion for Summary Judg-

ment as Exhibit "C." He also did not believe that the Eviction Notice or Protection from Abuse Order contained any false information or ever became aware that they contained false information. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 9, 14-15, attached to Defendant's Motion for Summary Judgment as Exhibit "C." Furthermore, Officer Manning believed that his actions were justified by the law, he followed proper police procedures, and did not violate any rights of the Plaintiffs. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 11-13, attached to Defendant's Motion for Summary Judgment as Exhibit "C." A copy of all Police Incident Reports regarding 649 Seneca Avenue is attached to Defendant's Motion for Summary Judgment as Exhibit "Z." Of noteworthiness is the fact that Nina McBrearty called the Norwood Police Department on March 13, 2002, and stated that he mother's life is in danger from Carl McBrearty.

Belinda McBrearty testified that she was called by her attorney's office, Mike Raffaele's office, on March 13, 2002, to go to the Media Courthouse to file out a PFA. She met Kathy, an attorney from Mike Raffaele's office, and they walked over together. *See* deposition testimony of Belinda McBrearty at pp. 10-11, 35, attached to Defendant's Motion for Summary Judgment as Exhibit "E." She did not fill out a PFA against Nina because Nina has never threatened to kill her. *See* deposition testimony of Belinda McBrearty at p. 35, attached to Defendant's Motion for Summary Judgment as Exhibit "E."

Lastly, she testified that nobody forced her to put down the information that was in the PFA. And, she wanted the PFA to still be an Order because she was worried that John and Carl would come after her and hurt her. *See* deposition testimony of Belinda McBrearty at p. 36, attached to Defendant's Motion for Summary Judgment as Exhibit "E."

–13–

## II.    **LEGAL ARGUMENT**

According to the Pennsylvania Rules of Civil Procedure, after the relevant pleadings are closed, but within such time as to not unreasonably delay trial, any party may move for summary judgment, in whole or in part, as a matter of law:

> (1)    whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2)    if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa. R.C.P. 1035.2.

Summary judgment is proper if the submitting party can demonstrate that there is no genuine issue of material fact and that such party is entitled to judgment as a matter of law. Carns v. Yingling, 594 A.2d 337, 339 (Pa. Super. 1991). The entry of summary judgment is proper where a plaintiff fails to plead facts sufficient to sustain the cause of action, or fails in its response, by affidavit or otherwise, to set forth facts showing that there is a genuine issue for trial. Taylor v. Tukanowicz, 435 A.2d 181, 184 (Pa. Super. 1981).

In deciding to grant a motion for summary judgment, the Court must examine the record in the light most favorable to the non-moving party, and any and all doubts must be resolved against the moving party. Hayward v. Medical Center of Beaver County, 608 A.2d 1040, 1042 (Pa. 1992). However, a party seeking to avoid the entry of summary judgment against them may not merely rest on the averments in the pleadings; such party must show that there is a genuine issue for trial once

a properly motion for summary judgment confronts them.  <u>Buckno v. Penn Linen & Uniform Service, Inc.</u>, 631 A.2d 674 (Pa. Super. 1993).

Plaintiff Carl McBrearty's only participation in this lawsuit was the signing of the initial Complaint (he did not sign the Amendment to Complaint), preparing Answers to Norwood's Interrogatories, appearing for a deposition and appearing for Belinda McBrearty's deposition.  Carl McBrearty did not conduct any discovery beyond the aforementioned, did not question any witnesses, did not provide any documents, did not request any documents, did not question any police officers, did not attend the Rule 16 conference, etc.

He has offered absolutely no evidence to support his claims.  *See* deposition testimony of Carl McBrearty at pp. 42, 44, attached to Defendant's Motion for Summary Judgment as Exhibit "BB."  His allegations directed against Norwood Borough Police Department are not warranted by the facts.  First, even if proven, he suffered absolutely no damages as a result of the aforementioned claims and, second, he has no standing to bring these claims.

Nina McBrearty has offered no evidence to support her allegation against Norwood Borough Police Department.  She testified that it was her mother, Belinda, who excluded her from the residence.  *See* deposition testimony of Nina McBrearty at pp. 23, 26, 27, 30, 32, 35, 37, attached to Defendant's Motion for Summary Judgment as Exhibit "D."  She also did not maintain any type of lease agreement or any other document that permitted her access to the residence.  <u>Id</u>. at p. 22.  The only contact Nina had with the Norwood Police Department was when Nina called the Police Department, who arrived and permitted Nina access to the residence after Belinda objected.  <u>Id</u>. at p. 27.

Nina has present no witnesses, offered no evidence, and provided no documents to support her claim. She was not evicted by the Norwood Borough Police Department. She was evicted by her mother.

Norwood Borough Police Officer William Manning, II, was the only Norwood Police Office present when the Delaware County Sheriffs served the Eviction Notice and Protection from Abuse Order. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶ 7, attached to Defendant's Motion for Summary Judgment as Exhibit "C."

He did not serve the Eviction Notice and/or the Protection from Abuse Order at 649 Seneca Avenue, but was present only to provide protection to the Delaware County Sheriffs who were present. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 4-8, attached to Defendant's Motion for Summary Judgment as Exhibit "C." He also did not believe that the Eviction Notice or Protection from Abuse Order contained any false information or ever became aware that they contained false information. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 9, 14-15, attached to Defendant's Motion for Summary Judgment as Exhibit "C." Furthermore, Officer Manning believed that his actions were justified by the law, he followed proper police procedures, and did not violate any rights of the Plaintiffs. *See* Affidavit of Norwood Borough Police Officer William Manning, II, at ¶¶ 11-13, attached to Defendant's Motion for Summary Judgment as Exhibit "C."

