IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DI0STRICT OF PENNSYLVANIA

JOHN McBREARTY          :
CARL McBREARTY          :
NINA McBREARTY          :          CIVIL ACTION NO.  02-4553
                        :
                        :
          vs.           :
                        :
                        :
DELAWARE COUNTY SHERRIFFS DE-  :
PARMENT                 :
NORWOOD BOROUGH POLICE DE-  :
PARTMENT                :
DELAWARE COUNTY         :
                        :
                        :

## ORDER

**AND NOW,** this                    day of                    , 2003, upon

consideration of Plaintiffs, Carl McBrearty's Response, to Norwood Police Departments

Motion For Summary Judgment, it is hereby **ORDERED** and **DECREED** that said De-

fendants  Motion For Summary Judgment is **DENIED.**


**BY THE COURT:**


_____


                                        **J.**

THE McBREARTYS
928 DELVIEW DRIVE
FOLCROFT PENNSYLVANIA 19032
(610) 534-2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN McBREARTY | : | |
| CARL McBREARTY | : | |
| NINA McBREARTY | : | CIVIL ACTION NO. 02-4553 |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| DELAWARE COUNTY SHERRIFFS DE- | : | |
| PARMENT | : | |
| NORWOOD BOROUGH POLICE DE- | : | |
| PARTMENT | : | |
| DELAWARE COUNTY | : | |
| | : | |
| | : | |

**RESPONSE OF PLAINTIFF, CARL MCBREARTY,
TO DEFENDANTS, NORWOOD POLICE DEPARTMENT,
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' hereby responds to Defendants motion for Summary Judgment, and, in support thereof, respectfully avers as follows:

1.    Agreed.

2.    Agreed.

3.    Denied. The Complaint and Amended Complaint arise out of a series of events surrounding the attempted processing of an application for a permit for a peacefull protest on the courthouse front lawn, and a PFA complaint. The divorce action as mentioned was only the protest subject matter, and is irrelevant in the Norwood defense.

4.    Agreed.

5.    Agreed. Giving possession of the Plaintiffs residence to the property

owner did happen and is a due process violation. The owner testified that she was not a resident. *See* Deposition of Belinda (August 19,2003), on p.5-8, attached hereto as Exhibit "A." Belindas complete deposition was filed during discovery.

6.    Agreed, in part, denied in part. Plaintiffs were evicted on 3/13/02. Not agreed is information from affidavit of Police officer William Manning, II. He states, he followed proper police procedure. Proper procedure would have been to serve John and Carl the two PFAs, and leave our premises. Instead, officer Manning, II chose to assist the Sheriff in an eviction where the plaintiff in the PFA was not residing at 649 Seneca Ave. Belinda stated that she specifically was not a resident of 649 Seneca Ave on 3/13/02. *See* Deposition of Belinda (August 19,2003), on p.5-8, attached hereto as Exhibit "A."

7.    Agreed.

8.    Agreed, in part. This spells out a violation. Carl was denied the right to be secure in his house against unreasonable seizures. The Norwood police gave access to Carls possessions to Belinda.

9.    Agreed.

10.    Denied. Carls participation was being a victim by the Defendants malfeasance.

11.    Agreed.

12.    Agreed, in part. Denied in part. Carl has no physical evidence. Carl has knowledge from a conversation with Belinda where she informed him that she was called at work to come to file a PFA.

13.    Agreed. 649 was Carls residence.

14.     Denied. That document does not say evict all residents. Your questioning put words in his mouth.

15.     Agreed.

16.     Denied.  There were two Norwood officers dressed in blue in a group of sheriffs dressed in brown.  They also told a concerned neighbor who entered 649 at eviction hour to leave the premises, to deny the Plaintiffs the opportunity to have a witness present to experience the malicious malfeasance perpetrated against the Plaintiffs.  A different neighbor also had to request that they remove vehicles from his driveway so he could park at his home when he arrived home from work. Taking over the neighborhood, while denying the public protection from a bomb complaint.