There is no evidence that Officer Manning knew the PFA was based on false information and there is no evidence that the PFA was even based on false information. The only evidence that exists is the fact that a PFA and Eviction Order were issued against Plaintiff John McBrearty by a Delaware County Court of Common Pleas Judge and that these Orders were enforced by the Delaware County Sheriffs Office. *See* Exhibit "K," "S" and "T," to Defendant's Motion for Summary Judgment.

Additionally, the letters from Belinda's counsel tendering payment to the Delaware County Sheriffs Officer evidences the fact that Eviction Order was enforced by the Delaware County Sheriffs Office. *See* Exhibit "P" and "Q," attached to Defendant's Motion for Summary Judgment.

Furthermore, and as fully set forth in the facts of this Memorandum of Law, the Norwood Borough Police Department only provided protection to the Delaware County Sheriffs Office while the Delaware County Sheriffs Office served the Eviction Notice and Protection from Abuse Order. *See* Affidavit of Norwood Borough Police Officer William Manning, II, attached to Defendant's Motion for Summary Judgment as Exhibit "C." Notwithstanding that fact, Norwood Borough Police Department's Police Officers should be afforded qualified immunity and this should be imputed to Norwood Borough Police Department. In Forbes v. Township of Lower Merion, 313 F.3d 144, 146 (3d Cir. 2002), the Court outlined qualified immunity stating:

> Qualified immunity insulates from civil liability government officials performing discretionary functions insofar as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 97 L.Ed.2d 523, 107 S. Ct. 3034 (1987). In assessing a claim of qualified immunity, we must review the law relevant to the official's behavior and ask whether the official could have believed that his or her actions were justified by law. *See Good v. Dauphin Cty. Soc. Sercs.*, 891 F.2d 1087, 1094 (3d Cir. 1989). The second part of this inquiry contains two components. To overcome the defense of qualified immunity, (1) the facts, "taken in the light most favorable to the party asserting the injury, [must] show the officer's conduct violated a constitutional right," *Saucier v. Katz*, 533 .S. 194, 201, 150 L.Ed.2d 272, 121 S. Ct. 2151 (2001), and (2) "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640.
>
> Qualifying immunity is defeated if an official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." *Wood v. Strickland*, 420 U.S. 308, 322, 43 L.Ed.2d 214, 95 S. Ct. 992 (1975). The

doctrine aims to exclude "the plainly incompetent" and "those who knowingly violate the law" while accommodating reasonable "mistaken judgments." *Hunter v. Bryant*, 502 U.S. 224, 229, 116 L.Ed.2d 589, 112 S. Ct. 534 (1991) (citation and internal quotation marks omitted). If an official could have reasonable believed that his or her actions were lawful, the official receives immunity even if in fact the actions were not lawful.

Qualified immunity is not a mere defense from liability, it is an entitlement **not to stand trial or face the other burdens of litigation**. Mitchell v. Forsyth, 472 U.S. 511, 526, 86 L.Ed.2d 411, 105 S. Ct. 2806 (1985). It should be decided at the earliest possible stage in litigation. *See* Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L.Ed.2d 396, 102 S. Ct. 2727 (1982).

Here, it is clear that Officer Manning is afforded qualified immunity. Pursuant to the facts of the matter, Officer Manning only provided protection for the Delaware County Sheriffs Officers during the service of the Eviction Order and Protection from Abuse Order. Even if his participation was to be considered more, he was simply enforcing a Court Order. He felt there was probable cause, "facts and circumstances within the officer's knowledge sufficient to warrant a person believing" that the eviction should occur. Beck v. Ohio, 379 U.S. 89, 91, 13 L.Ed.2d 142, 85 S. Ct. 2223 (1964).

Officer Manning's behavior was justified and reasonable. His conduct did not violate a constitutional rights of the Plaintiffs and, therefore, the Plaintiffs' Complaint must be dismissed with prejudice against the Norwood Borough Police Department.

**III.**    **CONCLUSION**

It is clear on the facts of this case that the Plaintiffs, John McBrearty, Carl McBrearty and Nina McBrearty, are unable to sustain any type of cause of action against Norwood Borough Police Department.  As such, this case is ripe for Summary Judgment.

Respectfully submitted,

MARGOLIS EDELSTEIN


By: _____
    Carl J. DiCampli, Esquire
    Christopher J. Pakuris, Esquire

    The Curtis Center, Fourth Floor
    Independence Square West
    Philadelphia, PA  19106-3304
    (215) 922-1100

    Attorneys for Defendant,
    Norwood Borough Police Department

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MCBREARTY;
CARL MCBREARTY; and
NINA MCBREARTY

      v.                                         CIVIL ACTION NO. 02-4553

DELAWARE COUNTY SHERIFFS
DEPARTMENT; NORWOOD BOROUGH
POLICE DEPARTMENT; DELAWARE
COUNTY; and MEDIA BOROUGH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Response of

Defendant, Norwood Borough Police Department, to Plaintiffs' Motion for Summary Judgment, and

accompanying Memorandum of Law, has been served this _____ day of September, 2003, by first-

class United States mail, postage pre-paid, addressed as follows:

John McBrearty                          Carl McBrearty
928 Delview Drive                       928 Delview Drive
Folcroft, PA  19032                     Folcroft, PA  19032
*Pro Se*                                *Pro Se*


Nina McBrearty                          Thomas C. Gallagher, Esquire
316 East 21st Street                    Holsten & Associates
Chester, PA  19013                      One Olive Street
*Pro Se*                                Media, PA  19063
                                        Attorney for Defendants,
                                        Delaware County and
                                        Delaware County Sheriff's Department


_____
Carl J. DiCampli, Esquire