17.     Denied.  Eviction notice and/or the Protection from Abuse Order was stated.  *See* officer Manning,II Incident Supplemental Report attached hereto as Exhibit "B", I did assist the Sheriffs department in serving an eviction notice & two PFAs. Requested previously was a copy of this non existent eviction notice. It would be very unreasonable to suggest officer Manning can't count to 3, but the information in these documents presented don't add up to a legitimate defense. There was no eviction notice presented at eviction hour, there was a PFA. The Norwood police were well aware that Belinda did not live at 649. Additional documentation to justify this statement was requested, but was not provided.  *See* Request for Production of Documents to Carl DiCampli as Exhibit "C."

18.     Agreed, presumably, the Plaintiffs are not lawyers.

19.     Agreed, presumably, the Plaintiffs are not lawyers.

20.     Denied.  The Norwood police Dept. did do something wrong.  They

violated Carl, as opposed to protecting his rights. The Defendants actions that were

unbecoming of Americans, and illegal, are attempting to break Carls spirit.

Philosophically, what is Carls equation for life?

Earn money, purchase something with the money, to have some freedom hating, lawless anarchists,

who in this case are the authorities, take it away.  Where is the motivation for working?  Carl is

fighting to be free.

       21.     Denied.  *See* Exhibit "D."

       22.     Denied.

       23.     Denied.

**WHEREFORE**, Plaintiff, Carl McBrearty, respectfully requests that this Honorable Court

enter Summary Judgment in the plaintiffs favor, thereby dismissing all of the defense claims of the

defendants.

Respectfully submitted,

_____
Carl McBrearty

_____
Nina McBrearty

_____
John McBrearty

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOHN MCBREARTY;                          :
CARL MCBREARTY; and                      :
NINA MCBREARTY                           :
                                         :
                                         :
        v.                               :        CIVIL ACTION NO: 02-4553
                                         :
DELAWARE COUNTY SHERIFFS                 :
DEPARTMENT; NORWOOD BOROUGH              :
POLICE DEPARTMENT; DELAWARE              :
COUNTY                                   :

**CERTIFICATE OF SERVICE**

        I, John McBrearty , hereby state that a true and correct copy of plaintiff Carl McBreartys Response to Motion for summary judgment  has been sent via First Class mail to the following:


Carl DiCampli, Esquire           Thomas Gallagher, Esquire        Clerk of Court
Margolis Edelstein               Holsten & Associates             United States District Court
The Curtis Center, 4 th floor    One Olive Street                 601 Market Street
Independence Square West         Media, PA 19063                  Philadelphia, PA 19106-1797
Philadelphia, PA 19106-3304


John & Carl McBrearty            Nina McBrearty
Hand delivered                   Hand delivered
928 Delview Drive                316 E. 21st Street
Folcroft, PA 19032-1706          Chester, PA  19013


October,  2003

                                         _____
                                         John McBrearty

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN McBREARTY                           :
CARL McBREARTY                           :
NINA McBREARTY                           :        CIVIL ACTION NO.  02-4553
                                         :
                                         :
        vs.                              :
                                         :
                                         :
DELAWARE COUNTY SHERRIFFS DE-            :
PARMENT                                  :
NORWOOD BOROUGH POLICE DE-               :
PARTMENT                                 :
DELAWARE COUNTY                          :
                                         :
                                         :

## ORDER

        **AND NOW,** this                    day of                        , 2003, upon

consideration of Plaintiffs, Nina McBrearty's Response, to Norwood Police Departments

Motion For Summary Judgment, it is hereby **ORDERED** and **DECREED** that said De-

fendants  Motion For Summary Judgment is **DENIED.**


                        **BY THE COURT:**

                        _____


                                                              **J.**

THE McBREARTYS
928 DELVIEW DRIVE
FOLCROFT PENNSYLVANIA 19032
(610) 534-2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN McBREARTY             :
CARL McBREARTY             :
NINA McBREARTY             :      CIVIL ACTION NO.  02-4553
                                :
                                :
            vs.              :
                                :
DELAWARE COUNTY SHERRIFFS DE- :
PARMENT                              :
NORWOOD BOROUGH POLICE DE- :
PARTMENT                            :
DELAWARE COUNTY            :
                                :
                                :

**RESPONSE OF PLAINTIFF, NINA MCBREARTY,
TO DEFENDANTS, NORWOOD POLICE DEPARTMENT,
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' hereby responds to Defendants motion for Summary Judgment, and, in support thereof, respectfully avers as follows:

1.      Agreed.

2.      Agreed.

3.      Denied. The Complaint and Amended Complaint arise out of a series of events surrounding the attempted processing of an application for a  permit for a peacefull protest on the courthouse front lawn, and a PFA complaint. The divorce action as mentioned was only the protest subject matter, and is irrelevant in the Norwood defense.

4.      Agreed.

5.      Agreed.

6.      Agreed, in part, denied in part.  Plaintiffs were evicted on 3/13/02.  Not agreed is information from affidavit of Police officer William Manning, II.  He states, he followed proper police procedure.  Proper procedure would have been to serve John and Carl the two PFAs, and leave our premises.  Instead, officer Manning, II chose to assist the Sheriff in an eviction where the plaintiff in the PFA was not  residing at 649 Seneca Ave.  Belinda stated that she specifically was not a resident of 649 Seneca Ave on 3/13/02.  *See* Deposition of Belinda (August 19,2003), on p.5-8, attached hereto as Exhibit "A."  Belindas complete deposition was filed during discovery.

7.      Agreed.  Giving possession of the Plaintiffs residence to the property owner did happen and is a due process violation.  The owner testified that she was not a resident.  *See* Deposition of Belinda (August 19,2003), on p.5-8, attached hereto as Exhibit "A."

8.      Agreed, in part, denied in part.  The authorities arrived at 8 pm and stayed until 8:30.  Nina must have arrived after 8:30 or she would have met Carl and John.

9.      Agreed, in part.

10.      Agreed, in part.

11.      Agreed, in part. Nina was denied possession of her residence and property because the Norwood Police Dept. illegally gave Belinda possession of Ninas belongings.

12.      Denied.  There were two Norwood officers dressed in blue in a group of sheriffs dressed in brown.  They also told a concerned neighbor who entered 649 at eviction hour to leave the premises, to deny the Plaintiffs the opportunity to have a

witness present to experience the malicious malfeasance perpetrated against the

Plaintiffs.  A different neighbor also had to request that they remove vehicles from his

driveway so he could park at his home when he arrived  home from work. Taking over

the neighborhood, while denying the public protection from a bomb complaint.


13.      Denied.  Eviction notice and/or the Protection from Abuse Order was

stated.  *See* Officer ManningII Incident Supplemental Report attached hereto as Exhibit

"B", I did assist the Sheriffs department in serving an eviction notice & two PFAs.

Requested previously was a copy of this non existent eviction notice. It would be very

unreasonable to suggest officer Manning can't count to 3, but the information in these

documents presented don't add up to a legitimate defense. There was no eviction notice

presented at eviction hour, there was a PFA. The Norwood police were well aware that

Belinda did not live at 649. Additional documentation to justify this statement was

requested, but was not provided.  *See* Request for Production of Documents to Carl

DiCampli as Exhibit "C."

14.      Areed, presumably, the Plaintiffs are not lawyers.

15.      Agreed, presumably, the Plaintiffs are not lawyers.

16.      Agreed, in part. This spells out a violation. Nina was denied the right to be

secure in her house against unreasonable seizures. The Norwood police refused to give

John or Carl a key to our residence to provide to Nina, and they neglected to give Nina a

key when they were given a repeat opportunity to do so, when Nina called them for

assistance, after eviction hour, when Nina was denied the ability to live at her residence,

after returning from work.

17.     Denied.  The Norwood police Dept. did do something wrong.  They violated Nina, as opposed to protecting her rights. The Defendants actions that were unbecoming of Americans, and illegal, are attempting to break  Ninas spirit. Philosophically, what is Ninas equation for life?  Earn money, purchase something with the money, to have some lawless anarchists, who in this case are the authorities, take it away.  Where is the motivation for working?  Nina is fighting to be free.

18.     Denied.  *See* Exhibit "D."

19.     Denied.

20.     Denied.  Nina unwillingly  participated in being violated by the Norwood Police department.

21.     Denied.

**WHEREFORE**, Plaintiff, Nina McBrearty, respectfully requests that this Honorable Court enter Summary Judgment in the plaintiffs favor, thereby dismissing all of the defense claims of the defendants.

Respectfully submitted,

_____
Nina McBrearty

_____
Carl McBrearty

_____
John McBrearty

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN MCBREARTY;**<br>**CARL MCBREARTY; and**<br>**NINA MCBREARTY**<br><br>**v.**<br><br>**DELAWARE COUNTY SHERIFFS**<br>**DEPARTMENT; NORWOOD BOROUGH**<br>**POLICE DEPARTMENT; DELAWARE**<br>**COUNTY** | :<br>:<br>:<br>:<br>:<br>:<br>:    **CIVIL ACTION NO: 02-4553**<br>:<br>:<br>:<br>:<br>: |

### CERTIFICATE OF SERVICE

I, John McBrearty , hereby state that a true and correct copy of plaintiff Nina McBreartys Response to Motion for summary judgment  has been sent via First Class mail to the following:

Carl DiCampli, Esquire
Margolis Edelstein
The Curtis Center, 4 th floor
Independence Square West
Philadelphia, PA 19106-3304

Thomas Gallagher, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063

Clerk of Court
United States District Court
601 Market Street
Philadelphia, PA 19106-1797

John & Carl McBrearty
Hand delivered
928 Delview Drive
Folcroft, PA 19032-1706

Nina McBrearty
Hand delivered
316 E. 21st Street
Chester, PA  19013

October,  2003

_John McBrearty_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN McBREARTY                      :
CARL McBREARTY                      :
NINA McBREARTY                      :        CIVIL ACTION NO.  02-4553
                                    :
                                    :
            vs.                     :
                                    :
                                    :
DELAWARE COUNTY SHERRIFFS DE-       :
PARMENT                             :
NORWOOD BOROUGH POLICE DE-          :
PARTMENT                            :
DELAWARE COUNTY                     :
                                    :
                                    :

## ORDER

   **AND NOW,** this                    day of                    , 2003, upon

consideration of Plaintiffs, John McBrearty's Response, to Norwood Police Departments

Motion For Summary Judgment, it is hereby **ORDERED** and **DECREED** that said De-

fendants  Motion For Summary Judgment is **DENIED.**


                         **BY THE COURT:**


                         _____

                                                          **J.**

THE McBREARTYS
928 DELVIEW DRIVE
FOLCROFT PENNSYLVANIA 19032
(610) 534-2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN McBREARTY          :
CARL McBREARTY          :
NINA McBREARTY          :          CIVIL ACTION NO. 02-4553
                        :
                        :
          vs.           :
                        :
                        :
DELAWARE COUNTY SHERRIFFS DE- :
PARMENT                 :
NORWOOD BOROUGH POLICE DE- :
PARTMENT                :
DELAWARE COUNTY         :
                        :
                        :

**RESPONSE OF PLAINTIFF, JOHN MCBREARTY,
TO DEFENDANTS, NORWOOD POLICE DEPARTMENT,
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' hereby responds to Defendants motion for Summary Judgment, and,

in support thereof, respectfully avers as follows:

1.    Agreed.

2.    Agreed.

3.    Denied. The Complaint and Amended Complaint arise out of a series of

events surrounding the attempted processing of an application for a permit for a peace-

full protest on the courthouse front lawn, and a PFA complaint. The divorce action as

mentioned was only the protest subject matter, and is irrelevant in the Norwood defense.

4.      Agreed.

5.      Agreed. Giving possession of the Plaintiffs residence to the property owner did happen and is a due process violation.  The owner testified that she was not a resident. *See* Deposition of Belinda (August 19,2003), on p.5-8, attached hereto as Exhibit "A."  Belindas complete deposition was filed during discovery.

6.      Agreed, in part, denied in part.  Plaintiffs were evicted on 3/13/02.  Not agreed is information from affidavit of Police officer William Manning, II.  He states, he followed proper police procedure.  Proper procedure would have been to serve John and Carl the two PFAs, and leave our premises.  Instead, officer Manning, II chose to assist the Sheriff in an eviction where the plaintiff in the PFA was not  residing at 649 Seneca Ave.  Belinda stated that she specifically was not a resident of 649 Seneca Ave on 3/13/02.  *See* Deposition of Belinda (August 19,2003), on p.5-8, attached hereto as Exhibit "A."

7.      Agreed.

8.      Agreed, in part. This spells out a violation. John was denied the right to be secure in his house against unreasonable seizures. The Norwood police gave access to Johns possessions to Belinda.

9.      Agreed, in part. Denied, in part. The Plaintiffs were presented a PFA at eviction hour, not an eviction notice. An eviction notice was never attached to the front door of 649.

10.     Agreed. You should never resist commands from a person carrying a gun. You should fight nice, civilized, later, in the courtroom.

11.     Agreed.

12.    Agreed.  The Plaintiffs knew they were going to be evicted. The Plaintiffs also mistakenly expected the law to be adhered to with respect to the eviction process.

13.    Denied.  There were two Norwood officers dressed in blue in a group of sheriffs dressed in brown.. They also told a concerned neighbor who entered 649 at eviction hour to leave the premises, to deny the Plaintiffs the opportunity to have a witness present to experience the malicious malfeasance perpetrated against the Plaintiffs.  A different neighbor also had to request that they remove vehicles from his driveway so he could park at his home when he arrived  home from work. Taking over the neighborhood, while denying the neighborhood protection from a bomb complaint.

14.    Denied.  Eviction notice and/or the Protection from Abuse Order was stated.  *See* Officer Manning,II Incident Supplemental Report attached hereto as Exhibit "B", I did assist the Sheriffs department in serving an eviction notice & two PFAs. Requested previously was a copy of this non existent eviction notice. It would be very unreasonable to suggest officer Manning can't count to 3, but the information in these documents presented don't add up to a legitimate defense. There was no eviction notice presented at eviction hour, there was a PFA. The Norwood police were well aware that Belinda did not live at 649. Additional documentation to justify this statement was requested, but was not provided.  *See* Request for Production of Documents to Carl DiCampli attached hereto as Exhibit "C."

15.    Agreed, presumably, the Plaintiffs are not lawyers.

16.    Agreed, presumably, the Plaintiffs are not lawyers.

17.    Denied.  The Norwood police Dept. did do something wrong.  They

violated John, as opposed to protecting his rights. The Defendants actions that were unbecoming of Americans, and illegal, are attempting to break Johns spirit. Philosophically, what is Johns equation for life? Earn money, purchase something with the money, to have some freedom hating, lawless anarchists, who in this case are the authorities, take it away. Where is the motivation for working? John is fighting to be free.

18      Denied.  *See* Exhibit "D."

19.      Denied. Defendants exhibit "Z", incident supplemental report, officer Manning II states the locks were changed & the residence was released to Belinda McBrearty.

20.      Denied. Defendants exhibit "Z" incident supplemental report, officer Manning II states. PFAs were served on John & Carl McBrearty & both were evicted. 21.      Denied.

22.      Denied.

**WHEREFORE**, Plaintiff, John McBrearty, respectfully requests that this Honorable Court enter Summary Judgment in the plaintiffs favor, thereby dismissing all of the defense claims of the defendants.

Respectfully submitted,

_____
John McBrearty

_____
Nina McBrearty

_____
Carl McBrearty

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN MCBREARTY;** <br> **CARL MCBREARTY; and** <br> **NINA MCBREARTY** <br><br> **v.** <br><br> **DELAWARE COUNTY SHERIFFS** <br> **DEPARTMENT; NORWOOD BOROUGH** <br> **POLICE DEPARTMENT; DELAWARE** <br> **COUNTY** | : <br> : <br> : <br> : <br> : <br> :     **CIVIL ACTION NO: 02-4553** <br> : <br> : <br> : <br> : <br> : |

**CERTIFICATE OF SERVICE**

    I, John McBrearty , hereby state that a true and correct copy of plaintiff John McBreartys Response to Motion for summary judgment  has been sent via First Class mail to the following:

Carl DiCampli, Esquire
Margolis Edelstein
The Curtis Center, 4 th floor
Independence Square West
Philadelphia, PA 19106-3304

Thomas Gallagher, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063

Clerk of Court
United States District Court
601 Market Street
Philadelphia, PA 19106-1797

John & Carl McBrearty
Hand delivered
928 Delview Drive
Folcroft, PA 19032-1706

Nina McBrearty
Hand delivered
316 E. 21st Street
Chester, PA  19013

October,  2003

_____
John McBrearty

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN McBREARTY            :
CARL McBREARTY            :
NINA McBREARTY            :        CIVIL ACTION NO.  02-4553
                          :
                          :
          vs.             :
                          :
                          :
DELAWARE COUNTY SHERRIFFS DE-    :
PARMENT                   :
NORWOOD BOROUGH POLICE DE-   :
PARTMENT                  :
DELAWARE COUNTY           :
                          :
                          :

## ORDER

**AND NOW,** this                    day of                    , 2003, upon

consideration of Plaintiffs, John McBrearty, Carl McBrearty, and Nina McBrearty's Re-

sponse, to Delaware County, and the Delaware County Sheriffs Departments Cross Mo-

tion For Summary Judgment, it is hereby **ORDERED** and **DECREED** that said Defen-

dants Cross Motion For Summary Judgment is **DENIED.**


                    **BY THE COURT:**


                    _____

                                                **J.**

THE McBREARTYS
928 DELVIEW DRIVE
FOLCROFT PENNSYLVANIA 19032
(610) 534-2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN McBREARTY          :
CARL McBREARTY          :
NINA McBREARTY          :          CIVIL ACTION NO.  02-4553
                        :
                        :
        vs.             :
                        :
                        :
DELAWARE COUNTY SHERRIFFS DE-  :
PARMENT                 :
NORWOOD BOROUGH POLICE DE-  :
PARTMENT                :
DELAWARE COUNTY         :
                        :
                        :

**RESPONSE OF PLAINTIFFS,
McBREARTY et.al. TO DEFENDANTS
CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' hereby responds to Defendants cross motion for Summary Judgment, and, in support thereof, respectfully avers as follows:

1.    Agreed.

2.    Agreed.

3.    Agreed.

4.    Denied. The Plaintiffs did set forth facts. The Plaintiffs did produce evidence, testimony, and exhibits, that do substantiate their complaint during discovery. *See* Discovery Information attached hereto as Exhibit "D".  Sent to all during discovery.

5.      Agreed, presumably, the Plaintiffs are not lawyers.

6.      Denied. Discovery in this matter revealed a tape in which Mike Raffaele is telling Judge Maureen Fitzpatrick that he was directed by the Sheriff to file a PFA, so they could seize guns. What is to be done when the Sheriffs department tells Raffaele to jump off the Walt Whitman bridge?  Call the coast guard. Everyone is responsible for their actions. Including the Defendants who maliciously, and illegally acted against the Plaintiffs. Follow the Sheriffs.

7.      Agreed, in part.  Denied in part.  The Sheriffs department was requested to assist in an eviction at 649 after the Plaintiffs attempted to process an application to get a permit for a peaceful protest on the court house front lawn. The Sheriffs department never attached an eviction notice on the front, or any other door at 649.

8.      Agreed, in part, denied in part.  The eviction did take place on 3/13/02. The letter, *See* Letter to Sheriffs Department attached hereto as Exhibit "E", it starts out, Pursuant to your instructions. The letter continues on with a payment for a legal eviction, which takes months, or years to complete. The letter also acknowledges that the Sheriffs department instructed that the locks be changed. The sheriffs department instructed a due process violation, maliciously attacking the Plaintiffs.

9.      Agreed, in part, denied in part. The bottle rockets were  not mentioned until Belindas deposition which was on 8/19/03, and it happened so many years ago that we didn't live at 649. Preparing a PFA for a perceived future threat, does not include an eviction from a premises in which the filing plaintiff does not reside. Belinda testified that they needed this PFA. *See* Partial Belinda deposition p.12 exhibit "A". She also said she never received a threatening phone call from John.  *See* P.8 Exhibit "A". There never

was any threatening actions perpetrated by the plaintiffs. It was an attack from the Defendants against the plaintiffs, because they wanted to protest.

The only justification for the Defendants actions, is that they hate freedom. Belinda asked for a PFA because there is no penalties to Belinda for lying on a PFA. Belinda has realized rewards with her fraudulent lawyer for lying at the courthouse. Lying, cheating, and stealing, wins big at the Delaware county courthouse. Raffaele & Puppio have a career of it.

10.    Agreed, in part. Denied in part.

11.    Agreed.

12.    Denied.  At eviction hour the plaintiffs were presented PFAs, not an eviction notice from the previous year. No documentation exists that numerous operable weapons were at 649.

13.    Agreed, in part. Denied, in part. The property was sold. The proceeds were divided amongst Belinda McBrearty, and her lawyer Mike Raffaele. The plaintiffs did not receive a cent.

14.    Agreed, in part. Denied in part. Kathleen Piperno was not present. Mike Puppio represented Belinda.

15.    Denied. The plaintiffs were evicted with PFAs. A year old court order was not presented at eviction hour.

16.    Denied.  Evidence was provided (tape provided during discovery) *See* Exhibit "D", that proves the Sheriffs Department directed Mike Raffaele to violate the plaintiffs due process rights, and our rights to bear arms, and file a PFA. Nowhere on Judge Fitzpatricks order does it say occupants. If the PFAs were not what evicted the

plaintiffs why were the plaintiffs forced to leave on 3/13/02?  We were evicted with

PFAs because we were pursuing a protest permit.

17.     Denied. Delaware County did specifically deny the plaintiffs a protest

permit, by ignoring a request to provide a letter to Jeff Smith, stating that John had a

conversation with Maryann Grace concerning the protest.  All these events occurred on

Delaware County Property.

18.     Agreed in part.  Denied in part.  Inaction with the letter request constitutes

denial.

19.     Denied. On 3/7/02 John McBrearty spoke to Maryann Graces secretary,

and left messages on Maryann Graces answering machine concerning the requested letter.

*See* Request for  Documents to Tom Gallagher attached hereto as Exhibit "G."

20.     This is a typo. John McBrearty did have a conversation with Maryann

Grace concerning our protest desires, in the early morning of 3/12/02. *See* Exhibit "F"

21.     Denied.  John McBrearty did speak with Sam Ziviello. The requested

letter from Maryann Grace was never produced, that inaction constitutes denial.  Instead

the Defendants fabricated a PFA and evicted the plaintiffs.

22.     Denied.  The plaintiffs never requested a protest permit from the Media

Parks Commissioner (Sam Ziviello).

23.     Agreed.  This convenient change in the law is what prompted the

comments about anarchist behavior from the authorities. This is another form of denial.

Not required by law.

24.     Denied. The first contact was on 3/7/02.  *See*  Protest effort call log,

attached hereto as Exhibit "F."

25.    Denied.  There was no allegation of a grand conspiracy.  The individuals involved have shown that they are un American, freedom hating, lawless anarchists. Some of the responses received from lawyers, when we were looking for help were, terrifying. You want me to represent you against the Delaware county machine, click.

26.    Denied.  The sheriff operates on Delaware county property, and Delaware county is responsible for this lawless behavior. If you get hurt in an Acme lot, Acme is responsible.

27.    Denied.  The Electronic Transcription Department operates on Delaware county property, and  Delaware county is responsible for there lawless behavior.


28.    Agreed. *See* Belindas deposition p.13 attached hereto as Exhibit "A".

29.    Denied.  The judge operates on Delaware county property, and Delaware county is responsible for this lawless behavior. The Plaintiffs were violated on Delaware County Property. The Judges statements *See* p.5 from Transcript of proceedings 3/21/02 attached hereto as Exhibit "H" describing his acknowledgement that something was wrong.

30.    Denied.  Evidence was presented. A copy of the inside of a file folder was presented during discovery, which has notes on it about when the messages were left, and to whom, concerning the protest application.  No evidence was provided that Jeff Smith did not contact anyone from the county on 3/5/02.

31.    Denied.  *See*  Letter from Raffaele, Puppio to the sheriff.  Exhibit "E", It doesn't say anything about the occupants of 649.  The word occupants does not appear on that document.  Carl McBreartys name is not on that document.  Nina McBreartys name

is not on that document.

32.    Agreed.

33.    Agreed, in part.  Denied, in part.  Nina and the other plaintiffs were violated when the Sheriffs Department, and the Police Department oversaw the changing of the locks, and refused to provide Nina with a key.  The changing of the locks was instructed by the Sheriffs Department. As explained in Exhibit "E".  The  Defendants illegally gave Belinda the keys to 649, and they illegally commanded that John and Carl leave 649 using a PFA which states right on the form the words plaintiffs residence, knowing that Belinda was not a resident at 649.

34.     Agreed, in part.  Denied, in part.  Nina was effectively evicted at eviction hour, the Defendants refused to provide a key for Nina.

35.    Agreed, in part.  Denied, in part.  Nina knows she was violated. If John was running the litigation why was he told he was not allowed to be present during Ninas deposition.

36.    Agreed, in part.  Denied, in part. The protest permit was a family adventure in freedom. An eviction order was not presented at eviction. A PFA was presented.

37.    Denied. The locks were changed at the Sheriffs Departments instructions, as explained in  Exhibit "E"

38.    Agreed.

39.    Denied. Belindas attorney was Mike Raffaele, He split the proceeds from the sale of 649 with Belinda, not Kathy Piperno. Owning guns is not against the law. There is no justification for the Defendants lawless actions.

40.    Denied.  There is no justification for a PFA on  off the cuff statements in a marital dispute that happened 6 years prior to 3/13/02. Numerous operable weapons were not found at 649.  Ever. There was no gun safe, the guns had critical parts removed.

41.    Denied.  Belinda did not call her lawyer on 3/13/02 in the middle of the afternoon and tell them tales of imagined fear. The Sheriffs Department initiated this violation, listen to the tape that was provided during discovery.  The foolhardy police and Judge followed along.  None of the  Plaintiffs was ever convicted of a violent crime, or any crime. If any of the Plaintiffs had any violent propensities, they would have surfaced before now.

42.    Agreed, in part.  Denied, in part.  Would you, or any reasonable person that you know, feel comfortable with protesting  at the courthouse, about your opinions on how you felt you were violated, in that same courthouse, when you were the victim of multiple civil rights violations, 32 hours after talking to the Park Chief about protesting for 6 months? He was laughing when John told him they were evicted, in the contact on 3/14/02. Stating that you will obey the law tomorrow, has nothing to do with what the Defendants did yesterday, or with there behavior concerning these complaints from the Plaintiffs.  They violated us BIG TIME.

43.     Agreed, presumably, the Plaintiffs are not lawyers.

44.     Agreed, presumably, the Plaintiffs are not lawyers.

45.     Denied.  The Defendants did do something wrong. The discovery information that was provided from all the parties, clearly proves that the Defendants went out of there way to violate the Plaintiffs rights for free speech.  The tactics they used were denial of fundamental rights, that we live by.  Due process violations.  Tampering with evidence, to cover it up.  Denying the Plaintiffs to be secure in their houses against unreasonable seizures.  Privacy violations.  Denial of the right to bear arms.  Pursuing  Un  American, freedom hating, lawless behavior.  The Defendants are wrong.

46.     Denied.

47.     Denied.

48.     Denied.  The Defendants scared the Plaintiffs to force the withdraw.

49.     Denied.

50     Denied.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court deny their Cross Motion for summary Judgment and grant the Plaintiffs Motion for Summary Judgment.


                        Respectfully submitted,



                        _____
                        John McBrearty

                        _____
                        Carl McBrearty

                        _____
                        Nina McBrearty

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN MCBREARTY;**<br>**CARL MCBREARTY; and**<br>**NINA MCBREARTY** | : <br> : <br> : <br> : | |
| **v.** | : <br> : | **CIVIL ACTION NO: 02-4553** |
| **DELAWARE COUNTY SHERIFFS**<br>**DEPARTMENT; NORWOOD BOROUGH**<br>**POLICE DEPARTMENT; DELAWARE**<br>**COUNTY** | : <br> : <br> : <br> : | |

**CERTIFICATE OF SERVICE**

I, John McBrearty , hereby state that a true and correct copy of plaintiffs Response to Cross Motion for summary judgment  has been sent via First Class mail to the following:


Carl DiCampli, Esquire
Margolis Edelstein
The Curtis Center, 4 th floor
Independence Square West
Philadelphia, PA 19106-3304

Thomas Gallagher, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063

Clerk of Court
United States District Court
601 Market Street
Philadelphia, PA 19106-1797


John & Carl McBrearty
Hand delivered
928 Delview Drive
Folcroft, PA 19032-1706

Nina McBrearty
Hand delivered
316 E. 21st Street
Chester, PA  19013


October,  2003

_____
John McBrearty